ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X., EMANUEL ALVES,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>CARRIE STEPHENS, COUNTY OF STANISLAUS, ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA L. HEITLINGER, Does 1-20,<br><br>                              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>Claim 1:      42 U.S.C. §1983 (Invasion of Privacy/Unauthorized Access and/or Inspection)<br>Claim 2:      *Monell*-Related Claim (Invasion of Privacy/Unauthorized Access and/or Inspection)<br><br>**JURY TRIAL DEMANDED** |

1

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

**Jurisdiction and Venue**

1.      This action is brought pursuant to 42 U.S.C. §1983 to seek redress for Defendants' actions taken under color of law. Defendants' conduct deprived Plaintiffs of their fundamental constitutional rights secured to them under the United States Constitution, including the Fourth and Fourteenth Amendments, and rights of Plaintiffs under federal and state law.

2.      Jurisdiction is conferred by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983. Jurisdiction is also conferred by 28 U.S.C. §1331 because the claims for relief derive from the United States Constitution and the laws of the United States.

3.      The acts and omissions complained of herein occurred in the County of Stanislaus, and it is believed that all living parties currently reside in the County of Stanislaus. Venue is proper in the District Court for the Eastern District of California.

4.      Plaintiffs, individually and as to Angelina Nunes on behalf of her minor children D.X. and L.X., and Plaintiff Emanuel Alves, make the following allegations and claims upon personal belief, upon investigations of their counsel, and on information and belief.

5.      Plaintiffs were required to comply with an administrative claim requirement under California law in order to make claims based on violations of state law.  Plaintiffs have complied with all applicable requirements and submitted timely Government Tort Claim Notices pursuant to G.C. 910, et seq., which was received by the County of Stanislaus and has

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

been rejected either in writing, or by operation of law, by the COUNTY and CITY.

**Parties**

6.      At all times relevant to this Complaint, all Plaintiffs were residents of the County of Stanislaus, California.

7.      Defendant COUNTY OF STANISLAUS ("County") is a public entity, and the COMMUNITY SERVICES AGENCY ("CSA") is an agency and subdivision of the County.

8.      Also an agency and subdivision of COUNTY is the Office of County Counsel ("COUNTY COUNSEL"), which represents the CSA in juvenile dependency matters in the jurisdiction of the County.

9.      CARRIE STEPHENS, ("STEPHENS") is an individual residing in the County of Stanislaus, and was a County Counsel in the Office of the COUNTY COUNSEL at all times relevant herein.

10.     Plaintiffs are ignorant of the true names and capacities of such other COUNTY Defendants sued herein as DOES 1 through 10, and for that reason has sued such COUNTY Defendants under such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to identify the COUNTY DOE Defendants when their identities have been ascertained.

11.     Each of the fictitiously named COUNTY Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiffs in that their conduct caused the

3

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

damages and injuries set forth herein.

12.    ARATA, SWINGLE, VAN EGMOND & GOODWIN ("A&S" is a law firm and a Professional Law Corporation located in Modesto, California which is organized and existing pursuant to California law, and is a law firm contracting with Defendant County of Stanislaus to provide legal representation for various matters of civil litigation involving the County, at all times relevant herein.

13.    BRAD SWINGLE ("SWINGLE") is a licensed California attorney and partner in A&S, and a resident of the County of Stanislaus at all times relevant herein.

14.    AMANDA HEITLINGER ("HEITLINGER") is a licensed California attorney and an associate attorney employed by A&S, and a resident of the County of Stanislaus at all times relevant herein.

15.    Plaintiffs are ignorant of the true names and capacities of those A&S partners and/or employees sued herein as DOES 11 through 20, and for that reason has sued such unknown A&S Defendants under such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to identify the A&S DOE Defendants when their identities have been ascertained.

16.    Each of the fictitiously named A&S DOE Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiffs in that their conduct caused the damages and injuries set forth herein.

17.    Whenever this Complaint makes reference to any act of Defendants, such allegations

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, who did or authorized such acts complained of by Plaintiffs while actively engaged in the operation, management, direction or control of the affairs of Defendants (or any of them) and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

18.     Defendants were the knowing agents and/or alter egos of one another. Defendants directed, ratified, and/or approved each other's conduct and that of each other's agents or employees.

19.     Defendant COUNTY and the unknown COUNTY DOE Defendants, and A&S and the unknown A&S Doe Defendants, in addition to those known Defendants identified and named in this Complaint, did knowingly agree and conspire to commit the violations and transgressions of law complained of herein with regard to these Plaintiffs, however, Plaintiffs are informed and believe that these two entity Defendants and both the known and unknown employee Defendants of each, have engaged in the conduct constituting the violations and transgressions of law numerous times as part of a policy, practice, and custom of COUNTY Defendants to ignore and flout the laws of the State of California in the manner complained of herein; untold hundreds or more families in the County of Stanislaus have been subjected to these same violations of their rights of privacy and do not know it for a period of years.

20.     Defendants agreed upon, approved or ratified each other's conduct, or otherwise

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

conspired together to commit all of the acts and/or omissions alleged herein.

**COMMON ALLEGATIONS**

21.    As used herein, the term "federal matter" or "federal case," refers to the currently

pending civil rights matter of *Nunes v. County of Stanislaus*, venued in the Eastern District

Court of California, Case No. 17-CV-00633-DAD-SAB, which case commenced with a

Complaint filed May 5th, 2017.

22.    The *Nunes* matter involved claims of an unlawful violation of the *Nunes* family's 14th

Amendment familial association rights, and the minor children's 4th Amendment right to be

free from unreasonable seizure, which violations the Plaintiffs claim were caused by two (or

more) social workers with the CSA.

23.    As used herein, the term "juvenile matter" refers to the circumstances of a file/matter

being opened with CSA involving parents and children, which matters have associated with

their opening and existence certain "juvenile records" and/or "juvenile case files" regarding

the family members, all of which are confidential, not open for public inspection, and can

contain financial, medical, dental, and mental health information; these files frequently do

contain at least one or more documents within these descriptive categories.

24.    A juvenile matter was opened under the name of the minors Plaintiffs D.X. and L.X.

herein, and documents and information placed in those same files for the matter of the family

of Angelina and Emanuel, consisting but not limited to documents created and gathered by

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

social worker's with COUNTY's CSA, all of which efforts were related in some manner or nature to the separation and/or removal from their parents in July of 2016.

25.    The file for the juvenile matter specifically included medical records of the minor child L.X.

26.    D.X. has a different biological father than L.X. and was not at any time separated or removed from her biological father and he is not a Plaintiff in *Nunes*.  That said, for purposes of ease in reading this Complaint, Plaintiffs will simply refer to "parents" when talking about both minor Plaintiffs, with the understanding of the fact Emanuel is not D.X.'s father.

27.    Before filing the Complaint in *Nunes*, on September 14th, 2016, the COUNTY was sent what is commonly referred to as a "document retention letter" by the Plaintiffs' counsel, which is a formalized notice to COUNTY that it must preserve all evidence, electronic or otherwise, related to the events and circumstances surrounding the allegations of unlawful violation of the Plaintiffs rights as previously described contained in the COUNTY and/or CSA's juvenile records or case files in the possession of CSA.  The letter specifically advised that notice of the letter should be specifically shared with CSA.

28.    The CSA did not open a court case regarding the minor children D.X. and L.X., thus there are no known court filed records or pleadings pertaining to these minor children in the County of Stanislaus Superior Court.

29.    The COUNTY and CSA maintain juvenile records and/or case file(s) for the minors in

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

families who are the subject of juvenile matters, in this case minor Plaintiffs D.X. and L.X.

30.   The agency juvenile records and/or case files are protected and/or confidential under state law, inclusive of the California Constitution. Juvenile Records and/or case files are presumptively protected from review or disclosure to all but a select few specifically described individuals or entities, until a court order authorizes disclosure, whether a State court order pursuant to Cal. Welf. & Inst. Code, §827 and the Cal. Rules of Court 5.552, or by an order of a Federal Judge in the District Court for the 9th Circuit Court of Appeals within which the agency, such as CSA, is located.

31.   Cal. Welf. & Inst. Code, §827, Cal. Rules of Court, Rule 5.552, and federal case law do not authorize any privately retained outside attorney or law firm retained by County for purposes of defending a civil lawsuit such as *Nunes*, to so much as be told about the confidential information contained in the juvenile records or case file, much less be provided a fully unredacted copy.

32.   Plaintiffs' allege on information and belief, that in fact the COUNTY COUNSEL has allowed certain attorneys that are not responsible or assigned to the juvenile dependency cases handled in the County, access to juvenile records or case files, which also is a violation of confidentiality and privacy rights of the family members whose juvenile records or case files are divulged pursuant to W&IC 827.

33.   Despite these prohibitions and due process limitations, what STEPHENS has done in

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

the case of *Nunes* is to provide the entire unredacted juvenile records / juvenile case files of the CSA pertaining to the Nunes family to private outside counsel retained by the County to defend the actions of CSA in separating the *Nunes* children from their parents information and details they were not lawfully entitled to possess, and provided this information/documents without prior knowledge or consent of any Plaintiff in *Nunes*.

34.    STEPHENS has stated defiantly, when advised prior to the commencement of this litigation that providing juvenile case files and records to outside privately retained attorneys was unlawful and not allowed by W&IC 827, "We don't read 827 that way."

35.    Plaintiffs are without knowledge of the involvement of any other County Counsel, but for purposes of these allegations about the unlawful provision of confidential / private information, all references to STEPHENS should be considered to also include Does 1-10, as it seems unlikely STEPHENS acted entirely alone in violating the Plaintiffs rights in the manner aforesaid, and that her actions were not approved or ratified by some other individual in the COUNTY administrative hierarchy.

36.    STEPHENS engaged in this violation without having so much as sought a court order authorizing such access or use in the federal matter by private counsel, much less obtained one, and, she has done it expressly in her own terms because, "[County Counsel] doesn't read [Welf. Inst. Code §] 827 that way," indicating this is a practice of the County that is a driving force behind untold other numerous violations of parents and children's privacy rights.

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

37.    The firm retained by the County for the federal *Nunes* matter was/is A&S, located in Modesto, California.  Their exact date of hire is unknown to Plaintiffs, but they are informed and believe that it was shortly after receipt by the County of the Document Retention Letter mentioned previously, or in the alternative, shortly after that September 14th, 2016 letter, COUNTY COUNSEL or other representatives of the CONTY sought legal advice from A&S, and said attorneys were at that time or shortly thereafter provided the juvenile records / case files pertaining to the *Nunes* family's involvement with CSA starting July 11th, 2016.

38.    The juvenile records / case files involving these children, additionally contained the medical records of L.X. during his admission on July 10th into the Kaiser health care system, through his release on July 12th, 2016 – which the privately retained law firm of A&S, Mr. SWINGLE and Ms. HEITLINGER were also provided by STEPHENS and Does 1-10.

39.    The medical records of L.X. were subject to an additional layer of protection from disclosure pursuant to the Health Insurance Portability and Accountability Act, and Plaintiff L.X. claims a violation thereof by all Defendants herein on the conduct alleged herein.

40.    Thus in providing the juvenile record / case files on the children in the possession of CSA, STEPHENS and Does 1-10 violated the Plaintiffs constitutional rights to privacy, statutory rights to privacy, and as to L.X., his medical privacy rights.

41.    In receiving the juvenile case file, reviewing, inspecting, and utilizing them in the preparation for litigation in Nunes, Defendants A.S., SWINGLE, and HEITLINGER and

10

Does 11-20 violated the Plaintiffs' state and federal constitutional rights to privacy, statutory rights to privacy, and as to L.X., his medical privacy rights.

42.     In the *Nunes* matter, Plaintiffs' counsel properly filed a Welf. & Inst. Code §827 Petition for the juvenile record / case files of each minor, for use in the federal matter, with the juvenile dependency court of the County of Stanislaus on or about December 18, 2017. The matter was set, after a delay attributable to the Clerk of the Court being unaware of any computer based record of an actual "open" (court case) for the children, for hearing on February 20th, 2018.

43.     At the time of the February 20th, 2018 hearing, in a discussion in the Courtroom, but off the record, there came a point in time where Counsel for Plaintiffs in the *Nunes* matter – based on something STEPHENS said – cautioned that the opposing counsel (in the *Nunes* matter) should not be in receipt of any of the juvenile records / case file, for they did not file a Welf. & Inst. Code §827 Petition and thus could not be given any records.

44.     At that time, STEPHENS did not confirm or deny that the privately retained firm of A&S had actually been given records, she only replied that, "Well that's not how 'we' read 827," implying that whoever "we" was, they did not believe there was any prohibition from simply handing over confidential private information from juvenile dependency files to their outside retained counsel.

45.     However, on February 20th, 2018, despite there having been a court order issued in the

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

W&IC 827 Petition case filed by the *Nunes* Plaintiffs that specified the CSA shall produce their records to the Court for the hearing, they did not, and the matter had to be continued.

46.    The juvenile record / case files for the children finally did come in to the office of the *Nunes'* family's counsel around the 1st of April, 2018, but were so clearly improperly and without legal basis redacted, and just generally so heavily redacted, that Plaintiffs' counsel had to file a Motion To Compel production with the Stanislaus County Superior Court seeking production of either an unredacted version of the juvenile records / case files, or at the very least, a far, far less redacted version of the juvenile records / case files for the minors in the possession of CSA.

47.    It was in the time frame prior to the hearing May 17th, 2018, that some phone discussions were held with STEPHENS by the *Nunes* Counsel, as well as some exchanges of e-mails regarding the topic of the upcoming hearing and the production of completely unredacted documents, and it became clear STEPHENS had violated the Plaintiffs rights and was unashamedly, if not arrogantly, more than happy to admit it.

48.    During a May 15th, 2018 phone call between Nunes' family's counsel in *Nunes* and STEPHENS, STEPHENS admitted as set forth here below, in the e-mail sent by the Nunes' family's attorney immediately after the call to memorialize what had been said,

> Ms. Stephens,
> This will confirm in our phone conversation at 12:29 p.m. today wherein you stated you have provided your County's privately retained counsel with a full unredacted version of the documents produced through the 827 process to this office before the 827 process I commenced months ago. You reiterated what you

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

said at the hearing last time I was there, which was that is how your office reads
827; it allows that.
As I understand from your comments, you have "never" had an opposition to
producing the same to us. So, at this point, I need to make clear that we will
certainly now ask that to be what we receive, so if you will confirm that is the
plan – we get exactly what Arata, Swingle et al received – then that should be put
in the protective order. I still will send you a protective order used in our Federal
cases previously, which I think may at least save you some time, I just don't have
the opportunity to go find one at this moment.
I would submit, if you have the ability to scan and send in PDF, before the
hearing, I would think possibly the hearing could be avoided, assuming we've
also worked out the Stipulation and I've given you a signed copy to submit to the
Court on Thursday.
Any thoughts on any of this are appreciated.
Thank you,
Bob Powell

49.    Pursuant to the County's policies and customs, STEPHENS accessed and provided to

privately retained outside counsel, the full and unredacted juvenile records and/or case files of

the *Nunes* family's minor children D.X. and L.X., and/or Plaintiffs plead in the alternative,

that the provision of unredacted juvenile records and/or case files of minor children (and their

families) is a practice of the COUNTY.

50.    In either event, Plaintiffs allege that there is nor has there ever been any punishment or

reprimand by the COUNTY for such conduct of any COUNTY COUNSEL for releasing

private and confidential information in juvenile records and/or case files, and indeed the

County's Board of Supervisors may have been complicit in allowing same, as a matter of

"practice" within the County.

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

**DAMAGES**

51.     As a result of the conduct of Defendants STEPHENS, A&S, SWINGLE, HEITLINGER, and Does 1-20, Plaintiffs have suffered emotional distress, anxiety and general damage to their psyche, including but not limited to feelings of embarrassment and shame, anxiety and sleep disturbance, as well as an irremediable generalized fear of authority figures and social workers, loss of appetite, and loss of weight.

52.     Plaintiffs seek an award of exemplary (punitive) damages under federal law and pursuant to California Civil Code §3294 to make an example of and punish Defendants, and in the hope of deterring future conduct of a similar nature.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF – §1983**

Invasion of Privacy/Unauthorized Access & Inspection of Juvenile Records and/or Case Files

(Plaintiffs Against All Defendants And Does 1-20)

53.     Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 50.

54.     At all times relevant herein, Plaintiffs enjoyed a right to privacy and/or state and federal constitutional rights in keeping the juvenile records and/or case files related to their family and their involvement with the Community Services Agency private and confidential.

55.     As such, Plaintiffs' juvenile records and/or case file may not lawfully be accessed

14

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

and/or inspected or used by a civil litigation attorney without prior judicial authorization.

56.    The requirements of that judicial authorization, and the specifics of who may or may not inspect a juvenile case file are contained in W&IC 827, and that statute specifically states (to the extent relevant to this matter) that only the parents and attorneys actively working on a juvenile dependency case may have the ability to inspect and copy records therefrom.

57.    In the case of the *Nunes* family and their contact with social workers from the COUNTY, there had never been a case opened in the juvenile court, thus there was no attorney employed with the Office of the County Counsel authorized to inspect or review the documents and information in the Nunes family's juvenile case file with the Community Services Agency, as such individuals are defined within W&IC 827.

58.    Any reasonable civil litigation attorney would know that it is unlawful to access, inspect, or use juvenile records and/or case files without prior judicial authorization, as that is spelled out in California Welfare & Institutions Code Section 827.

59.    Despite that knowledge of the unlawfulness of the conduct of receiving the juvenile case files of the Nunes family, completely unredacted, Defendants A&S, SWINGLE, and HEITLINGER received and promptly began reviewing the unlawfully provided juvenile case file.

60.    Defendant STEPHENS and DOES 1-10 were acting under color of state law when they jointly acted, agreed to, and/or did integrally participate in violating Plaintiffs' state and

---

15

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

federal constitutional rights by, but not limited to, accessing and/or inspecting Plaintiffs' entire and/or unredacted juvenile records and/or case file without prior judicial authorization.

61.    Plaintiffs do not at this point in time know the full relationship between A&S, SWINGLE, HEITLINGER, and the COUNTY, but reserve and will request leave to amend if it is determined that the integral participation of A&S, SWINGLE, and HEITLINGER was significant, and part of a larger interwoven mutually beneficial relationship such that A&S, SWINGLE, and HEITLINGER should be treated as government actors in this litigation for purposes of Claims brought by Plaintiffs herein, pursuant to the California and/or Federal Constitution through 42 U.S.C. 1983.  They bring these claims against these Defendants as government actors at this time, and alternatively, against them as private entities or individuals.

62.    The violation of the prohibitions of inspection and use rights of W&IC 827 allowed COUNTY COUNSEL, including STEPHENS, and/or DOES 1-10 access, inspection and use of the minor Plaintiff L.X.'s medical, psychological, and/or psychiatric records contained in his juvenile case file(s) without prior judicial authorization, and the COUNTY's privately retained outside counsel.

63.    Prior to this unauthorized access and/or inspection, Defendants STEPHENS and DOES 1-10, and Defendants A&S, SWINGLE, and HEITLINGER, and each of them, had discussed the proposed access, inspection and use in litigation in *Nunes* of the Nunes family's juvenile

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

case file.

64.   They all agreed and/or approved of the decision to forgo obtaining judicial authorization prior to accessing, inspecting and using Plaintiff's unredacted juvenile records and/or juvenile case file in the federal matter.

65.   Defendants STEPHENS and DOES 1-10, and each of them together, were joint and/or integral participants in accessing and/or inspecting PLAINTIFF's unredacted juvenile records and/or case file without judicial authorization, using same, and transmitting same to A&S, SWINGLE, and HEITLINGER.

66.   Defendants A.S., SWINGLE, and HEITLINGER were joint and/or integral participants in the violations complained of by the receipt, review, inspection and use of said juvenile case files in their own preparations for the litigation in *Nunes*.

67.   As a direct and proximate consequence of this violation, PLAINTIFFs have suffered and will continue to suffer, damages, according to proof at trial, as specified in paragraph 51.

68.   Defendants STEPHENS, A.S., SWINGLE, HEITLINGER, and DOES 1-20, acted intentionally and/or with a conscious disregard for Plaintiffs constitutional rights. As a result of this conduct, Plaintiffs are entitled to recover punitive damages against these individual defendants, but does not seek punitive damage against the County of Stanislaus, solely for the reason such damage awards are not allowed under current law.

*//*

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

## SECOND CLAIM FOR RELIEF

*Monell* Related Claims for Invasion of Privacy/Unauthorized Access
and Inspection of Juvenile Records and/or Case Files

(Plaintiffs Against County of Stanislaus)

69.   Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 50.

70.   The COUNTY and its Office of COUNTY COUNSEL have a duty to implement and follow policies, customs, and/or practices (hereinafter referred to as "customs") which confirm and provide the protections guaranteed under the United States Constitution and/or state law. The COUNTY had a duty to use reasonable care to train, supervise, and/or control its agents, so as to protect these rights and protections.

71.   Based on the duties charged to COUNTY COUNSEL, the COUNTY knew or should have known of the need to establish policies, procedures, and/or customs to protect the rights of children with whom the COUNTY COUNSEL came into contact, and to adequately train its civil litigation attorneys and/or HHSA.

72.   At the time of the underlying events, COUNTY's customs relating to the access and/or inspection of a child's juvenile records and/or case file included, but were not limited to:

a.   The custom of allowing COUNTY COUNSEL to access, inspect and use a family's entire and/or unredacted juvenile records and/or case file(s) without prior judicial authorization and provide it to whomever it wished, including but not

18

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

limited to, privately retained outside counsel for their use in preparing a defense to any claims brought by the family/person whose records were divulged.

b.    The custom of ignoring and/or forgoing the law contained in Welfare & Institutions Code Section 827.

73.    Pursuant to the COUNTY's policies and customs, or inadequate/non-existent training, COUNTY COUNSEL such as STEPHENS, and/or DOES 1-20 employed with the County or with privately retained outside counsel, are permitted to access and/or inspect a minor's medical, psychological, and/or psychiatric records without prior judicial authorization.

74.    When COUNTY COUNSEL STEPHENS, and/or DOES 1-20 accessed and/or inspected and used Plaintiffs' entire and unredacted juvenile records and/or case file(s) without prior judicial authorization, they were acting pursuant to and in accordance with the COUNTY's customs, practices, and/or policies, or engaging in such unlawful conduct as a result of the inadequate or non-existent training provided employees of the COUNTY.

75.    STEPHENS access, inspection and use of juvenile records and/or case files, and provision of same to privately retained outside counsel or others (Does) employed with COUNTY is not an isolated incident. Rather, COUNTY COUNSEL regularly inspects and/or accesses full and unredacted juvenile records and/or case files without prior judicial authorization and sends them to whomever they wish, as in this case to private outside counsel A&S, SWINGLE, HEITLINGER, and Does 1-20 – as is the customary practice at

19

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

COUNTY COUNSEL – Civil Division.

76.     The COUNTY never investigates or disciplines its Civil Litigation Attorneys and/or COUNTY COUNSEL who access, inspect and/or use a minor's entire and/or unredacted juvenile records and/or case files without prior judicial authorization.

77.     The COUNTY did not investigate or discipline STEPHENS and/or DOES 1-20 for accessing and/or inspecting PLAINTIFF's entire and/or unredacted juvenile records and/or case file(s) without prior judicial authorization.

78.     The COUNTY and/or HHSA voluntarily and/or willingly provides COUNTY COUNSEL with access to and/or copies of entire and/or unredacted juvenile records and/or case files without prior judicial authorization. This practice is in accordance with the COUNTY's regularly established customs, practices, and/or policies.

79.     The COUNTY has refused to admit that its Civil Litigation Attorneys violate constitutional rights and/or state law when COUNTY COUNSEL accesses and/or inspects juvenile records and/or case file(s) without prior judicial authorization.

80.     The COUNTY failed to train or inadequately trained its COUNTY COUNSEL and agents employed by the COUNTY as outside counsel, on a citizen's rights, including but not limited to:

     a.     That COUNTY COUNSEL must obtain a court order and/or judicial authorization prior to accessing and/or inspecting any portion of a juvenile

records and/or case file.

b.   That California Government Code Section 827 requires COUNTY

COUNSEL not actively involved in a pending juvenile dependency case to obtain

judicial authorization prior to accessing and/or inspecting juvenile records and/or

case files.

81.   The COUNTY does not provide training on all related policy updates and does not

expect its social workers to know every policy or procedure.

82.   The COUNTY's failure to train COUNTY COUNSEL and/or its agents on these

established constitutional rights and/or state law was a substantial factor in causing

PLAINTIFF's harm. Without adequate training, STEPHENS and/or DOES 1-20 were, and

shall remain, unfamiliar with and oblivious to PLAINTIFF's rights.

83.   The COUNTY knew or should have known that COUNTY COUNSEL cannot lawfully

access and/or inspect a minor's entire and/or unredacted juvenile records and/or case file(s)

without prior judicial authorization.

84.   The COUNTY knowingly refrained from (1) revising and/or implementing customs,

practices, and/or policies, re: access and inspection, and (2) training COUNTY COUNSEL

and/or its agents that a court order and/or judicial authorization must be obtained prior to

accessing and/or inspecting juvenile records and/or case file(s).

85.   In addition, the COUNTY refused to investigate or discipline COUNTY COUNSEL

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

and/or its agents – including STEPHENS and DOES 1-10 – for accessing, inspecting and/or using juvenile records and/or case file(s) without prior judicial authorization.

86.     These actions, and/or inactions, of the COUNTY, and/or their inadequate or nonexistent training of COUNTY COUNSEL, were the moving force behind the Plaintiff's injuries, as alleged hereinabove.

87.     As a direct and proximate consequence of the COUNTY's policies, practices, customs, inadequate or non-existent training, Plaintiffs have suffered and will continue to suffer, damages, according to proof at trial, as specified in paragraph 50.

*Prayer for Relief*

WHEREFORE, Plaintiff and all others similarly situated, pray for judgment against Defendants, as to all causes of action, as follows:

An award of all recoverable compensatory, statutory, and other damages sustained by Plaintiffs under state and federal law, in such amounts as may be separately determined for each such individual;

As against the individual defendants, punitive damages as allowed by law

Attorney's fees pursuant to 42 U.S.C. §1988, C.C.P. 1021.5, and any other appropriate statute authorizing the award of attorney fees to Plaintiffs.

An award of all costs of suit incurred by Plaintiffs herein.

Such further relief as the Court deems just and proper.

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB

POWELL & ASSOCIATES

Date: February 12, 2019          ___/S/  Robert R. Powell_____
                                    ROBERT R. POWELL, ESQ.
                                     Attorney for Plaintiffs

Complaint for Damages
*Nunes v. County of Stanislaus*
U.S. District Court – Eastern District
Case No. 17-CV-00633-DAD-SAB