Michael R. Mordaunt, Esq., Bar No. 66911
Lori A. Reihl, Esq., Bar No. 246395
RIGGIO MORDAUNT & KELLY
A Professional Law Corporation
2509 West March Lane, Suite 200
Stockton, CA 95207
Telephone: (209) 473-8732

Attorneys for Defendants
CARRIE STEPHENS, and COUNTY OF STANISLAUS

UNITED STATES DISTRICT COURT

DISTRICT COURT

| | |
|---|---|
| ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X., EMANUEL ALVES,<br><br>Plaintiff(s),<br><br>vs.<br><br>CARRIE STEPHENS, COUNTY OF STANISLAUS, ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA L. HEITLINGER,<br>Does 1-20,<br><br>Defendant(s). | Case No. 1:19-cv-00204-AWI-BAM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      **July 12, 2019**<br>Time:     **9:00 A.M.**<br>Judge:    **Hon. Barbara A. McAuliffe**<br>Courtroom: **8, 6th Floor**<br><br>Complaint Filed: February 12, 2019 |

PLEASE TAKE NOTICE that on July 12, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above entitled court defendants CARRIE STEPHENS and the COUNTY OF STANISLAUS will, and hereby do, bring this motion to dismiss the action, or in the alternative dismiss the first and/or second claim for relief, brought by plaintiffs pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted against the moving defendants under 43 U.S.C. §1983. Additionally, defendant Stephens is immune from liability under the doctrine of qualified immunity. Further, the request for punitive damages against defendant Stephens should be stricken pursuant to FRCP 12(f).

1

Pursuant to local rule, any opposition to this motion shall be served with the Clerk not more than fourteen (14) days after the date this motion was filed. A responding party who has no opposition to the granting of the motion shall file and serve a statement to that effect. Failure of the responding part to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and upon all pleadings and documents filed herein. Defendant seeks a court order dismissing plaintiff's complaint with prejudice.

Dated: May 28, 2019                    RIGGIO MORDAUNT & KELLY


By: _/s/ Lori A. Reihl_____
    Lori A. Reihl, Esq.
    Attorneys for Defendants
    CARRIE STEPHENS, and COUNTY OF
    STANISLAUS

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiffs have filed this action under 42 U.S.C. Section 1983 and *Monell*. Plaintiffs allege that multiple defendants, including defendants CARRIE STEPHENS and the COUNTY OF STANISLAUS, violated privacy rights of the plaintiffs related to juvenile case records.

This action is related to proceedings currently pending in this court, <u>Nunes et al v County of Stanislaus, et al.</u>, case number 1:17-cv-00633-DAD-SAB ("underlying action"), involving same plaintiffs. In the underlying action filed on May 5, 2017 against the County of Stanislaus among other defendants, plaintiffs allege violations of 4th and 14th Amendment rights following a child services juvenile matter involving removal of the children from their parents in July 2016.

In December 2018, the parties in the underlying action attempted voluntary dispute resolution in the underlying action, but according to the docket, the case did not resolve. On February 4, 2019 a Pretrial Conference was held in the underlying action and a jury trial was scheduled. (See Court Docket, case number 1:17-cv-00633-DAD-SAB.)

Just over one week later, on February 12, 2019, plaintiffs filed the complaint in this action against counsel representing defendant County of Stanislaus in the underlying action (ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA L. HEITLINGER), as well as the County of Stanislaus and Carrie Stephens (a County Counsel at the time of the events of the underlying action). This action alleges improper disclosure and receipt among the defendants of the juvenile case files related to the proceedings in the underlying action.

In March 2019, the trial in the underlying action was continued to July 23, 2019. Then in May 2019, 3 months after this case was filed, plaintiffs served the defendants with the Summons and Complaint in this action.

In response to the Complaint in this action, defendants CARRIE STEPHENS and the COUNTY OF STANISLAUS, now move that the court issue an order dismissing this action against them since plaintiffs cannot state any constitutional violation to give rise to any action under Section 1983 or *Monell*, and defendant Carrie Stephens is also immune from liability under

the doctrine of qualified immunity.

## II. STANDARD FOR MOTION TO DISMISS

A dismissal under Rule 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." (Balistreri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d 696, 699.) In order to survive a motion to dismiss, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. (Ashcroft v. Iqbal (2009) 556 U.S. 662, 678, citing Bell Atlantic Corp v. Twombly (2007) 550 U.S. 544, 570.) The plausibility standard requires more than a sheer possibility that a defendant acted unlawfully (Id.)

In ruling on a motion to dismiss, the court does not need to accept as true allegations that contradict matters properly subject to judicial notice or unwarranted deductions of fact on a motion to dismiss. (Sprewell v. Golden State Warriors (9th Cir. 2001) 266 F.3d 979, 988.)

Conclusory allegations and unwarranted interferences are insufficient to defeat a motion to dismiss. (Iqbal, 556 U.S. at 678.) Similarly, vague allegations of official participation in civil rights violations are not sufficient to defeat a motion to dismiss. (Ivey v. Board of Regents of the University of Alaska (9th Cir. 1992) 673 F.2d 266, 268.) The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. (Jones v. Community Redevelopment Agency (9th Cir. 1984) 733 F.2d 646, 649.)

In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Bell Atl. Corp. v. Twombly (2007) 550 U.S. 544, 555.)

Since plaintiffs' complaint fails to state any claim for relief that is plausible on its face, defendants' motion to dismiss should be granted.

///

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## III. ARGUMENT

### A. PLAINTIFFS' FIRST CLAIM FAILS TO STATE FACTS SUFFICIENT TO ASSERT A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.

#### 1. Plaintiffs' State Law Claim of Privacy in Juvenile Records Fails to State Any Claim Under 42 USC §1983.

Plaintiffs' first cause of action is asserted under 42 U.S.C. §1983 stating allegations claiming a violation of "Plaintiffs' state and federal constitutional rights" related to an alleged disclosure of juvenile case records.

Section 1983 creates a cause of action "against any person who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." (Save Our Valley v. Sound Transit (9th Cir. 2003) 335 F. 3d 932, 936.) To assert a claim under 42 U.S.C. §1983, the *factual allegations* of plaintiff's complaint must show that defendant was acting under color of state law *and* intentionally deprived plaintiff of constitutional or civil rights. (West v Atkins (1988) 487 US 42, 48.)

The basis of plaintiffs' entire action is the allegation that the defendants violated California Welfare and Institutions Code §827 involving an alleged "unauthorized access and/or inspection" of juvenile case files. However, this allegation fails to state a claim under 42 USC §1983, since there is no "right of privacy" for juvenile records expressly guaranteed by the United States Constitution. (See Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501.)

To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show the alleged deprivation was committed by a person acting under color of state law. (West v Atkins (1988) 487 US 42, at 48-49) Although California Welfare and Institutions Code § 827 establishes a right to confidentiality of juvenile records under state law, "there is no corresponding federal due process right." (Gonzales v Spearman (E.D. Cal. 2018) 2018 US District LEXIS 132975, 28, citing Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501.)

This same issue was addressed in Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501, where the court held that plaintiffs could *not state a viable claim* under

5

section 1983 under allegations of a violation of privacy in juvenile records, just as plaintiffs allege in this action. The court in Rigsby explained:

> "[A]lthough a juvenile has a right to confidentiality of juvenile records based on state law, state law violations do not, on their own, give rise to liability for claims pursuant to section 1983. *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 371 (9th Cir. 1998). Claims under section 1983 limit a federal court's analysis to the deprivation of rights secured by the federal "Constitution and laws." 42 U.S.C. § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980) (To state a cause of action under section 1983, "the plaintiff must allege that some person has deprived him of a federal right."). To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996). (Id. at 6.)

Therefore, since plaintiffs' entire action is based on an alleged violation of state law and does not assert any violation of a right secured by the Constitution and laws of the United States plaintiffs necessary to state any claim under section 1983, the action should be dismissed.

### 2. Plaintiffs' Additional Allegation Under Medical Privacy and HIPAA Still Fails to State Any Claim Under 42 USC §1983.

Plaintiffs' complaint raises an additional theory of recovery under the allegation that L.X.'s medical privacy rights were violated. However, the same issue applies here as with plaintiffs claim of privacy in juvenile records, in failing to state any claim under 42 USC §1983.

First, to the extent plaintiff asserts medical privacy under California law, California's Confidentiality of Medical Information Act is a state law. "Section 1983 provides a civil action against state actors who violate federal constitutional or federal statutory rights, not state law. (Huling v City of Los Banos (E.D. Cal. 2012) 2012 US Dist. LEXIS 55275, 36-37, citing 42 U.S.C. § 1983; and Galen v. County of Los Angeles (9th Cir. 2007) 477 F.3d 652, 662.)

Additionally, the Ninth Circuit has found that HIPAA does not provide any private right of action. (Webb v. Smart Document Solutions, LLC (9th Cir. 2007) 499 F.3d 1078, 1081; See also Garber v City of Clovis (E.D. Cal. 2012) 2012 US Dist. LEXIS 10603, 23-24.) "Because HIPAA does not provide for a private right of action, HIPAA cannot serve as 'the Constitution and laws' upon which a Section 1983 claim can be based." (Garber v City of Clovis (E.D. Cal. 2012) 2012 US Dist. LEXIS 10603, 23-24.)

"Although section 1983 does on its face apply to both federal constitutional and federal statutory rights, if there is no basis for a private right of action under the particular federal statute, that statute does not create a federal right for purposes of section 1983." (Huling v. City of Los Banos (E.D. Cal. 2012) 2012 US Dist. LEXIS 55275, 36-37.)  As such, any 1983 claims based on HIPAA are subject to dismissal without leave to amend. (Garber v City of Clovis (E.D. Cal. 2012) 2012 US Dist. LEXIS 10603, 23-24.)   Therefore, plaintiff cannot overcome dismissal under their claims of medical privacy for plaitniff L.X.

### 3. Plaintiffs Cannot State Any Claim Against County of Stanislaus Under 42 USC §1983.

Plaintiff's lack of any cognizable action against the County of Stanislaus in the first claim for relief, alleging a general claim under section 1983, is evidenced by the fact that no factual allegations are asserted against the County in the first claim.  Rather, all allegations as stated in plaintiffs' first claim for relief are asserted against the individual defendants.

This is because a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  In other words, "a municipality cannot be held liable under § 1983 on a respondeat superior theory. (Monell v Dept. of Social Services (1978) 436 U.S. 658.)  A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy under Monell. (Id.)

Thus, any theory of liability against Defendant County in this action is limited to allegations of municipal liability under Monell, which is specifically asserted in plaintiffs' second claim for relief.  Therefore, plaintiffs have not and cannot state any claim against the County in the first claim for relief and the County should be dismissed from the first claim.

### 4. Defendant Carrie Stephens is Immune From Liability.

Qualified immunity protects public officials from liability under Section 1983 when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Harlow v. Fitzgerald (1982) 457 U.S. 800, 818.)  Qualified immunity involves a two part consideration: (1) whether the facts that plaintiff has alleged or show make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the

7

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

time of the defendant's alleged misconduct. (Pearson v Callahan (2009) 555 US 223, 232.) Judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." (Id. at 236.)

A Government official's conduct violates clearly established law only when, "at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" (Ashcroft v. al—Kidd (2011) 563 US 731, 741.) However, even assuming plaintiffs' allegations as true for purposes of this motion only, defendant Stephens could not have known the alleged conduct was unlawful under section 1983 when she allegedly disclosed information pertaining to the juvenile record since there is no constitutional right to privacy in juvenile records.

As previously set forth, courts within the Ninth Circuit have held that the law regarding the constitutional right of informational privacy was not clearly established with respect to juvenile court records or medical records during or even after the relevant period. (See Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501; See also Ismail v. County of Orange (C.D. Cal. 2014) 2014 U.S. Dist. LEXIS 64498, 39-40.) Further, while plaintiff's action claims a violation of California Welfare and Institutions Code section 827, it is well-established that "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." (Id. citing Davis v Scherer (1984) 468 U.S. at 194 & n.12.)

Therefore, since plaintiff has not alleged any facts that make out a violation of a constitutional right and the alleged violations were not clearly established, defendant Stephens is entitled to qualified immunity and should be dismissed.

**B. PLAINTIFFS' SECOND CLAIM UNDER *MONELL* FAILS TO STATE FACTS SUFFICIENT TO ASSERT A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.**

While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (Garber v City of Clovis (E.D. Cal. 2012) 2012 US Dist. LEXIS 10603, 4-5, citing Bell Atl. Corp. v. Twombly (2007) 550 U.S. 544, 555.)

To impose liability against Defendant County under *Monell*, plaintiffs must establish: (1) that plaintiffs possessed a constitutional right of which they were deprived; (2) that the municipality had a policy or custom; (3) that this policy or custom "amounts to deliberate indifference" to the plaintiffs' constitutional right; and (4) that the policy or custom is the "moving force behind the constitutional violation." (City of Canton v. Harris (1989) 489 U.S. 378, 389-91.) A plaintiff who sets forth a *Monell* claim against an entity defendant must show that the entity acted with deliberate indifference to the constitutional rights of the plaintiff in adhering to a policy or custom or by acts of omission. (See Castro v. County of Los Angeles (9th Cir. 2016) 833 F.3d 1060, 1068-69; see also Wilson v. Town of Danville (N.D. Cal. 2017) 2017 U.S. Dist. LEXIS 82401, 4-5.)

Allegations in a complaint cannot simply recite the elements of a cause of action, "but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." (Starr v. Baca (9th Cir. 2011) 652 F.3d 1202, 1216.)

Here, plaintiffs have not cannot assert a section 1983 claim under *Monell* against the County of Stanislaus, since as already established, plaintiffs have not set forth a cognizable federal right under section 1983. For the same reasons, plaintiffs have not and cannot allege defendants' alleged policies, practices or customs violates any established federal right. (See Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501, 13.)

Therefore, plaintiffs' second claim against County of Stanislaus fails to state any cognizable claim for relief and should be dismissed.

C. **PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN.**

Pursuant to Federal Rule of Civil Procedure, Rule 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (Fed. R. Civ. Proc., Rule 12 (f).) "Immaterial matter is defined as matter that 'has no

9

essential or important relationship to the claim for relief or the defenses being pleaded.'" (Thomas v. Hickman (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 72988, 111-112.)  In this action, plaintiff's request for punitive damages against individual defendant Stephens should be stricken under FRCP 12(f). (See Complaint, Docket No. 1, pg. 22, lines 16-17.)

Under Section 1983, punitive damages are only proper "either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." (Gay-Straight Alliance Network v. Visalia Unified School Dist. (E.D. Cal. 2001) 2001 U.S. Dist. LEXIS 25317, 57.)  Plaintiff has not even alleged sufficient facts to state *any claim* under Section 1983 against defendant Stephens.  For the same reasons as previously set forth and based on plaintiff's failure to even state a cause of action under Section 1983, plaintiff has certainly not stated allegations sufficient to allege "evil motive or intent" or "reckless or callous indifference" necessary to give rise to the heightened recovery of punitive damages against defendant Stephens.  Therefore, the request for punitive damages should be stricken.

## IV.  CONCLUSION

Based on the foregoing, plaintiff's complaint, including the first and/or second claims for relief fail to state any cognizable claim.  Therefore, defendants CARRIE STEPHENS and COUNTY OF STANISLAUS motion to dismiss should be granted.  Additionally, the claim for punitive damages against defendant Stephens should be stricken.

Dated: May 28, 2019                                RIGGIO MORDAUNT & KELLY


By: /s/ Lori A. Reihl
Lori A. Reihl, Esq.
Attorneys for Defendants
CARRIE STEPHENS and COUNTY OF STANISLAUS

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT