RIVERA & ASSOCIATES

1425 River Park Drive, Suite 250
Sacramento, California 95815

Tel: 916-922-1200 Fax: 916 922-1303

Jesse M. Rivera, SBN 84259
Jonathan B. Paul, SBN 215884
Shanan L. Hewitt, SBN 200168
Jill B. Nathan, SBN 186136
Glen A. Williams, SBN 257665
Wendy Motooka, SBN 233589

Attorneys for Defendants:
*Arata, Swingle, Van Egmond & Goodwin,
Brad J. Swingle, and Amanda J. Heitlinger*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X., EMANUEL ALVES,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>CARRIE STEPHENS, COUNTY OF STANISLAUS, ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA J. HEITLINGER, Does 1-20,<br><br>　　　　　　　　　　Defendants. | Case No.: 1:19-cv-00204 AWI BAM<br><br>**MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS LAW OFFICE OF ARATA, SWINGLE, VAN EGMOND & GOODWIN, INDIVIDUALS BRAD J. SWINGLE AND AMANDA J. HEITLINGER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Fed. R. Civ. P. 12(b)(6)**<br><br>Date: Friday, July 19, 2019<br>Time: 9:00 a.m.<br>Place: Courtroom 8<br>Judge: Hon. Barbara A. McAuliffe |

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In a concurrent related federal action, the Nunes family pursues relief from the County of Stanislaus based upon alleged actions of social workers with the County's Community Services Agency. (*Nunes v. County of Stanislaus*, case no. 17-cv-00633-DAD-SAB, "*Nunes I*"). Responding Defendants here are private attorneys contracted to represent the County of Stanislaus defendants in *Nunes* I.

The present action arises as Plaintiffs allege that in *Nunes I*, the outside counsel for the County of Stanislaus were inappropriately "provide[d] the entire unredacted juvenile records/juvenile case files" of the Nunes' minor children, in alleged violation of California state law in Welfare and Institutions Code § 827. (Complaint, 9:1-2). Plaintiffs Mr. and Ms. Nunes and the minor children ("Plaintiffs") now seek damages from responding Defendant law firm Arata, Swingle, Van Egmond & Goodwin, and from two attorneys with the Defendant firm including partner Mr. Brad J. Swingle and Ms. Amanda J. Heitlinger ("Defendants") for the alleged unauthorized access to the Nunes juvenile records in the *Nunes I* matter. Plaintiffs rely on 42 U.S.C. § 1983 as the basis for relief in their First Claim. (Compl., p. 14).[1]

## II. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 255 F.3d 729, 732 (9th Cir.2001). A court may dismiss a complaint pursuant to 12(b)(6) where: (1) The complaint lacks a cognizable legal theory; or (2) the complaint alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).

To meet pleading requirements and withstand a motion to dismiss, "a complaint must

---

[1] Co-Defendants Carrie Stephens and the County of Stanislaus are represented by separate counsel in this action.

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-2-

contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This demands a presentation of factual allegations sufficient to state a plausible claim for relief, where **the mere *possibility* of misconduct falls short of meeting this plausibility standard**. *Iqbal*, *supra,* at 678-79 (emphasis added); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("unwarranted inferences are insufficient to defeat a motion to dismiss").

If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Conclusory allegations are not entitled to a "presumption of truth." *See Iqbal*, 556 U.S. at 681 (where complaint alleged Ashcroft was a "principal architect" of a policy and that another defendant was "instrumental" in its adoption and execution, these claims amounted to conclusory allegations subjecting them to dismissal).

Finally, it is not proper for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  ARGUMENT

#### A. THERE IS NO FEDERAL RIGHT OF PRIVACY FOR NONDISCLOSURE OF JUVENILE RECORDS

Plaintiffs allege in the First Claim for Relief that the attorney Defendants were not authorized under state law to view the Nunes family's juvenile case files; the Nunes Plaintiffs further conclude that they are entitled to federal relief under § 1983 for the alleged receipt and review of such files. (Compl., ¶ 59). Section 1983, "'is not itself a source of substantive rights,' but

_____

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-3-

merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)); see also *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Early in the Complaint it is alleged that Plaintiffs were deprived of "fundamental constitutional rights" pursuant to the "Fourth and Fourteenth Amendments," however, no such fundamental right to privacy in juvenile records is recognized in the Ninth Circuit.

"The Ninth Circuit...has not extended the right of informational privacy to juvenile records." *Rigsby v. County of Los Angeles*, 2011 U.S. Dist. LEXIS 158501 at *10 (C.D. Cal., Aug. 2, 2011), aff'd 531 F. App'x 811 (9th Cir. 2011). The plaintiff in *Rigsby* asserted the same argument as the Nunes family Plaintiffs here, alleging that the confidentiality of juvenile records which is maintained under California Welfare and Institutions Code section 827 equates to a right under the United States Constitution. The District Court disagreed, stating that "although a juvenile has a right to confidentiality of juvenile records based on state law, state law violations do not, on their own, give rise to liability for claims pursuant to section 1983." *Rigsby*, 2011 U.S. Dist. LEXIS 158501 at *7. The Eastern District recently partially relied on the *Rigsby* court's reasoning, in denying habeas relief to a petitioner in *Gonzales v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal., Aug. 7, 2018). Petitioner Mr. Gonzales alleged that his juvenile court file was distributed to experts and attorneys for his co-defendants in his criminal case without the proper authorization for viewing the file, as mandated under W &I § 827. *Gonzales*, 2018 U.S. Dist. LEXIS 132975 at *23-*24. Petitioner, however, failed to provide "any federal authority to support a due process right to privacy for juvenile court records," and this District Court cited *Rigsby* in confirming that no "corresponding federal due process right" had been established which could protect the confidentiality of juvenile records. *Gonzales*, 2018 U.S. Dist. LEXIS 132975 at *29. "There is no 'right of privacy' for juvenile records expressly guaranteed by the United States Constitution." *Id*. (citing *Rigsby*, 2011 U.S. Dist. LEXIS 158501 at *3). The Nunes Plaintiffs' claim of a fundamental

---

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-4-

constitutional right of privacy for juvenile records is thus unsupported by Ninth Circuit case precedent. No plausible claim for relief pursuant to § 1983 is warranted under the allegations at hand, and the claim against responding Defendants Arata, Swingle, Van Egmond & Goodwin; and individuals Brad J. Swingle, and Amanda J. Heitlinger is subject to dismissal.

**B.    COMPLAINT FAILS TO STATE A CLAIM AGAINST LAW OFFICES OF ARATA, SWINGLE, VAN EGMOND & GOODWIN AS IT IS NOT A "PERSON" WITHIN MEANING OF SECTION 1983, AND NO SUFFICIENT MONELL CLAIM IS ALLEGED**.

To state a claim under section 1983, a plaintiff must allege two essential elements:  (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged violation was committed by a **person** acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987); 42 U.S.C. § 1983; *Martinez v. Richard A. Cummo & Assoc.*, 2015 U.S. Dist. LEXIS 145688, *4 (E.D. Cal., Oct. 27, 2015). As argued above, the Plaintiffs here are unable to allege the first element for a section 1983 claim, as there is no cognizable federal privacy right in connection with the state confidentiality of juvenile records. The second essential element is likewise called into question, as Plaintiffs fail to indicate how the Defendant private law firm of Arata, Swingle, Van Egmond & Goodwin, "A & S" can be considered a "person" subject to liability, within the meaning of § 1983.

Pursuant to *Monell*, local governments are deemed "persons" under section 1983 and thus subject to lawsuits and liability where an "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "[T]he legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. Here however, the private law firm of Arata, Swingle, Van Egmond & Goodwin should not be conflated with the *County government*, simply by virtue of the firm's alleged contract with the local government (and co-defendant) County of Stanislaus

---

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-5-

"to provide legal representation for various matters of civil litigation involving the County." (Compl., ¶ 12).

In the event that the *Monell* principles do apply to subject the private law firm Defendant to Plaintiffs' section 1983 claim, the Complaint fails to articulate a practice, policy or custom of this Defendant which caused injuries. There is no respondeat superior liability under § 1983; a law firm is not vicariously liable for allegedly unconstitutional actions of attorneys it employs. *Monell,* 436 U.S. 658 (municipality cannot be held liable under § 1983 on a respondeat superior theory). A law firm can only be liable in a § 1983 claim "if it is acting under color of state law and the constitutional deprivations resulted from a deliberate policy, custom, or practice of the private corporation." *Martinez, supra,* 2015 U.S. Dist. LEXIS 145688 at *5 (law firm employed with Public Defender's Office). Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); see also *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir.1989)("a plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a singe incident or unconstitutional action by a non-policymaking employee").

The Nunes plaintiffs merely offer the conclusion that the Defendant firm is a "government actor," but concede they do not know the role played by the firm: "Plaintiffs do not at this point in time know the full relationship between A&S, SWINGLE, HEITLINGER, and the COUNTY, but reserve and will request leave to amend if it is determined that the integral participation of A&S, SWINGLE, and HEITLINGER was significant..." (Compl., ¶ 61). The allegations fail to state a section 1983 claim as to Defendant Arata, Swingle, Van Egmond & Goodwin, because this Defendant is not a "person" within the meaning of § 1983, and in the alternative, no unconstitutional practice, policy or custom of the firm is alleged beyond conclusory statements. In

---

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-6-

ruling on a motion to dismiss, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell, supra,* 266 F.3d at 988.

### C. NO CLEARLY ESTABLISHED RIGHT TO NONDISCLOSURE OF JUVENILE RECORDS, AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY.

"The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Wood v. Moss*, 134 S.Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Private individuals retained by a government entity are entitled to qualified immunity protection from lawsuits arising from their work. *Filarsky v. Delia*, 566 U.S. 377, 393-394 (2012).

As stated *supra*, the Nunes Plaintiffs fail to state a valid claim of cognizable constitutional rights which protect disclosure of confidential juvenile records, and therefore the "First Claim for Relief" in the Complaint should be dismissed on that basis. Without a constitutional violation, the Court need not entertain the qualified immunity analysis; however, in an abundance of caution, individual Defendants Brad J. Swingle, and Amanda J. Heitlinger assert that they are entitled to qualified immunity. "[T]he Supreme Court has 'repeatedly...stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Dunn v.Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

The determinative question is whether a constitutional right of privacy for juvenile records was clearly established in 2018 such that a reasonable person in Defendants' position would have known his or her conduct violated a constitutional right in the situation presented. *Headwaters*

---

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-7-

*Forest Def. v. Cnty. of Humboldt*, 276 F.3d 1125, 1129 (9th Cir. 2002) (question is to be framed "in light of the specific context of the case"). It is Plaintiffs' burden to show "that the constitutional right violated was 'clearly established'" at the time of the alleged conduct. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006).

Defendants here are protected under the doctrine of qualified immunity. Plaintiffs are unable to allege the precise dates of Defendants' alleged receipt and review of the juvenile records at the law firm, but speculate that it was sometime prior to May 17th, 2018. (Compl., ¶ 47). An opinion issued in the Eastern District case of *Gonzales* (discussed above) in August 2018. Relevant precedent at that time provided that "[W & I Code] Section 827 establishes a right to confidentiality of juvenile records under state law, but there is no corresponding federal due process right." *Gonzales*, 2018 U.S. Dist. LEXIS 132975 at *29. The 'right' alleged by Plaintiffs in the First Claim for Relief was <u>not clearly established</u> in 2018, and these responding Defendants could not have known that receiving and reviewing juvenile records violated Plaintiffs' constitutional right.

Finally it is noteworthy here that in the Ninth Circuit "a multifactor balancing test [is employed] to decide whether the government's interest in obtaining information outweighs the individual's privacy interest." *Ismail v. County of Orange*, 2014 U.S. Dist. LEXIS 64498, *21 (C.D. Cal., March 28, 2014). In the event that a balancing test *is* inevitably required to determine if a right or protection is warranted, the Ninth Circuit provides that "the right can rarely be considered clearly established, at least in the absence of closely corresponding factual and legal precedent." *Ismail*, 2014 U.S. Dist. LEXIS 64498 at *42 (citing *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989).

### IV. CONCLUSION

Based on the foregoing the Nunes Plaintiffs fail to state a claim for relief under § 1983, and the First alleged claim in the Complaint is thus subject to dismissal pursuant to Fed. R. Civ. P.

___

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support

-8-

12(b)(6) as to responding Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger. There is no cognizable violation of a constitutional right, no *Monell* claim is asserted as to the private law firm Defendant, and the individuals Brad J. Swingle and Amanda J. Heitlinger are nonetheless entitled to qualified immunity. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Dated: May 29, 2019

Respectfully submitted
RIVERA & ASSOCIATES

/s/ *Jill B. Nathan*
By: Jill B. Nathan
Attorneys for Defendants,
Arata, Swingle, Van Egmond & Goodwin,
Brad J. Swingle, and Amanda J. Heitlinger

---

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Motion to Dismiss Complaint FRCP 12(b)(6); Memorandum of Points and Authorities In Support