ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
**POWELL & ASSOCIATES**
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201
F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X., EMANUEL ALVES,

Plaintiffs,

v.

CARRIE STEPHENS, COUNTY OF STANISLAUS, ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA HEITLINGER, Does 1-20,

Defendants.

Case No: 19-CV-00204-AWI-BAM

**PLAINTIFFS' OPPOSITION TO DEFENDANTS ARATA, SWINGLE, VAN EGMOND & GOODWIN, BRAD J. SWINGLE AND AMANDA HEITLINGER'S MOTION TO DISMISS [F.R.C.P. 12(b)(6)]**

Hearing Date: July 8, 2019
Hearing Time: 1:30 P.M.
Courtroom 2
Hon. Anthony W. Ishii

i

Plaintiffs' Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

# TABLE OF CONTENTS

I. INTRODUCTION....................1

II. LEGAL STANDARD....................1

III. ARGUMENT....................4

A. THE NINTH CIRCUIT HAS RECOGNIZED A CONSTITUTIONAL RIGHT TO PRIVACY FOR STATE JUVENILE CASE FILES....................4

B. W&IC § 827 CREATED A CLEARLY ESTABLISHED LIBERTY INTEREST IN CONFIDENTIAL JUVENILE CASE FILES, AND UNAUTHORIZED ACCESS IS A PROCEDURAL DUE PROCESS VIOLATION UNDER THE 14TH AMENDMENT....................5

C. A&S IS A "PERSON" UNDER 42 U.S.C. § 1983, AND THE FIRM AND DEFENDANTS SWINGLE AND HEITLINGER ARE LIABLE TO PLAINTIFFS DUE TO JOINT ACTION WITH THE COUNTY AND DEFENDANT STEPHENS FOR VIOLATING PLAINTIFFS' RIGHTS....................10

1. A&S Can Be Sued As A Person For Civil Rights Violations....................10

2. Aside From The Alleged Facts Showing Incompetence And/Or A Knowing Violation Of Law, Defendants Swingle & Heitlinger Were Not Engaging In Discretionary Functions....................13

IV. CONCLUSION....................15

i

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................... 3

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir.1996).......................................3

*Carlo v. City of Chino*, 95-55798, 105 F.3d 493 (9th Cir. 1997).............................. 9

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011).................................. 3

*Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010)............................ 3

*Davis v. Sherer*, 468 U.S. 183 (1984)........................................................... 9

*Devereaux v. Abbey*, 263 F. 3d 1070 (9th Cir. 2001)............................................ 7

*D. K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184 (ED Cal. 2009).... 3

*F.E. Trotter, Inc., v. Watkins*, 869 F. 2d 1312 (9th Cir. 1989)............................... 13, 14

*Filarsky v. Delia*, 556 U.S. 377 (2012)........................................................ 13

*Gonzalez v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal., Aug. 7, 2018)..............6

*Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003)........................................... 2, 4, 5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982).................................................... 7

*Harper v. City of Los Angeles*, 533 F.3d 1010 (9th Cir.2008)................................... 13

*Johnson v. State of Cal.*, 207 F.3d 650 (9th Cir. 2000) ........................................ 3

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).............................................. 11

*Mabe v. County of San Bernardino*, 237 F.3d. 1101 (9th Cir. 2001).......................... 4, 8

*Malley v. Briggs*, 475 U.S. 335 (1986).........................................................7

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)...........................................10

*Moodian v. County of Alameda*, 206 F. Supp. 2d 1030 (N.D. Cal. 2002)....................... 7

*Planned Parenthood of Missouri v. Danforth*, 428 U.S. 52 (1976)..............................15

ii

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

*Rigsby v. Cty. of L.A.*, 2011 U.S. Dist. LEXIS 158501 (C.D. Cal. 2011)....................5, 6

*Schneider v. California Dept. of Corr.*, 151 F.3d 1194 (9th Cir. 1998)....................3

*Smith v. Maryland*, 442 U.S. 735 (1979)....................14

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir.)....................3

*Tsao v. Desert Palace, Inc.*, 698 F. 3d 1128 (9th Cir. 2012)....................11

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F. 3d 950 (9th Cir. 2008)....................11

*Wilks v. Reyes*, 5 F. 3d 412 (9th Cir. 1993)....................4

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)....................7

***Federal Rules of Civil Procedure***

Fed. R. Civ. Pro. 12(b)(6).................... 2

42 U.S.C. § 1983....................10, 11

***Relevant California Statutes***

Cal. Welf. & Inst. Code § 827....................passim

iii

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

## I. INTRODUCTION

In a previously filed civil rights matter, Plaintiffs herein are suing the County of Stanislaus for the alleged wrongful removal of the minor children by social workers from the County's Community Services Agency. (*Nunes v. County of Stanislaus*, No.: 17-cv-00633-DAD-SAB). They kept the children and parents separated (they visited of course) for just shy of two months without having ever filed a juvenile court case Petition, and, after keeping from the parents evidence received literally a day after they forced the separation by forced signing of a "safety plan," which evidence made clear the injury to the child was of a common nature in a common area of the body – not child abuse.

In defending itself from that suit, the County of Stanislaus and the defendant employees thereof, retained the law firm of Arata, Swingle, Van Egmond & Goodwin ("A&S"), who were contracted to represent the government entity for various civil litigation matters. (Complaint, 4:2-6).

Plaintiffs filed this current action on February 12, 2019, against Defendant law firm A&S, as well as two of the firm's attorneys, Bradley Swingle and Amanda Heitlinger. Plaintiffs allege that A&S, Mr. Swingle and Ms. Heitlinger were given unlawful access to the minor children's statutorily protected juvenile case files, in violation of California's Welfare & Institutions Code § §827 during – in fact it is believed preceeding – the filing of the lawsuit in the prior action. This unlawful access and inspection of confidential juvenile files violated Plaintiffs' privacy rights guaranteed under the United States Constitution.

1

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

The Defendant law firm and the lawyer partner Mr. Swingle, and associate attorney of the law firm Ms. Heitlinger, have now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

In summary, Plaintiffs will argue that,

**1)** *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), cert. denied 540 U.S. 940 (2003) has recognized that access to juvenile case files by persons other than those statutorily authorized to access (or those receiving court approval through a W&IC §827 petition process) is a constitutional violation,

**2)** the state statute the Defendants violated creates a clearly established liberty interest in the confidential materials and information in a juvenile case file (as that term is defined under California law at CRC 5.552), and a violation of that procedure – such as ignoring it – is a procedural due process violation under the 14th Amendment,

**3)** qualified immunity does not protect the plainly incompetent or those who knowingly violate the law,

**4)** the individual Defendants Swingle and Heitlinger violated W&IC §827, and A&S is a "person" subject to the same liability and scrutiny as a state chartered municipality when acting in a government actor's capacity,

**5)** the U.S. Supreme court has recognized 4th Amendment rights in privacy of minors where courts already recognize rights of privacy; as is the case with W&IC §827

Plaintiffs of course also make the point the Defendants efforts to dissolve Plaintiffs' claims come in the context of a Motion to Dismiss pursuant to FRCP 12(b)(6), a proceeding deferential to the Plaintiffs' well pled allegations – still in a "notice pleading" forum even

2

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

after the holdings in *Twombly* and *Iqbal* – and respectfully request leave to amend if in fact the Court finds the Plaintiffs Complaint and allegations in it wanting.

## II. LEGAL STANDARD

When the Court is deciding on a Motion to Dismiss for failure to state a claim, all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. [*D. K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1189 (ED Cal. 2009).] All reasonable inferences are in favor of the nonmoving party. [*Johnson v. State of Cal.,* 207 F.3d 650, 653 (9th Cir. 2000).] "The complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).] "A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996).]

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. [*Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).] In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. [*Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).]

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. [*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.)]

3

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

## III. ARGUMENT

### A. THE NINTH CIRCUIT HAS RECOGNIZED A CONSTITUTIONAL RIGHT TO PRIVACY FOR STATE JUVENILE CASE FILES

There are only two elements necessary to establish a claim under 42 U.S.C. § 1983 – (1) a person or entity acts under color of state law, (2) to violate the constitutional rights of another person. [*See* 42 U.S.C. § 1983; *Mabe v. San Bernardino County*, 237 F.3d 1101, 1106 (9th Cir. 2001).]

In *Gonzalez v. Spencer*, the Ninth Circuit found that unlawful access of juvenile case files violates the constitutional rights of the individual. [*Gonzalez v. Spencer*, 336 F.3d 832, 834-835 (9th Cir. 2003), cert. denied 540 U.S. 940 (2003).] While representing a County agency in a civil rights lawsuit, an attorney cannot access or inspect Juvenile Case Files without judicial authorization, and even if counsel in such a scenario *could* have obtained the case file without permission, they are still required to seek permission from the judge. *See Id.*, at 835.

Had the *Gonzalez* Court not recognized a Constitutional right to juvenile case-file privacy, then Mr. Gonzalez's 1983 claim would have failed at the outset and would have been dismissed for failure to state a claim because the allegations would not be enough to satisfy the second element of a 1983 claim – specifically, the requirement that a Plaintiff allege the violation of a right protected by a U.S. statute or the Constitution.

The Court in that case further stated that if the Plaintiff were able to prove that the appellee violated his constitutional rights, he would be entitled to as least nominal damages. [*Gonzalez, supra,* 336 F. 3d at 835, citing to *Wilks v. Reyes*, 5 F. 3d 412 (9th Cir. 1993).] Therefore, the *Gonzalez* Court *necessarily decided that a constitutional violation was adequately alleged* – i.e., unauthorized access to juvenile case files – which, if proven at trial would entitle the plaintiff to nominal damages. The *Gonzalez* court stated,

4

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

> Because Spencer improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether Spencer's use of Gonzalez's file in depositions also violated his constitutional rights. [*Id.* 835]

The Court's choice of the word "*also*" in its decision clearly evinces its reasoning that there exists a cognizable constitutional right to privacy for juvenile case-files, and that the question of whether or not *use* of such files "*also*" violated the Plaintiff's rights was an issue the Court would not need to answer; in other words "*access*" by privately retained counsel was enough for a constitutional rights violation.

The Defendants relied in their motion to dismiss on an unpublished, lower court decision, *Rigsby v. Cty. of L.A.*, 2011 U.S. Dist. LEXIS 158501 (C.D. Cal. 2011), which has no precedential value at all. Also, the facts of *Rigsby* are markedly different than *Gonzalez.* As it is 2019, Plaintiffs can refer the Court to the half-hour long argument in the 9th Circuit; https://www.courtlistener.com/audio/41122/armonia-rigsby-v-county-of-los-angeles/ What anyone who is willing to listen will hear, is a lengthy argument about the manner in which the social worker accessed and used juvenile case files – at no point does the *Rigsby* court discuss or explore the issue of a violation of privacy rights that are constitutionally protected. The discussion was entirely about *the rights of social workers* to use juvenile case files from one case in another juvenile case. The *Rigsby* court's comments about *Gonzalez* were not necessary to the Court's findings and therefore dicta.

In *Rigsby*, the defendants alleged to have unlawfully accessed juvenile files were County social workers, as opposed to *Gonzalez*, where, similar to this case, the allegations were against civil litigation counsel retained to serve the County's interests. [*Gonzalez, supra,* 336 F. 3d at 834; *Rigsby, supra,* 2011 U.S. Dist. LEXIS 158501, at *2.]

The *Rigsby* Court, therefore, only examined juvenile case file privacy in the context *social workers* who were alleged to have unlawfully accessed the files during an ongoing juvenile proceeding. This crucial difference explains the *Rigsby* Court's analysis in contrast

5

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

with the *Gonzalez* Court's analysis. [Id. *2 – noting *Gonzalez* did not address the access of juvenile court records *by social workers*].

Social workers – like the court personnel referenced in *Gonzalez* – are authorized to inspect juvenile case-files without prior judicial authorization under California law. Cal. Wel. & Inst. Code, §§827(a)(1)(A) & (H). Plaintiffs allege in this case that it was not social workers who accessed the juvenile case-files, but private attorneys from the County-contracted law firm A&S. *Rigsby*'s holding and analysis are not relevant in this matter.

Defendants also relied on *Gonzalez v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal., Aug. 7, 2018), another unpublished case. The context in which *Gonzalez v. Spearman* was decided, like the *Rigsby* decision, distinguishes it from this case significantly.

In *Gonzalez v. Spearman*, the Court was tasked with ruling on a petition for writ of habeas corpus, wherein the petitioner alleged that information was improperly taken from his juvenile case files and was admitted into evidence in his criminal case. [*Gonzalez, supra,* 2018 U.S. Dist. LEXIS 132975, at *23.] Applying a similar analysis to this case would be improper due to this large difference in context between *Gonzalez v. Spearman* and *Gonzalez v. Spencer*.

*Gonzalez v. Spencer*, as a published Ninth Circuit case, recognized a constitutional right to privacy for juvenile case-files, and clearly ruling with constitutional considerations in mind, left open the question of whether *use* of those same files was *also* a potential constitutional violation if proven.

### B. W&IC §827 CREATED A CLEARLY ESTABLISHED LIBERTY INTEREST IN CONFIDENTIAL JUVENILE CASE FILES, AND UNAUTHORIZED ACCESS IS A PROCEDURAL DUE PROCESS VIOLATION UNDER THE 14TH AMENDMENT

Public officials are protected by qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person

6

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

would have known." [*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).] In attempting to show that a right was clearly established, Plaintiffs do not need to show that the specific conduct giving rise to liability was previously found to be unconstitutional. [*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017).] As a result, precedent that is directly on point is not necessary. [*Devereaux v. Abbey*, 263 F. 3d 1070, 1075 (9th Cir. 2001).] If the unlawfulness of the conduct is apparent in light of preexisting law, then the standard for clear establishment is satisfied. *Ibid.* The "unlawfulness of the conduct" complained of by Plaintiffs is brought brightly into focus, when one considers that W&IC §827 Section (2)(C) clearly states, "(C) An intentional violation of the confidentiality provisions of this paragraph is a misdemeanor punishable by a fine not to exceed five hundred dollars ($500)."

A maxim of jurisprudence in the area of qualified immunity that applies here, that beseeches the denial of qualified immunity when "the unlawfulness of the conduct is apparent," and applies to these Defendants actions is that qualified immunity protects, "all but the plainly incompetent and those who knowingly violate the law." [*Malley v. Briggs*, 475 U.S. 335 (1986).] As stated by the Court in *Moodian v. County of Alameda* [ ], 206 F. Supp. 2d 1030 (N.D. Cal. 2002), albeit in a slightly different context (involving analysis of clearly established law in the context of warrantless removal of children), "Frankly, it is difficult to conceive how a social worker, whose work is directly governed by state law and regulation, could claim to have a reasonable belief that a warrantless removal that is expressly prohibited by state law and regulation is somehow permitted by the Constitution." [*Id.* 1035]

As Defendants consist of a law firm and attorneys it is a reasonable inference in favor of Plaintiffs, which is required to be applied here, that accessing and using state law privileged documents/information protected by due process ensuring procedures, the Defendants were at the very least "incompetent," and least inferentially, "knowingly violating the law." In fact, it would be an entirely unreasonable inference to believe that the Defendants could have "objectively believed" their conduct was lawful, a required second prong of qualified

7

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

immunity analysis Defendants would have the burden of proving. [*Mabe v. County of San Bernardino*, 237 F.3d. 1101, 1106 (9th Cir. 2001)]

The statute at the heart of all this, the one the Defendants chose to ignore [W&IC §827], is bursting with, and clear in its language about, the breadth of the confidentiality of juvenile case files. In fact the very first thing the statute addresses is "who" can even "inspect[]" a juvenile case file. [*Id.* (a)(1)(A)-(R), see also (4)] Defendants are not on the list.

This hawk-eyed approach of the legislature protecting juvenile case file confidentiality should come as no surprise. These are files always containing at the very least personal and private information (even social security numbers can be found in juvenile case files), and sometimes embarrassing and even horrific information, such as in cases involving sexual abuse of children. Files may be filled with the child's medical records or may contain mental health evaluations on the parents and/or the children.

Further, they contain countless documents and/or information that would never even overcome the "necessary [to the civil/criminal litigation] and have *substantial* relevance" required by the W&IC §827 process, *to even make it out of the juvenile case files* on a motion, much less into evidence in matters in the civil litigation! [CRC 5.552 (6)]. Section 5.552 sets the foregoing standards, and requires a weighing process be applied by the juvenile court judge.

For that reason, W&IC §827 requires a noticed motion. [*Id.* (2)(D); (3)(A)]. That opportunity to receive notice and be heard aligns perfectly with that familiar notion of "procedural due process," as expressed in the statute; the statute is clearly meant to protect it. The statute says, "Prior to the release of the juvenile case file or any portion thereof, the court shall afford due process, including a notice of and an opportunity to file an objection to the release of the record or report to all interested parties." [*Id.* (3)(B)]. "Procedural due process," being the single-most important point of the 14th Amendment to the U.S. Constitution.

8

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

California state statutes can make constitutional rights clearly established, and indeed W&IC §827 does that. In *Carlo v. City of Chino*, 95-55798, 105 F.3d 493 (9th Cir. 1997), the 9th Circuit ruled that a jail watch commander was not entitled to qualified immunity for failure to allow an arrestee to place a phone call, finding that a California state statute clearly established the right to make such calls. The *Carlo* court found that the statute created a liberty interest which is afforded procedural due process protection under the 14th Amendment. [Id.]

Like in *Carlo*, the statute at issue here [W&IC §827] placed substantive limitations on government actor discretion; it limited not only access, but the right of a person with access to disseminate. [*Carlo*, at 499] Plaintiffs argue below that there really is zero "discretion" when it comes to violating W&IC §827, but felt this point in *Carlo* relevant since some government actors (and some private citizens, such as the parents and minors) can inspect juvenile case files without Court permission – some can even take a copy – but the Defendants are simply not one of them.

The U.S. Supreme Court backs Plaintiffs argument eloquently. In *Davis v. Sherer*, 468 U.S. 183 (1984), the *Davis* court stated,

> [N]either federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—*unless that statute or regulation provides the basis for the cause of action sued upon*." [*Id.* 194 n. 12 (emphasis added).]

The *Davis* court also held, and the Carlo court relied on,

> State law may bear upon a claim under the Due Process Clause when the ... interests protected by the Fourteenth Amendment are created by state law." [Citation omitted] Here, the California statute was the basis for Carlo's claim and thus bears on whether the federal right (procedural protection of the state-defined constitutional liberty right) was clearly established. [*Carlo*, 501]

The allegations in this case, the law and the individuals involved in violating it, are sufficient to proceed to discovery on the full extent of the relationship between Swingle,

9

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

Heitlinger, and A&S, and the foregoing illustrates that the law in question was clearly established sufficiently enough to overcome any claims of qualified immunity.

### C. A&S IS A "PERSON" UNDER 42 U.S.C. 1983, AND THE FIRM AND DEFENDANTS SWINGLE AND HEITLINGER ARE LIABLE TO PLAINTIFFS DUE TO JOINT ACTION WITH THE COUNTY AND DEFENDANT STEPHENS FOR VIOLATING PLAINTIFFS' RIGHTS

#### 1. A&S Can Be Sued As A Person For Civil Rights Violations

Relevant case law has made clear that private entities may be held liable under 42 U.S.C. § 1983, provided that the Plaintiffs allege state action on the part of the private entity. Section 1983 actions against private entities are analyzed under the same rationale that determines liability against government entities: *Monell* liability. Plaintiffs have alleged that the law firm of A&S and Swingle and Heitlinger acted jointly with the County government to violate the rights of the plaintiffs. Plaintiffs have alleged that the Defendants filing this motion worked both under contract with the County defendant, and engaged in a joint action in which A&S, Swingle and Heitlinger were integral participants, in a mutually beneficial arrangement, wherein they all met and discussed the release of the juvenile case file in advance – then released it. [Dkt. 12, 60, 61, 63, 64] Those are sufficient allegations to determine them "state actors" for purposes of civil rights violations.

Plaintiffs believe they have more than adequately alleged the grounds for finding Defendants Swingle and Heitlinger were conducting themselves as state actors in the Complaint, thus the remainder of *this* section will address the matter of A&S as a "person" liable to Plaintiffs (and thus liable just like Swingle and Heitlinger – also persons), and the extent of their liability as a "state actor" in an employer role. Mr. Swingle and Ms. Heitlinger's status and liability are addressed again in the next section of this brief.

Despite the literal use of the word "person" within 42 U.S.C. 1983, entities may be subject to liability under the statute. [*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).] Indeed, the *Monell* court held, "*... it is well understood that corporations should be*

10

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

*treated as natural persons for virtually all purposes of constitutional and statutory analysis.*" [*Id.* 678 – emphasis added] However, note as stated below, Plaintiffs have not alleged "*Monell*" liability against A&S as referring to their own "policies, practices, and procedures." Plaintiffs HAVE alleged A&S has indeed engaged as a state actor with the County, in the County's policy, practice, and custom of flouting the laws of the State of California [W&IC §827 in particular). [Dkt. 1:9-20]

The Ninth Circuit, among others, has recognized that private entities may be held liable under section 1983. [*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F. 3d 950, 954 (9th Cir. 2008) – private entities can, in certain circumstances, be subject to liability under section 1983] In particular, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributed to the State." [*Tsao v. Desert Palace, Inc.*, 698 F. 3d 1128, 1139 (9th Cir. 2012) quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)]

The *Tsao* Court stated,

> Every one of our sister circuits to have considered the issue has concluded that the requirements of *Monell* do apply to suits against private entities under § 1983. [Citations omitted.] Like those circuits, we see no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under state law. [*Id.* 1139]

Defendants challenge the idea that A&S is a "person" under section 1983 by claiming that Plaintiff's failed "to indicate how the Defendant private law firm… 'A&S' can be considered a "person" subject to liability, within the meaning of § 1983." [Mtn Dis 5:13-17] Plaintiffs have now explained how A&S can be considered a "person" now using 9th Circuit law (and seven other circuits are in the "Citations omitted"), but the law only required plausible allegations for relief; Plaintiffs made those against A&S.

A&S argues they should be released from suit on a Motion to Dismiss because, "[T]he private law firm of Arata, Swingle, Van Egmond & Goodwin should not be conflated with the County government, simply by virtue of the firm's alleged contract with the local government (and co-defendant) County of Stanislaus "to provide legal representation for various matters

11

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

of civil litigation involving the County." (Citing Complaint para. 12)  They ignore the allegations in the Complaint of their integral participation in obtaining the juvenile case files in direct violation of State law and without the due process to which Plaintiffs are entitled.

Plaintiffs are not required to do more in their Complaint than allege facts which give rise to a plausible claim for relief. The question before the Court is whether Plaintiffs made factual allegations which allows the Court to plausibly infer that A&S, behaving as or in concert with a state actor, subjected Plaintiffs to a violation of their Constitutional rights, either on their own as a "person," or, through their adoption of the policies, procedures, and practices of the County.  The A&S Defendant points unfairly or at least inaccurately claim Plaintiffs have not made any "*Monell*" type allegations *against them* in the Complaint. [Mtn Dis 6:3-10] That is true as to A&S itself having such policies and practices, but the case is young, and their acting in concert with the County on their constitutionally violative policies can fairly ascribe the same policy to A&S.  The Plaintiffs certainly do not have enough knowledge of A&S policies, practices, and procedures, or the *training* they provide their attorneys (or partners, as Mr. Swingle is actually a named partner). For now Plaintiffs are satisfied with naming A&S as an integral participant in adopting or following the unconstitutional policy of the County, which is clearly stated as a policy to disregard W&IC §827 and thereby violate the Plaintiffs rights by obtaining the juvenile case files and doing so without the requisite notice called for by the statute.  That behavior – cooperation with the County to violate Plaintiffs' rights and those similarly situated, is the only policy, practice, and procedure Plaintiffs are aware of at this time.

When discovery proceeds, Plaintiffs will indeed endeavor to find out how frequently this kind of conduct has gone on, how many times citizens subjected to involvement with the County's "child protective services" arm have had their juvenile case files handed out without adherence to the law.  "To make out a claim against Desert Palace under Monell, Tsao must show that (1) Desert Palace acted under color of state law, and (2) if a constitutional violation

12

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

occurred, the violation was caused by an official policy or custom of Desert Palace." [*Tsao*, at 1139, citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1024 (9th Cir.2008)] Plaintiffs have done that and Defendants motion to dismiss must be denied.

**2. Aside From The Alleged Facts Showing Incompetence And/Or A Knowing Violation Of Law, Defendants Swingle & Heitlinger Were Not Engaging In Discretionary Functions**

Plaintiffs feel they have addressed well enough, as did the Complaint, the "state actor" status of Defendants Swingle and Heitlinger. Plaintiffs have also already pointed out that qualified immunity will not protect those who are incompetent or knowingly violate the law, and it is a quite reasonable inference that Swingle and Heitlinger acted incompetently, and as pled there is no question they violated the law. In addition to all those problems with the Defendants motion to dismiss, their actions in flouting the law were not discretionary.

The Defendants are correct when they state that private individuals may be entitled to seek qualified immunity where the private individuals are retained by a government entity. [*See Filarsky v. Delia*, 556 U.S. 377, 393-394 (2012).] However, the broad doctrine of qualified immunity "shields only actions taken pursuant to discretionary functions." [*F.E. Trotter, Inc., v. Watkins*, 869 F. 2d 1312, 1314 (9th Cir. 1989) - citing *Davis v. Scherer*, 468 U.S. 183, 196 n. 14 (1984).] As Plaintiffs have already pointed out, qualified immunity will not protect those who are incompetent or knowingly violate the law, and it is a quite reasonable inference that Swingle and Heitlinger did just that. In additions, their actions were not discretionary.

In *Watkins*, trustees of an estate sued the Navy alleging that a report created by the government was not properly in conformity with applicable regulations, leading to the report overstating the extent of aircraft noise as a pretext to expand onto the landowner's property. [*Id.* 1313] The Court's analysis of whether strict conformity with the report-drafting regulations was discretionary is helpful for analysis in this case. Ultimately, the *Watkins* Court

13

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

ruled that the Navy was entitled to qualified immunity because, although data collection for a report seems ministerial – as opposed to discretionary – the Court identified that:

> Few official actions consist entirely of the unfettered exercise of discretion; most have some ministerial element. In our characterization of a duty as ministerial or discretionary, we therefore consider the duty as a whole. Here, for the reasons given above, we find that the preparation of an AICUZ is a discretionary function. [*Id.*, at 1315.]

The alleged conduct of A&S, Mr. Swingle and Ms. Heitlinger cannot reasonably be said to be discretionary. No matter where the line is drawn between ministerial and discretionary duties, it stands to reason that the naked violation of a state statute cannot, under any circumstances, be considered "discretionary." The "duty as a whole" in this case could very well be said to be the duty to not violate the law in pursuit of assisting the government against a civil rights lawsuit. The caselaw cited above also makes clear that even when individuals would otherwise be allowed to access the juvenile case-files under W&IC §827, they would *still* need judicial authorization. [*Gonzalez, supra*, 336 F. 3d at 835.]

The California law protecting juvenile case-files is not some administrative provision designed to assist government officials in their official duties; it is a law that protects sensitive and confidential information that all persons, let alone attorneys, are obligated to obey when accessing or distributing information contained in juvenile case-files. [*See Davis v. Scherer*, 468 U.S. at 194 -"Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."]

W&IC §827 and its protective terms and process requirements also protects family members legitimate expectations of privacy under the 4th Amendment in juvenile case litigants of their privacy in their juvenile case file.  The 4th Amendment embraces two questions, 1) whether the individual exhibited an actual expectation of privacy, and, 2) whether that expectation is one society is "prepared to recognize as reasonable." [*Smith v. Maryland*, 442 U.S. 735, 740 (1979)]  The U.S. Supreme Court has held that 4th Amendment protections may be inferrable from the court's recognition of minors' rights to privacy.

14

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM

[*Planned Parenthood of Missouri v. Danforth* (1976) 428 U.S. 52] As noted, clearly the State legislature has demanded the Court's recognition of a minor's rights of privacy in juvenile case files, and with such vigor as to make unauthorized access and dissemination a crime!

Governments, attorneys and their respective agents have zero discretion to flout Wel. & Inst. Code §827 when it suits them, therefore a finding of qualified immunity where there is an allegation of non-discretionary activity would be improper. Qualified immunity when one violates laws so very clear on their face, and designed to provided procedural due process and avoid violations of the parties privacy rights under the 4th Amendment, just does not apply to absolve the Defendants of their actions.

IV. CONCLUSION

Plaintiffs submit they have adequately alleged every element necessary to proceed into discovery on the facts and circumstances underlying the actions of these Defendants in participating in a scheme to circumvent the statutory protections afforded the Plaintiff parents and children in this case, and ask the Court deny the relief requested by the Defendants' Motion to Dismiss entirely.

If the Court does not agree, Plaintiffs request leave to amend the Complaint and address any perceived deficiencies in the allegation of their claims.

Respectfully submitted,

POWELL & ASSOCIATES

Date: June 24, 2019

/S/ Robert R. Powell
ROBERT R. POWELL
Attorney for Plaintiffs

15

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S.D.C. Eastern Dist. Cal. Case No. 19-CV-00204-AWI-BAM