ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
**POWELL & ASSOCIATES**
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201
F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X., EMANUEL ALVES,<br><br>                Plaintiffs,<br><br>   v.<br><br>CARRIE STEPHENS, COUNTY OF STANISLAUS, ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC), BRAD J. SWINGLE, AMANDA HEITLINGER, Does 1-20,<br><br>                Defendants. | Case No: 19-CV-00204-AWI-BAM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS COUNTY OF STANISLAUS AND CARRIE STEPHENS' MOTION TO DISMISS [F.R.C.P. 12(b)(6)]**<br><br><br>Hearing Date: July 8, 2019<br>Hearing Time: 1:30 P.M.<br>Courtroom 2<br>Hon. Anthony W. Ishii |

i

Plaintiffs' Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

## TABLE OF CONTENTS

I.      INTRODUCTION...........................................................................................1

II.     LEGAL STANDARD....................................................................................3

III.    ARGUMENT.................................................................................................4

   A.   THE NINTH CIRCUIT HAS RECOGNIZED A CONSTITUTIONAL
        RIGHT TO PRIVACY FOR STATE JUVENILE CASE FILES..........................4

   B.   W&IC § 827 CREATED A CLEARLY ESTABLISHED LIBERTY
        INTEREST IN CONFIDENTIAL JUVENILE CASE FILES, AND
        UNAUTHORIZED ACCESS IS A PROCEDURAL DUE PROCESS
        VIOLATION UNDER THE 14TH AMENDMENT.........................................7

        1.  Plaintiffs Have Adequately Stated a Plausible Claim for Relief Under 42
            U.S.C. § 1983 because State Law Violations Can Be Used to Establish the
            Violation of a Constitutional Right ...............................................10

        2.  For the Same Reason W&IC § 827 Helped to Clearly Establish a Liberty
            Interest to Satisfy a Claim for Relief Under 42 U.S.C. § 1983, W&IC § 827
            is also Clearly Established Law, The Violation of Which Defeats Any
            Defense of Qualified Immunity....................................................11

        3.  Notwithstanding That Stephens and the County Should Have Reasonably
            Known It Would Violate the Law to Share Juvenile Case-Files, Stephens'
            Acts Were Non-discretional and Therefore Not Entitled to the Protection of
            Qualified Immunity....................................................................12

   C.   IN LIGHT OF THE CASELAW AND REASONING ABOVE, PLAINTIFFS HAVE
        ADEQUATELY PLEADED A CLAIM FOR PUNITIVE DAMAGES.................14

IV.     CONCLUSION.............................................................................................15

i

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................... 3

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir.1996)......................................3

*Carlo v. City of Chino*, 95-55798, 105 F.3d 493 (9th Cir. 1997).................................. 9

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011)...................................... 3

*Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010).............................. 3

*Davis v. Sherer*, 468 U.S. 183 (1984)........................................................... 10, 11, 12, 13

*Devereaux v. Abbey*, 263 F. 3d 1070 (9th Cir. 2001)...........................................11

*D. K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184 (ED Cal. 2009).... 3

*F.E. Trotter, Inc., v. Watkins*, 869 F. 2d 1312 (9th Cir. 1989)................................ ....13

*Gonzalez v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal., Aug. 7, 2018)..............6

*Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003)........................................ 2, 4, 5, 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)........................................................11

*Johnson v. State of Cal.,* 207 F.3d 650 (9th Cir. 2000) ........................................... 3

*Mabe v. County of San Bernardino*, 237 F.3d 1101 (9th Cir. 2001)............................ 4, 8

*Malley v. Briggs*, 475 U.S. 335 (1986)..........................................................11

*Moodian v. County of Alameda*, 206 F. Supp. 2d 1030 (N.D. Cal. 2002)........................11

*Planned Parenthood of Missouri v. Danforth*, 428 U.S. 52 (1976)..............................10

*Rigsby v. Cty. of L.A.*, 2011 U.S. Dist. LEXIS 158501 (C.D. Cal. 2011)..........................5, 6

*Schneider v. California Dept. of Corr.*, 151 F.3d 1194 (9th Cir. 1998)............................3

*Smith v. Maryland*, 442 U.S. 735 (1979)............................................................9

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir.)........................................3

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

*Wilks v. Reyes*, 5 F. 3d 412 (9th Cir. 1993)…………………………………………………….4

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)……………………………………………...……11

### ***Federal Rules of Civil Procedure***

Fed. R. Civ. Pro. 12(b)(6)…………………………………………………………………… 2

42 U.S.C. § 1983……………………………………………………………………………10, 11

### ***Relevant California Statutes***

Cal. Welf. & Inst. Code § 827…………………………………………………….…………passim

iii

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al. v. Carrie Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

## I.   INTRODUCTION

In a previously filed civil rights matter, Plaintiffs herein are suing the County of Stanislaus for the alleged wrongful removal of the minor children by social workers from the County's Community Services Agency. [*Nunes v. County of Stanislaus*, No.: 17-cv-00633-DAD-SAB.]  They kept the children and parents separated (they visited of course) for just shy of two months without having ever filed a juvenile court case Petition, and, after keeping from the parents evidence received literally a day after they forced the separation by forced signing of a "safety plan," which evidence made clear the injury to the child was of a common nature in a common area of the body – not child abuse.

In defending itself from that suit, the County of Stanislaus retained the law firm of Arata, Swingle, Van Egmond & Goodwin ("A&S"), who were contracted to represent the government entity for various civil litigation matters. (Complaint, 4:2-6).

Plaintiffs filed this current action on February 12, 2019, against Carrie Stephens and the County of Stanislaus. Plaintiffs allege that Carrie Stephens provided unlawful access to the minor children's statutorily protected juvenile case files to A&S, in violation of California's Welfare & Institutions Code § §827 during – in fact it is believed preceeding – the filing of the lawsuit in the prior action, and that she did so pursuant to a policy, custom and practice of the County of Stanislaus.  This unlawful access and inspection of confidential juvenile files violated Plaintiffs' privacy rights guaranteed under the United States Constitution and the parents and children's procedural due process rights to notice and an opportunity to be heard on the issue of accessing the files.

1

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

The Defendant Carrie Stephens, a former deputy County Counsel, as well as the County of Stanislaus, have now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

In summary, Plaintiffs will argue that,

**1)** *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), cert. denied 540 U.S. 940 (2003) has recognized that access to juvenile case files by persons other than those statutorily authorized to access (or those receiving court approval through a W&IC §827 petition process) is a constitutional violation,

**2)** the state statute the Defendants violated creates a clearly established liberty interest in the confidential materials and information in a juvenile case file (as that term is defined under California law at CRC 5.552), and a violation of that procedure – such as ignoring it – is a procedural due process violation under the 14th Amendment, also, the U.S. Supreme court has recognized 4th Amendment rights in privacy of minors where courts already recognize rights of privacy; as is the case with W&IC §827

**3)** qualified immunity does not protect the plainly incompetent or those who knowingly violate the law, and Stephens has zero discretion to flout the law and claim qualified immunity

**4)** Plaintiffs adequately pleaded a claim for punitive damages.

Plaintiffs of course also make the point the Defendants efforts to dissolve Plaintiffs' claims come in the context of a Motion to Dismiss pursuant to FRCP 12(b)(6), a proceeding deferential to the Plaintiffs' well pled allegations – still in a "notice pleading" forum even after the holdings in *Twombly* and *Iqbal* – and respectfully request leave to amend if in fact the Court finds the Plaintiffs Complaint and allegations in it wanting.

2

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

## II.    LEGAL STANDARD

When the Court is deciding on a Motion to Dismiss for failure to state a claim, all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *D. K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1189 (ED Cal. 2009). All reasonable inferences are in favor of the nonmoving party. *Johnson v. State of Cal.,* 207 F.3d 650, 653 (9th Cir. 2000). "The complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.)

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

III.   **ARGUMENT**

A.  **THE NINTH CIRCUIT HAS RECOGNIZED A CONSTITUTIONAL RIGHT TO PRIVACY FOR STATE JUVENILE CASE FILES**

There are only two elements necessary to establish a claim under 42 U.S.C. § 1983 – (1) a person or entity acts under color of state law, (2) to violate the constitutional rights of another person. [*See* 42 U.S.C. § 1983; *Mabe v. San Bernardino County*, 237 F.3d 1101, 1106 (9th Cir. 2001).]

In *Gonzalez v. Spencer*, the Ninth Circuit found that unlawful access of juvenile case files violates the constitutional rights of the individual. [*Gonzalez v. Spencer*, 336 F.3d 832, 834-835 (9th Cir. 2003), cert. denied 540 U.S. 940 (2003).] While representing a County agency in a civil rights lawsuit, an attorney cannot access or inspect Juvenile Case Files without judicial authorization, and even if counsel in such a scenario *could* have obtained the case file without permission, they are still required to seek permission from the judge. *See Id.*, at 835.

Had the *Gonzalez* Court not recognized a Constitutional right to juvenile case-file privacy, then Mr. Gonzalez's 1983 claim would have failed at the outset and would have been dismissed for failure to state a claim because the allegations would not be enough to satisfy the second element of a 1983 claim – specifically, the requirement that a Plaintiff allege the violation of a right protected by a U.S. statute or the Constitution.

The Court in that case further stated that if the Plaintiff were able to prove that the appellee violated his constitutional rights, he would be entitled to as least nominal damages. [*Gonzalez, supra,* 336 F. 3d at 835, citing to *Wilks v. Reyes*, 5 F. 3d 412 (9th Cir. 1993).] Therefore, the *Gonzalez* Court *necessarily decided that a constitutional violation was adequately alleged* – i.e., unauthorized access to juvenile case files – which, if proven at trial would entitle the plaintiff to nominal damages.  The *Gonzalez* court stated,

4

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

> Because Spencer improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether Spencer's use of Gonzalez's file in depositions <u>also</u> violated his constitutional rights. [*Id*. 835]

The Court's choice of the word "*also*" in its decision clearly evinces its reasoning that there exists a cognizable constitutional right to privacy for juvenile case-files, and that the question of whether or not *use* of such files "*also*" violated the Plaintiff's rights was an issue the Court would not need to answer; in other words "*access*" by privately retained counsel was enough for a constitutional rights violation.

The Defendants relied in their motion to dismiss on an unpublished, lower court decision, *Rigsby v. Cty. of L.A.*, 2011 U.S. Dist. LEXIS 158501 (C.D. Cal. 2011), which has no precedential value at all.  Also, the facts of *Rigsby* are markedly different than *Gonzalez*. As it is 2019, Plaintiffs can refer the Court to the half-hour long argument in the 9th Circuit; https://www.courtlistener.com/audio/41122/armonia-rigsby-v-county-of-los-angeles/ What anyone who is willing to listen will hear, is a lengthy argument about the manner in which the social worker accessed and used juvenile case files – at no point does the *Rigsby* court discuss or explore the issue of a violation of privacy rights that are constitutionally protected. The discussion was entirely about *the rights of social workers* to use juvenile case files from one case in another juvenile case. The *Rigsby* court's comments about *Gonzalez* were not necessary to the Court's findings and therefore dicta.

In *Rigsby*, the defendants alleged to have unlawfully accessed juvenile files were County social workers, as opposed to *Gonzalez*, where, similar to this case, the allegations were against civil litigation counsel retained to serve the County's interests. [*Gonzalez, supra,* 336 F. 3d at 834; *Rigsby, supra,* 2011 U.S. Dist. LEXIS 158501, at \*2]

The *Rigsby* Court, therefore, only examined juvenile case file privacy in the context *social workers* who were alleged to have unlawfully accessed the files during an ongoing juvenile proceeding. This crucial difference explains the *Rigsby* Court's analysis in contrast

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

with the *Gonzalez* Court's analysis. [Id. *2 – noting *Gonzalez* did not address the access of juvenile court records *by social workers*].

Social workers – like the court personnel referenced in *Gonzalez* – are authorized to inspect juvenile case-files without prior judicial authorization under California law. Cal. Wel. & Inst. Code, §§827(a)(1)(A) & (H). Plaintiffs allege in this case that it was not social workers who accessed the juvenile case-files, but private attorneys from the County-contracted law firm A&S. *Rigsby*'s holding and analysis are not relevant in this matter.

Defendants also relied on *Gonzalez v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal., Aug. 7, 2018), another unpublished case. The context in which *Gonzalez v. Spearman* was decided, like the *Rigsby* decision, distinguishes it from this case significantly.

In *Gonzalez v. Spearman*, the Court was tasked with ruling on a petition for writ of habeas corpus, wherein the petitioner alleged that information was improperly taken from his juvenile case files and was admitted into evidence in his criminal case. [*Gonzalez, supra,* 2018 U.S. Dist. LEXIS 132975, at *23.] Applying a similar analysis to this case would be improper due to this large difference in context between *Gonzalez v. Spearman* and *Gonzalez v. Spencer*.

*Gonzalez v. Spencer*, as a published Ninth Circuit case, recognized a constitutional right to privacy for juvenile case-files, and clearly ruling with constitutional considerations in mind, left open the question of whether *use* of those same files was *also* a potential constitutional violation if proven.

As a final point regarding the basis of federal claims asserted by Plaintiffs, Defendants claim in their motion to dismiss that Plaintiffs are asserting claims under the Health Insurance Portability and Accountability Act (HIPPA). This is incorrect. Plaintiffs have alleged the documents were protected by HIPPA for two reasons. One, is to point out the sensitive nature of the kind of documents in juvenile case files. Two, is to infer that Stephens was aware that the information contained in the juvenile case-file was not only often protected from

6

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

disclosure at the state level, but also at the federal law privacy level, giving rise to the further reasonable inference that Stephens had reason to know her actions were unlawful at the time she engaged in the alleged conduct.

### B. W&IC §827 CREATED A CLEARLY ESTABLISHED LIBERTY INTEREST IN CONFIDENTIAL JUVENILE CASE FILES, AND UNAUTHORIZED DISSEMINATION IS A PROCEDURAL DUE PROCESS VIOLATION UNDER THE 14TH AMENDMENT

Defendants Carrie Stephens and the County of Stanislaus incorrectly claim that Plaintiffs' action is based entirely and only on an alleged violation of state law. However, the statute alleged to have been violated in this case has clearly established that the violation in question is a Constitutional one. Ms. Stephens and the County of Stanislaus have based all their arguments within their motion to dismiss on the theory that there is no such clearly established right – and extend their reasoning too broadly in an attempt to shield Ms. Stephens from this lawsuit via the doctrine of qualified immunity. The reasoning in *Gonzalez v. Spencer*, however, is clear, and the Defendants cannot now claim that Plaintiffs have failed to adequately allege a violation of their Constitutional rights when Ms. Stephens and the County unlawfully shared access to the plaintiffs protected casefile.

Defendants also make a strange request of the Court when it asks the Court to dismiss the County of Stanislaus from Plaintiff's First Claim for Relief. Because the Plaintiffs alleged in their First Claim for Relief allegations of fact against the "individual defendants," Defendants believe that that somehow discharges the County for violation of Plaintiffs rights. However, the very next claim for relief is where Plaintiffs allege facts to show that the County was the moving force behind the behavior that violated Plaintiff's rights, due to their policies, customs, and practices and/or non-existent or inadequate training. The header in Plaintiff's First Claim for Relief state that the first cause of action is asserted against "All Defendants" for violation of the Plaintiffs' privacy rights. And the header in the Second Claim for Relief

7

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

cites specifically the County for, "*Monell* Related Claims for Invasion of privacy/Unauthorized Access and Inspection of Juvenile Records and/or Case Files."

Frankly, Plaintiffs do not think they could have made the Complaint more clear. The factual predicate for all liability for anyone is the conduct of accessing and distributing the juvenile case file without following the state statute and the due process it embodies, a.k.a. the First Claim for Relief. And the Second Claim for Relief is how the County bears liability pursuant to the *Monell* theory, for their policies, customs, and practices and/or non-existent or inadequate training. Plaintiffs did not allege respondeat superior liability against the County.

The argument is non-sensical and should be disregarded entirely.

### 1. Plaintiffs Have Adequately Stated a Plausible Claim for Relief Under 42 U.S.C. § 1983 because State Law Violations Can Be Used to Establish the Violation of a Constitutional Right

As Defendants consist of a County government and an attorney formerly employed by said government, it is a reasonable inference in favor of Plaintiffs, which is required to be applied here, that accessing and using state law privileged documents/information protected by due process ensuring procedures, the Defendants were at the very least "incompetent," and least inferentially, "knowingly violating the law." In fact, it would be an entirely unreasonable inference to believe that the Defendants could have "objectively believed" their conduct was lawful, a required second prong of qualified immunity analysis Defendants would have the burden of proving. [*Mabe v. County of San Bernardino*, 237 F.3d. 1101, 1106 (9th Cir. 2001)]

The statute at the heart of all this, the one the Defendants chose to ignore by sharing juvenile case-file information with the law firm Defendants [W&IC §827], is bursting with, and clear in its language about, the breadth of the confidentiality of juvenile case files. In fact the very first thing the statute addresses is "who" can even "inspect[]" a juvenile case file. [*Id.* (a)(1)(A)-(R), see also (4)]. While the County of Stanislaus – and by extension of her employment with County at the time, Carrie Stephens – were on Section 827's small list of persons who are allowed access to juvenile case-files, there is a reasonable inference that they

8

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

were also aware of the types of persons or entities they were *not* permitted to share information from the case file with; for instance, A&S, Mr. Swingle, and Ms. Heitlinger.

This hawk-eyed approach of the legislature protecting juvenile case file confidentiality should come as no surprise. These are files always containing at the very least personal and private information (even social security numbers can be found in juvenile case files), and sometimes embarrassing and even horrific information, such as in cases involving sexual abuse of children. Files may be filled with the child's medical records or may contain mental health evaluations on the parents and/or the children.

Further, they contain countless documents and/or information that would never even overcome the "necessary [to the civil/criminal litigation] and have *substantial* relevance" required by the W&IC §827 process, *to even make it out of the juvenile case files* on a motion, much less into evidence in matters in the civil litigation! [CRC 5.552 (6)]. Section 5.552 sets the foregoing standards, and requires a weighing process be applied by the juvenile court judge.

For that reason, W&IC §827 requires a noticed motion. [*Id.* (2)(D); (3)(A)]. That opportunity to receive notice and be heard aligns perfectly with that familiar notion of "procedural due process," as expressed in the statute; the statute is clearly meant to protect it. The statute says, "Prior to the release of the juvenile case file or any portion thereof, the court shall afford due process, including a notice of and an opportunity to file an objection to the release of the record or report to all interested parties." [*Id.* (3)(B)]. "Procedural due process," being the single-most important point of the 14th Amendment to the U.S. Constitution.

W&IC §827 and its protective terms and process requirements also protects family members legitimate expectations of privacy under the 4th Amendment in juvenile case litigants of their privacy in their juvenile case file. The 4th Amendment embraces two questions, 1) whether the individual exhibited an actual expectation of privacy, and, 2) whether that expectation is one society is "prepared to recognize as reasonable." [*Smith v.*

9

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

*Maryland*, 442 U.S. 735, 740 (1979)]  The U.S. Supreme Court has held that 4th Amendment

protections may be inferrable from the court's recognition of minors' rights to privacy.

[*Planned Parenthood of Missouri v. Danforth* (1976) 428 U.S. 52] As noted, clearly the State

legislature has demanded the Court's recognition of a minor's rights of privacy in juvenile

case files, and with such vigor as to make unauthorized access and dissemination a crime!

California state statutes can make constitutional rights clearly established, and indeed

W&IC §827 does that.  In *Carlo v. City of Chino*, 95-55798, 105 F.3d 493 (9th Cir. 1997), the

9th Circuit ruled that a jail watch commander was not entitled to qualified immunity for failure

to allow an arrestee to place a phone call, finding that a California state statute clearly

established the right to make such calls. The *Carlo* court found that the statute created a

liberty interest which is afforded procedural due process protection under the 14th

Amendment. [Id.]

Like in *Carlo*, the statute at issue here [W&IC §827] placed substantive limitations on

government actor discretion; it limited not only access, but the right of a person with access to

disseminate. [*Carlo*, at 499]. Despite County Counsel's right to access and inspect the case-

files under 827, the same statute makes absolutely clear that anyone not on that list is not

permitted to inspect the files without a court order. The *Carlo* Court relied on U.S. Supreme

Court decision *Davis v. Sherer*, 468 U.S. 183 (1984), in part, for its reasoning:

> State law may bear upon a claim under the Due Process Clause when the ...
> interests protected by the Fourteenth Amendment are created by state law."
> [Citation omitted] Here, the California statute was the basis for Carlo's claim
> and thus bears on whether the federal right (procedural protection of the state-
> defined constitutional liberty right) was clearly established. [*Carlo*, 501]

The reasoning of the *Carlo* and *Gonzalez v. Spencer* Courts makes clear that there exists

a Constitution liberty interest protected by California's W&IC § 827, the violation of which

can give rise to a civil rights action under 42 U.S.C. § 1983.

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

**2. For the Same Reason W&IC § 827 Helped to Clearly Establish a Liberty Interest to Satisfy a Claim for Relief Under 42 U.S.C. § 1983, W&IC § 827 is also Clearly Established Law, The Violation of Which Defeats Any Defense of Qualified Immunity**

Public officials are protected by qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." [*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).] In attempting to show that a right was clearly established, Plaintiffs do not need to show that the specific conduct giving rise to liability was previously found to be unconstitutional. [*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017).] As a result, precedent that is directly on point is not necessary. [*Devereaux v. Abbey*, 263 F. 3d 1070, 1075 (9th Cir. 2001).] If the unlawfulness of the conduct is apparent in light of preexisting law, then the standard for clear establishment is satisfied. *Ibid*. The "unlawfulness of the conduct" complained of by Plaintiffs is brought brightly into focus, when one considers that W&IC §827 Section (2)(C) clearly states, "(C) An intentional violation of the confidentiality provisions of this paragraph is a misdemeanor punishable by a fine not to exceed five hundred dollars ($500)."

A maxim of jurisprudence in the area of qualified immunity that applies here, that beseeches the denial of qualified immunity when "the unlawfulness of the conduct is apparent," and applies to these Defendants actions is that qualified immunity protects, "all but the plainly incompetent and those who knowingly violate the law." [*Malley v. Briggs*, 475 U.S. 335 (1986).] As stated by the Court in *Moodian v. County of Alameda* [ ], 206 F. Supp. 2d 1030 (N.D. Cal. 2002), albeit in a slightly different context (involving analysis of clearly established law in the context of warrantless removal of children), "Frankly, it is difficult to conceive how a social worker, whose work is directly governed by state law and regulation, could claim to have a reasonable belief that a warrantless removal that is expressly prohibited by state law and regulation is somehow permitted by the Constitution." [*Id*. 1035] The U.S. Supreme Court in *Davis v. Sherer*, 468 U.S. 183 (1984), echoes this rationale:

11

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

[N]either federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—*unless that statute or regulation provides the basis for the cause of action sued upon*." [*Davis*, 194 n. 12 (emphasis added).]

The County of Stanislaus is the very custodian of the juvenile case files in question. Alarmingly, Stephens and the County argue in their motion to dismiss that "defendant Stephens could not have known the alleged conduct was unlawful under section 1983 when she allegedly disclosed information pertaining to the juvenile record since there is no constitutional right to privacy in juvenile records." [Def. County's Mtn. to Dismiss, ECF: 15, at p. 8.] At the very minimum, it would be absurd to suggest that County Counsel and Defendant Stephens were unaware that sharing juvenile case info to anyone not explicitly mentioned in W&IC § 827 was acceptable within the laws of California, let alone the clearly established caselaw discussed above. As the custodian of the very files in question, it is unreasonable to suggest that County Counsel and Ms. Stephens did not know they could share them with unauthorized persons. Allowed the reasonable inference that Ms. Stephens can read the English language possibly better than most as a County Counsel who actually worked in the juvenile dependency courts, it is actually absurd to say she did not know she was violating the law and the Plaintiffs' rights to the private and personal information contained in any juvenile case file.

### 3. Notwithstanding That Stephens and the County Should Have Reasonably Known It Would Violate the Law to Share Juvenile Case-Files, Stephens' Acts Were Non-discretional and Therefore Not Entitled to the Protection of Qualified Immunity

Plaintiffs have already established that qualified immunity will not protect those who are incompetent or knowingly violate the law, and it is a quite reasonable inference that Stephens acted incompetently at a minimum, and as pled there is no question she violated the law. Non-discretionary conduct is not protected by the doctrine of qualified immunity, and Ms. Stephens has zero discretion to violate the law.

12

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

The doctrine of qualified immunity "shields only actions taken pursuant to discretionary functions." *F.E. Trotter, Inc., v. Watkins*, 869 F. 2d 1312, 1314 (9th Cir. 1989) - citing *Davis v. Scherer*, 468 U.S. 183, 196 n. 14 (1984).  Under the law at the time of the conduct alleged, Ms. Stephens did not have a choice whether or not to obey the explicit language of W&IC § 827.

In *Watkins*, trustees of an estate sued the Navy alleging that a report created by the government was not properly in conformity with applicable regulations, leading to the report overstating the extent of aircraft noise as a pretext to expand onto the landowner's property. [*Id*. 1313] The Court's analysis of whether strict conformity with the report-drafting regulations was discretionary is helpful for analysis in this case. Ultimately, the *Watkins* Court ruled that the Navy was entitled to qualified immunity because, although data collection for a report seems ministerial – as opposed to discretionary – the Court identified that:

> Few official actions consist entirely of the unfettered exercise of discretion; most
> have some ministerial element. In our characterization of a duty as ministerial or
> discretionary, we therefore consider the duty as a whole. Here, for the reasons
> given above, we find that the preparation of an AICUZ is a discretionary function.
> *Id*., at 1315.

The alleged conduct of Ms. Stephens cannot reasonably be said to be discretionary. No matter where the line is drawn between ministerial and discretionary duties, it stands to reason that the naked violation of a state statute cannot, under any circumstances, be considered "discretionary." The "duty as a whole" in this case could very well be said to be the duty to not violate the law.

The California law protecting juvenile case-files is not some administrative provision designed to assist government officials in their official duties; it is a law that protects sensitive and confidential information that all persons – let alone government attorneys who are ostensibly the very ones who are supposed to safe-guard confidential juvenile case-files – are obligated to obey when accessing or distributing information contained therein. [*See Davis v. Scherer*, 468 U.S. at 194 -"Officials sued for constitutional violations do not lose their

13

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

qualified immunity merely because their conduct violates some statutory or administrative provision."]

Governments, attorneys and their respective agents have zero discretion to flout Wel. & Inst. Code §827 when it suits them, therefore a finding of qualified immunity where there is an allegation of non-discretionary activity would be improper.  Qualified immunity when one violates laws so very clear on their face, and designed to provided procedural due process and avoid violations of the parties privacy rights under the 4th Amendment, just does not apply to absolve the Defendants of their actions.

### C.  IN LIGHT OF THE CASELAW AND REASONING ABOVE, PLAINTIFFS HAVE ADEQUATELY PLEADED A CLAIM FOR PUNITIVE DAMAGES

Defendants move to strike Plaintiff's punitive damages claims on the grounds that said claims are immaterial. Their argument is based *entirely* on their incorrect claim that an alleged violation of liberty interests protected by W&IC § 827 provides no grounds for relief under 42 U.S.C. § 1983. This is not the correct standard to apply. Punitive damages, as Defendants do point out, is proper when "a defendant's conduct… involved a reckless or callous indifference to the constitutional rights of others." [*Gay-Straight Alliance Network v. Visalia Unified School Dist.*, (E.D. Cal. 2001) 2001 U.S. Dist. LEXIS 25317, 57.]

Given that a constitutional liberty interest is protected by W&IC § 827, and given that Plaintiffs have adequately alleged facts to show Stephens' willful violation of the California statute, this creates a logical inference that Stephens acted with "reckless or callous indifference to the constitutional rights of others" by violating clearly established law protecting a constitutional right. In light of the relevant law, Plaintiff have more than met their burden of factual allegations to withstand a 12(b)(6) motion.

## IV.  CONCLUSION

Plaintiffs submit they have adequately alleged every element necessary to proceed into discovery on the facts and circumstances underlying the actions of these Defendants in

14

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM

1   participating in a scheme to circumvent the statutory protections afforded the Plaintiff parents

2   and children in this case, and ask the Court deny the relief requested by the Defendants'

3   Motion to Dismiss entirely.

4        If the Court does not agree, Plaintiffs request leave to amend the Complaint and address

5   any perceived deficiencies in the allegation of their claims.

6

7

8

9

10

11

12                                              Respectfully submitted,

13                                              POWELL & ASSOCIATES

14   Date: June 24, 2019                      _____/S/ Robert R. Powell_____

15                                            ROBERT R. POWELL
                                         Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Defendants' Motion to Dismiss
Nunes, et al., v. Stephens, et al.
U.S. District Court for the Eastern District of California
Case No.: 19-CV-00204-AWI-BAM