1  Michael R. Mordaunt, Esq., Bar No. 66911
Lori A. Reihl, Esq., Bar No. 246395
2  RIGGIO MORDAUNT & KELLY
A Professional Law Corporation
3  Mailing Address: P.O. Box 7608
Stockton, CA 95267
4  Physical Address: 2509 West March Lane, Suite 200
Stockton, CA  95207
5  Telephone: (209) 473-8732

6  Attorneys for Defendants
CARRIE STEPHENS, AND
7  COUNTY OF STANISLAUS

8

9

10                         UNITED STATES DISTRICT COURT

11                                 DISTRICT COURT

12  ANGELINA NUNES, individually and          Case No. 1:19-cv-00204-AWI-BAM
    as Guardian Ad Litem for her minor
13  children D.X. and L.X., EMANUEL           **REPLY TO OPPOSITION TO MOTION TO**
    ALVES,                                    **DISMISS COMPLAINT ON BEHALF OF**
                                              **DEFENDANTS CARRIE STEPHENS AND**
14                  Plaintiff(s),             **COUNTY OF STANISLAUS**

15  vs.                                       **Date:        July 8, 2019**
                                              **Time:        1:30 P.M.**
16  CARRIE STEPHENS, COUNTY OF                **Judge:       Hon. Anthony W. Ishii**
    STANISLAUS, ARATA, SWINGLE,               **Courtroom:  2**
17  VAN EGMOND & GOODWIN (PLC),
    BRAD J. SWINGLE, AMANDA L.                **Complaint Filed:  February 12, 2019**
18  HEITLINGER,
    Does 1-20,
19
                    Defendant(s).
20

21  **I.        INTRODUCTION**

22          In order to survive a motion to dismiss, the complaint must contain sufficient factual matter

23  to state a claim to relief that is plausible on its face. (Ashcroft v. Iqbal (2009) 556 U.S. 662, 678,

24  citing Bell Atlantic Corp v. Twombly (2007) 550 U.S. 544, 570.)  Plaintiffs have failed to meet

25  their burden on this motion to dismiss since they cannot establish any claim under 42 USC §1983

26  that is plausible on its face.  Plaintiffs rely entirely on a theory that defendants violated a state

27  statute which fails to establish any violation of a right secured by the Constitution or laws of the

28  United States, necessary to state any claim under section 1983.  Additionally, plaintiffs rely heavily

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

1

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1  on case law that is inapplicable to this action.  Therefore, defendants' motion to dismiss should be

2  granted.

3  **II.      ARGUMENT**

4        **A.      PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY CAN STATE ANY CLAIM AGAINST DEFENDANTS CARRIE STEPHENS OR THE**

5        **COUNTY OF STANISLAUS UNDER 42 USC §1983.**

6       To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right

7  secured by the Constitution and laws of the United States and must show the alleged deprivation

8  was committed by a person acting under color of state law.  (<u>West v Atkins</u> (1988) 487 US 42, at

9  48-49.)  Plaintiffs' opposition confirms that the sole basis of this action is the claim that defendant

10  Carrie Stephens provided access to juvenile case files in violation of California's Welfare &

11  Institutions Code §827, and that she did so pursuant to a policy, custom and practice of the County

12  of Stanislaus.  (See Plaintiff's Opposition, Docket No. 23, pg. 1, lines 18-23.)  Plaintiffs claim that

13  this alleged violation of state law constitutes the constitutional violation necessary to state a claim

14  under Section 1983.

15       On this issue, plaintiffs rely on a single case, <u>Gonzalez v. Spencer</u> (9th Cir. 2003) 336 F.3d

16  832, for their claim that a violation of California state law (Welfare and Institutions Code §827) "is

17  a constitutional violation."  However, the Ninth Circuit in <u>Gonzalez</u> does not reach this holding and

18  has actually been cited to the contrary.

19       While <u>Gonzalez</u>, involves allegations of access to juvenile case files, the Ninth Circuit never

20  reached the issue of whether a violation of Welfare and Institutions Code §827 constituted a

21  constitutional violation.  (See <u>Gonzalez v. Spencer</u> (9th Cir. 2003) 336 F.3d 832, 835.)   Contrary to

22  the assumptions by plaintiffs that the Gonzalez court must have "necessarily" decided that a

23  constitutional violation was alleged, subsequent case law actually addresses this exact issue in

24  stating:

25     "<u>Gonzalez</u> **does not** compel a finding that the Ninth Circuit's informational privacy
26     balancing test is inapplicable… or that a violation of state law suffices to establish a constitutional privacy violation."  (<u>Ismail v County of Orange</u> (C.D. Cal. 2014) 2014 US
27     Dist. LEXIS 64498, 28-29; emphasis added.)

28  ///

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

2

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1  Instead, the <u>Gonzalez</u> court only "held that the attorney's actions violated state law" and "has very

2  limited precedential value."  (<u>Id</u>. at 28-29, and 30.)

3       However, <u>Ismail v County of Orange</u>, <u>supra</u>, did address the issue in this case, whether the

4  allegation of a violation of state law is sufficient to state a claim under Section 1983.  On that issue,

5  <u>Ismail</u> specifically provides, "violations of state law alone are not actionable under section 1983."

6  (<u>Ismail v County of Orange</u> (C.D. Cal. 2014) 2014 US Dist. LEXIS 64498, 25.)

7       Plaintiffs also attempt to distinguish defendants' case law that is directly on point under

8  inapplicable grounds.  First, plaintiffs references that <u>Gonzales v Spearman</u> (E.D. Cal. 2018) 2018

9  US District LEXIS 132975 and <u>Rigsby v County of Los Angeles</u> (C.D. Cal. 2011) 2011 US Dist.

10  LEXIS 158501, are "unpublished" is not accurate.  Neither case is unpublished.

11       Additionally, plaintiffs attempt to distinguish the applicable cases by asserting they were

12  decided in different "contexts" fails.  For example, plaintiffs' attempt to distinguish <u>Rigsby v</u>

13  <u>County of Los Angeles</u> (C.D. Cal. 2011) 2011 US Dist. LEXIS 158501, as cited in the moving

14  papers, by contending that case involved a social worker's access to juvenile case files, as opposed

15  to an attorney's access.  However, in <u>Rigsby v County of Los Angeles</u> (C.D. Cal. 2011) 2011 US

16  Dist. LEXIS 158501, the court actually responded to <u>Gonzalez v. Spencer</u>, <u>supra</u>, the same case

17  relied on by plaintiffs here, in stating:

18

19       "Plaintiffs also claim that in *Gonzalez*, 'the court held that an attorney
         who accessed the plaintiff's juvenile court file without notifying him
20       and without obtaining authorization from the juvenile . . . violated his
         right under the Fourth and Fourteenth Amendments and California
21       law.'  The court in *Gonzalez*, however, **did not** make such a
         holding. Rather, Plaintiffs rely on the court's summary of Gonzalez's
22       claim: 'He *alleged that* Spencer's conduct violated his rights under
         the Fourth and Fourteenth Amendments and California
23       law.' **Contrary to Plaintiffs' assertion**, the *Gonzalez* court **did not
         find** that Spencer's use of Gonzalez's file violated any of his rights
24       under the United States Constitution."  (<u>Id</u>. at 6-7 (internal citations
         omitted); emphasis added.)
25

26       Thus, regardless of the "context" in evaluating allegations of a social worker or an

27  attorney's alleged improper access of juvenile case files, "[t]here is no "right of privacy" for

28  juvenile records expressly guaranteed by the United States Constitution."  (<u>Id</u>. at 7.)

Riggio Mordaunt & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

3

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1    Plaintiffs also make reference to an assertion that this action involves a due process

2  violation. However, this exact issue in this action has already been addressed by this court in

3  Gonzales v Spearman (E.D. Cal. 2018) 2018 US District LEXIS 132975, as set forth in the moving

4  papers.  Specifically, although California Welfare and Institutions Code § 827 establishes a right to

5  confidentiality of juvenile records under state law, "there is no corresponding federal due process

6  right."  (Gonzales v Spearman (E.D. Cal. 2018) 2018 US District LEXIS 132975, 28.)

7    Notably, plaintiff's only response to Gonzales is the assertion that the case involved a

8  different context of habeas corpus relief.  However, just as it is necessary to state an action under

9  Section 1983, habeas corpus relief is dependent on a violation of the Constitution or federal law.

10  (See Id. at 13.)  Similarly, just as in Gonzales, plaintiffs have not alleged a violation that supports

11  an action under Section 1983, since there is no corresponding federal due process right to

12  confidentiality of juvenile records.

13    Despite this case law directly on point, plaintiffs remaining arguments contend that

14  "California state statutes can make constitutional rights clearly established" and thus plaintiffs

15  claim they have stated a due process claim.  However, for this proposition plaintiffs rely on Carlo v

16  City of Chino (9th Cir. 1997) 105 F.3d 493, which evaluated only whether a specific state right to a

17  post-booking phone call creates a liberty interest under the 14th Amendment and has no relevance

18  to this action.  Notably, plaintiffs have not cited any similar legal authority on this issue applying a

19  federal due process right under the state law at issue in this action.  This is because, there is no

20  corresponding federal due process right to California's Welfare and Institutions Code §827.  (See

21  Gonzales v Spearman (E.D. Cal. 2018) 2018 US District LEXIS 132975, 28.)

22    Since plaintiffs' entire action is based on an alleged violation of state law that does not give

23  rise to any violation of a right secured by the Constitution and laws of the United States necessary

24  to state any claim under section 1983, the action should be dismissed.

25               **1.  Defendant Carrie Stephens is Also Immune From Liability.**

26    Qualified immunity involves a two part consideration: (1) whether the facts that plaintiff has

27  alleged or show make out a violation of a constitutional right, and (2) whether the right at issue was

28  clearly established at the time of the defendant's alleged misconduct.  (Pearson v Callahan (2009)

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

4

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1  555 US 223, 232.)  Plaintiffs have not established that they can overcome either element of

2  qualified immunity applicable to defendant Carrie Stephens in this action.

3          Plaintiffs contend that qualified immunity does not apply because this action involves an

4  allegation that defendant Stephens violated Welfare & Institutions Code §827, and that in turn does

5  not fall under discretionary conduct.  However, the theory that a violation of a state law overcomes

6  qualified immunity has been considered and rejected by the Supreme Court.  In Davis v Scherer

7  (1984) 468 US 183, plaintiff contended that the defendants were not entitled to qualified immunity

8  because they failed "to comply with a clear state regulation."  (Id. at 193.)  However, this position

9  was expressly declined by the Supreme Court.  (See Id. at 194.)  The Supreme Court explained an

10  official "will not be held liable in damages under §1983 unless *the constitutional right he was*

11  *alleged to have violated* was 'clearly established' at the time of the violation."  (Id.; emphasis in

12  original.)  Thus, "[o]fficials sued for constitutional violations do not lose their qualified immunity

13  merely because their conduct violates some statutory or administrative provision."  (Id.)

14          As previously set forth, courts within the Ninth Circuit have held that the law regarding

15  the constitutional rights are not clearly established with respect to juvenile court records during or

16  even after the relevant period.  (See Rigsby v County of Los Angeles (C.D. Cal. 2011) 2011 US

17  Dist. LEXIS 158501; See also Ismail v County of Orange (C.D. Cal. 2014) 2014 US District

18  LEXIS 64498, 39-40.)  Therefore, since plaintiff has not alleged any facts that assert a violation

19  of a constitutional right and the alleged violations were not clearly established, defendant Stephens

20  is entitled to qualified immunity and should be dismissed.

21
                    **2.   Plaintiffs Also Fail to State Any Plausible Claim Against County of
22                           Stanislaus Under 42 USC §1983.**

23          Plaintiffs' opposition establishes that the only possible cause of action against the County of

24  Stanislaus is the second cause of action under Monell.  Plaintiffs acknowledge that although the

25  first cause of action is stated against "all defendants" this cause of action is premised on the

26  allegation that individual defendants improperly accessed or distributed the juvenile case file and

27  the second cause of action "is how the County bears liability" pursuant to Monell.  A municipality

28  cannot be held liable under § 1983 on a respondeat superior theory for acts of its employees, but

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

5

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1  instead could only be held liable for injuries caused by the execution of its policy or custom under

2  Monell.  (Monell v Dept. of Social Services (1978) 436 U.S. 658.)   Therefore, plaintiffs cannot

3  state any claim plausible on its face against the County of Stanislaus in the first claim for relief.

4          Further, plaintiffs ignore the issue that they have failed to state a plausible claim under

5  *Monell*.  As previously set forth, a plaintiff who sets forth a *Monell* claim against an entity

6  defendant must show that the entity acted with deliberate indifference to the constitutional rights of

7  the plaintiff in adhering to a policy or custom or by acts of omission. (See Castro v. County of Los

8  Angeles (9th Cir. 2016) 833 F.3d 1060, 1068-69; see also Wilson v. Town of Danville (N.D. Cal.

9  2017) 2017 U.S. Dist. LEXIS 82401, 4-5.)  For the same reasons as previously stated that

10  plaintiffs' entire action is based on an alleged violation of state law that does not give rise to any

11  violation of a right secured by the Constitution and laws of the United States, plaintiffs have not

12  and cannot allege defendants' alleged policies, practices or customs violates any established federal

13  right against the County of Stanislaus.  (See Rigsby v County of Los Angeles (C.D. Cal. 2011)

14  2011 US Dist. LEXIS 158501, 13.)

15          **B.    PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE**

16          **STRICKEN.**

17  The issue with respect to plaintiffs' request for punitive damages is the same issue that

18  applies to plaintiffs' ability to state a plausible claim against the defendants.  Since plaintiffs fail to

19  even state a plausible claim under Section 1983 because there is no constitutional privacy or due

20  process rights in juvenile records, plaintiffs have certainly not stated allegations sufficient to allege

21  "evil motive or intent" or "reckless or callous indifference" necessary to give rise to the heightened

22  recovery of punitive damages against defendant Stephens.  Therefore, the request for punitive

23  damages should be stricken.

24  **III.    CONCLUSION**

25          Based on the moving papers and the foregoing, defendants CARRIE STEPHENS and

26  COUNTY OF STANISLAUS' motion to dismiss should be granted.  A dismissal under Rule

27  12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of

28  sufficient facts alleged under a cognizable theory." (Balistreri v. Pacifica Police Dept. (9th Cir.

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

6

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS

1   1990) 901 F.2d 696, 699.)  Plaintiffs have failed to overcome the issue that they have not and

2   cannot state any violation of the Constitution or federal law necessary to state any claim under 42

3   USC §1983.  Additionally, the claim for punitive damages against defendant Stephens should be

4   stricken.

5

6   Dated: July 1, 2019                                    RIGGIO MORDAUNT & KELLY

7

8                                                          By:   */s/ Lori A. Reihl*
                                                                  Lori A. Reihl, Esq.
9                                                                 Attorneys for Defendants
                                                                  CARRIE STEPHENS AND
10                                                                COUNTY OF STANISLAUS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Riggio Mordaunt  & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

7

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS CARRIE STEPHENS AND COUNTY OF STANISLAUS