RIVERA & ASSOCIATES

11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916 922-1303

Jesse M. Rivera, SBN 84259
Jonathan B. Paul, SBN 215884
Shanan L. Hewitt, SBN 200168
Jill B. Nathan, SBN 186136
Glen A. Williams, SBN 257665
Wendy Motooka, SBN 233589

Attorneys for Defendants:
*Arata, Swingle, Van Egmond & Goodwin,*
*Brad J. Swingle, and Amanda J. Heitlinger*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. NUNES, et al., | Case No.: 1:19-cv-00204 AWI BAM |
| Plaintiffs, | **REPLY TO OPPOSITION AT DOC. 22 BY DEFENDANTS LAW OFFICE OF ARATA, SWINGLE, VAN EGMOND & GOODWIN, INDIVIDUALS BRAD J. SWINGLE AND AMANDA J. HEITLINGER** |
| vs. | |
| C. STEPHENS, et al., | **Fed. R. Civ. P. 12(b)(6)** |
| Defendants. | Date: Monday July 8, 2019
Time: 1:30 p.m.
Place: Courtroom 2
Judge: Hon. Anthony W. Ishii |

///
///
///
///
///

# I. INTRODUCTION

Plaintiffs allege that the Stanislaus County Community Services Agency ("CSA") maintains "juvenile records and/or case file(s)" for minors including Plaintiffs D.X. and L.X. (Compl., ¶ 29). Plaintiffs further allege that responding Defendants received the minor Plaintiffs' case files from the Stanislaus County Community Services Agency ("CSA") and reviewed, inspected and used them in the companion Nunes litigation. (Compl., ¶ 41). Plaintiffs now seek damages in this second litigation for an alleged civil rights violation in association with Defendants' having received and reviewed the juvenile records.

Responding Defendants law firm Arata, Swingle, Van Egmond & Goodwin, and attorneys Mr. Brad J. Swingle and Ms. Amanda J. Heitlinger ("Defendants") filed a motion to dismiss on several grounds including the absence of any cognizable fundamental constitutional right of privacy for juvenile records. As provided in a District Court case in 2011: "The Ninth Circuit...has not extended the right of informational privacy to juvenile records." *Rigsby v. County of Los Angeles*, 2011 U.S. Dist. LEXIS 158501 at *10 (C.D. Cal., Aug. 2, 2011), aff'd 531 F. App'x 811 (9th Cir. 2011). In their opposition, Plaintiffs offer a 2003 Ninth Circuit opinion which does NOT analyze privacy rights under the U.S. Constitution, and which case was furthermore largely *overruled* by the U.S. Supreme Court in *Filarsky v. Delia*, 566 U.S. 377 (2012). (See Doc. 22 at pp. 8-10, discussing *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir.2003). The Complaint fails to state any cognizable legal theory against Defendants under 42 U.S.C. § 1983, and Plaintiffs' section 1983 claim should be dismissed without further leave to amend.

# II. ARGUMENT

**A.   *GONZALEZ V. SPENCER* DOES NOT ESTABLISH A FEDERAL DUE PROCESS RIGHT TO PRIVACY IN JUVENILE FILES**

"[V]iolations of state law alone are not actionable under section 1983." *Ismail v. County of Orange*, 2014 U.S. Dist. LEXIS 64498, *25 (C.D. Cal., March 28, 2014)(internal citations omitted). In order to be entitled to relief under 42 U.S.C. § 1983 for the alleged access to juvenile records, Plaintiffs must demonstrate that the federal constitution protects the unauthorized disclosure of such files. Plaintiffs here allege that the juvenile files in question are protected under California law, but

fail to provide valid authority recognizing a constitutional right to privacy in the files. (Doc. 22, pp. 8-10). The reliance on *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir.2003) by the Nunes Plaintiffs is misplaced. *Gonzalez* is not on point, as the Court <u>did not extend constitutional privacy rights to the protection of juvenile records</u>; additionally, the holding of the case is overruled in part by the U.S. Supreme Court decision in *Filarsky v. Delia*, 566 U.S. 377 (2012).

In *Gonzalez*, attorney Spencer was contracted to represent state entities in a civil rights action; Spencer accessed Gonzalez's juvenile court file without authorization, and then used the information in the records to cross-examine Gonzalez in a deposition. The district court dismissed plaintiff Gonzalez's federal and state law claims. On appeal, the Ninth Circuit analyzed Spencer's role in her representation of the public entity defendant and the impact on whether *under California law* in Welfare and Institutions Code § 827 she needed the court's permission to obtain Gonzalez's juvenile file. In a very succinct opinion, the Court concludes that section 827 indeed required attorney Spencer to get permission to access the juvenile records before she used the information in a deposition in the underlying case. *Gonzalez,* 336 F.3d at 835. The Court, however, never reaches the question of a cognizable constitutional right to privacy in juvenile files.

*Gonzalez* reaches no conclusion on the merits of a civil rights violation in accessing the records, as is apparent in the following language from the opinion: "**If** Spencer violated Gonzalez's constitutional rights, [Gonzalez] is entitled at least to nominal damages, even if Spencer could have obtained the documents lawfully." *Id*. (Emphasis added). The court then expressly states "**we need not reach the question** whether Spencer's use of Gonzalez's file in depositions also violated his constitutional rights." *Ibid*. (Emphasis added). The case was remanded to the district court. Clearly the weighty issue of whether the disclosure of juvenile records amounts to a Fourteenth Amendment violation was not stated by the Court in *Gonzalez*, and the case fails to offer the value of legal precedent that the Nunes' require here to successfully assert their section 1983 claim.

*Gonzalez* has little or no precedential value on the point in question, as is evident in district court opinions clarifying the scope of *Gonzalez*. In a discovery dispute in *Van Horn v. Hornbeck*, for example, a party challenged the federal court's authority to order disclosure of records protected under Welfare and Institutions Code § 827. *Van Horn v. Hornbeak*, 2010 U.S. Dist. LEXIS 147669,

Defendants Arata, Swingle, Van Egmond & Goodwin, Brad J. Swingle, and Amanda J. Heitlinger's Reply to
Plaintiff's Opposition at Doc. 22.
Page 3

*11 (E.D. Cal., March 18, 2010). The District Court rejected the argument that federal courts lack jurisdiction over such determinations, stating that "[t]he Ninth Circuit has specifically recognized that there may be instances where the district court can review records that are subject to section 827." *Id.* The *Gonzalez* precedent is described in *Van Horn* as follows: "The Court found that defendant [Spencer] was not an authorized source under section 827 to inspect the files and therefore required court permission." *Ibid.*

Secondly, "*Gonzalez* has very limited precedential value," as announced in *Ismail v. County of Orange*, 2014 U.S. Dist. LEXIS 64498 at *30 (analyzing *Gonzalez, supra,* 336 F.3d 832). In *Ismail*, the plaintiff argued against using a multifactor balancing test to determine whether a social services employee violated her Fourteenth Amendment privacy right when plaintiff's court-ordered psychological evaluation was transmitted to law enforcement without her consent and in alleged violation of California law section 827. *Ismail*, 2014 U.S. Dist. LEXIS 64498. The *Ismail* plaintiff analogized her claims to the *Gonzalez v. Spencer* case in order to suggest that no balancing test was needed to determine a violation of her constitutional privacy right. *Id.* at *27-*28. The court rejected her argument against applying the balancing test, as provided:

> "Gonzalez does not compel a finding that the Ninth Circuit's informational privacy balancing test is inapplicable in this case, or that a violation of state law suffices to establish a constitutional informational privacy violation. **Gonzalez does not discuss, analyze, or cite any United States Supreme Court or Ninth Circuit precedent regarding the constitutional right to informational privacy or federal privacy rights in general**. It does not hold that the attorney's violation of state law violated the plaintiff's federal privacy rights or even say so in dicta, but rather suggests or assumes that this is, or may be, true (again, without citing any authority)...Since Gonzalez did not address or definitively determine the existence or scope of any constitutional informational privacy right, and since the Supreme Court abrogated its holding denying qualified immunity, Gonzalez has very limited precedential value and does not justify exempting plaintiff's section 1983 claim from application of the Ninth Circuit's informational privacy balancing test."

*Ismail*, 2014 U.S. Dist. LEXIS 64498 at *28-*30 (citing to *Gonzalez v. Spencer*, 336 F.3d 832)(emphasis added). The *Ismail* court further questioned the impact of *Gonzalez*, in light of the Supreme Court's ruling in *Filarsky v. Delia*, 566 U.S. 377 (2012). The *Gonzalez* opinion provided that the attorney-defendant was "not entitled to qualified immunity" from liability, because she was a "private party, not a government employee." *Gonzalez*, 336 F. 3d at 835. This is no longer the rule

of law, however, as *Filarsky* orders that private attorneys retained by a government entity do in fact enjoy the same qualified immunity protection from lawsuits as their public employee counterparts. *Filarsky,* 566 U.S. at 390.

"[T]he Ninth Circuit has noted that not every exposure raises privacy concerns that would be protected under the United States Constitution." *Padron v. Lara*, case no. 1:16-cv-00549-SAB, 2018 U.S. Dist. LEXIS 80161, at *15, *44 (E.D. Cal., May 11, 2018) (disclosure of certain personal information was not tantamount to a constitutional right of privacy violation). Even assuming the allegations in Plaintiffs' Complaint are true, there is no corresponding Fourteenth Amendment right which protects Plaintiffs' juvenile records from disclosure among counsel in the related underlying federal case.

**B. PLAINTIFFS FAIL TO ALLEGE ANY UNCONSTITUTIONAL POLICY; THE SECTION 1983 CLAIM ALLEGED AGAINST LAW OFFICES OF ARATA, SWINGLE, VAN EGMOND & GOODWIN IS THUS SUBJECT TO DISMISSAL WITHOUT LEAVE**

Plaintiffs concede they "do not have enough knowledge of A&S policies, practices, and procedures, or the *training* they provide their attorneys." (Oppo., Doc. 22, 16:14-16). This alone should suffice to dismiss the firm from this lawsuit. See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (absent a formal policy, plaintiff must show longstanding practice or custom constituting standard operating procedure to assert a *Monell* claim); and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)(to create liability under § 1983, the alleged unconstitutional policy must be so permanent and well settled as to constitute a custom or usage with the force of law). Even more persuasive however, is the fact that responding Defendant here could not have possibly had a policy, custom or practice which violated the Fourteenth Amendment under these allegations - because as provided above, there is no cognizable federal privacy right in connection with a purported violation of W&I Code § 827. Plaintiffs here ignore the rule that "state law violations do not, on their own, give rise to liability under § 1983." *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 371 (9th Cir. 1998).

"Neither a municipality nor a supervisor...can be held liable under § 1983 where no injury or constitutional violation has occurred." *Jackson v. Bremerton*, 268 F.3d 646, 653-54 (9th Cir.

2001) (no municipal liability under § 1983 when plaintiff's right to be free from excessive force was not violated).  Plaintiffs here argue that the facts in the District Courts' cases cited by Defendants are too distinguishable from the facts of this case to be relevant to the alleged constitutional violation. Plaintiffs are splitting hairs, the dissimilarities in fact patterns do not negate the pointed pronouncements in post-*Gonzalez* opinions that "[t]he Ninth Circuit...has not extended the right of informational privacy to juvenile records" (*Rigsby v. County of Los Angeles*, 2011 U.S. Dist. LEXIS 158501 at *10 (C.D. Cal., Aug. 2, 2011), aff'd 531 F. App'x 811 (9th Cir. 2011)) and "although a juvenile has a right to confidentiality of juvenile records based on state law, state law violations do not, on their own, give rise to liability for claims pursuant to section 1983" (*Rigsby*, 2011 U.S. Dist. LEXIS 158501 at *7); and finally, the recent Eastern District opinion states with clarity that "[W & I Code] Section 827 establishes a right to confidentiality of juvenile records under state law, **but there is no corresponding federal due process right**." *Gonzales v. Spearman*, 2018 U.S. Dist. LEXIS 132975 at *29 (E.D. Cal., Aug. 7, 2018)(emphasis added).  Defendant Law Offices must be dismissed as it not a "person" subject to liability within § 1983, and in the alternative, no *Monell* claim is stated to find responding Defendant liable under these principles.

**C.   <u>PLAINTIFFS FAIL TO STATE A CLEARLY ESTABLISHED RIGHT TO THE NON-DISCLOSURE OF JUVENILE RECORDS; DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY</u>**

Plaintiffs bear the burden under § 1983 to prove that the conduct of defendants violated a clearly established constitutional right. *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).

"In deciding if a constitutional right was clearly established 'at the relevant time, the key question is whether the defendants should have known that their specific actions were unconstitutional given the specific facts under review.'" *Daniels Sharpsmart, Inc. v. Smith* [*"Daniels"*], 889 F.3d 608, 617 (9th Cir.2018) (quoting *Hamby v. Hammond*, 821 F.3d 1085 (9th Cir. 2016)). In *Daniels*, the Ninth Circuit held that state officials were entitled to qualified immunity from damages liability, as they could not have known that enforcing a state medical waste code

provision was a "per se violation of the Commerce Clause." *Daniels Sharpsmart, Inc., supra,* 889 F.3d at 616-618. In the case at hand, Plaintiffs acknowledge that co-Defendant Stephens did not "read" the California provision to prohibit Defendants' actions. (Compl. ¶ 44). As alleged, Defendants were not under the impression that *state law* was even violated in receiving and allegedly reviewing Plaintiffs' juvenile records, and certainly could not have believed that these actions were "unconstitutional".

Plaintiffs do not provide any precedent that would have put these Defendants on notice that their conduct was unconstitutional. As stated above, the *Gonzalez* case has no precedential value in setting a rule for a Fourteenth Amendment fundamental right to privacy in protecting the disclosure of juvenile records. This is a fact expressly confirmed in *Ismail* where the Court states: "*Gonzalez* does not discuss, analyze, or cite any United States Supreme Court or Ninth Circuit precedent regarding the constitutional right to informational privacy or federal privacy rights in general." *Ismail*, 2014 U.S. Dist. LEXIS 64498 at *29. The contours of the right are therefore not as definite as Plaintiffs here urge. In ruling on a motion to dismiss, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

While Plaintiffs here do not argue for an application of a balancing test, if it *is* ultimately determined that a balancing test of interests should be used to determine if a constitutional right has been violated, in such cases "the right can rarely be considered clearly established, at least in the absence of closely corresponding factual and legal precedent." *Ismail*, 2014 U.S. Dist. LEXIS 64498 at *42 (citing *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989).

Here, individual Defendant attorneys Mr. Brad J. Swingle and Ms. Amanda J. Heitlinger are clearly entitled to qualified immunity from liability for the alleged conduct in connection with Plaintiffs' juvenile case files kept with the County Community Services Agency.

### III.  CONCLUSION

The First alleged claim in the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as to responding Defendant law firm Arata, Swingle, Van Egmond & Goodwin, and as to individual Defendants Brad J. Swingle, and Amanda J. Heitlinger. There is no cognizable

constitutional right of privacy alleged, no *Monell* claim is asserted as to the law firm Defendant, and the individuals Brad J. Swingle and Amanda J. Heitlinger are protected from liability under the principles of qualified immunity.

Dated: July 1, 2019

Respectfully submitted
RIVERA & ASSOCIATES

/s/ *Jill B. Nathan*
By: Jill B. Nathan
Attorneys for Defendants,
Arata, Swingle, Van Egmond & Goodwin,
Brad J. Swingle, and Amanda J. Heitlinger