# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELINA NUNES, individually and as guardian ad litem for minor children D.X. and L.X., et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**CARRIE STEPHENS, et. al,**<br><br>**Defendants** | **CASE NO. 1:19-CV-0204 AWI BAM**<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**<br><br>(Doc. Nos. 15, 16) |

This case stems from the allegedly unauthorized access of Plaintiffs' confidential records by Defendants. Plaintiffs bring two causes of action under 42 U.S.C. § 1983. Currently before the Court is a Rule 12(b)(6) motion to dismiss by Stanislaus County ("the County") and Carrie Stephens ("Stephens"), an attorney in the office of County Counsel, and a Rule 12(b)(6) motion by Defendants Arata, Swingle, Van Egmond & Goodwin, PLC ("ASVG") (a law firm who was contracted to do work on behalf of the County) and Brad Swingle ("Swingle") and Amanda Heitlinger ("Heitlinger") (attorneys at ASVG). For the reasons that follow, the motions will be granted in part and denied in part.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Somers, 729 F.3d at 960. The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir.

2014). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

## **BACKGROUND**

The County, through its agency the Community Services Agency ("CSA"), opened a "juvenile matter" involving minor Plaintiffs L.X. and D.X. and their parents. As part of the juvenile matter, CSA created and maintained a confidential file ("the File") regarding L.X., D.X., and their family members. The File is protected from review and disclosure under California law and, absent a court order, only specifically identified individuals may access it. The File included documents created and gathered by CSA in connection with efforts that led to a separation of L.X. and D.X. from their parents in July 2016.[1] However, CSA did not open a court case regarding L.X., D.X., and their parents. The separation of L.X. and D.X. from their parents did lead to the filing of a lawsuit in federal court against CSA and two County social workers ("the Separation Case").

On or about September 2016, the County retained ASVG to defend it in the Separation Case. Shortly after ASVG was retained, the County provided ASVG with the File,[2] likely through Stephens. ASVG, its attorneys Swingle and Heitlinger, and Stephens reviewed, inspected, and utilized the File in preparation for litigation in the Separation Case.

In December 2017, plaintiffs' counsel in the Separation Case filed a motion under Cal. Wel. & Inst. Code § 827 ("§ 827") in state court in order to gain access to the File. At the hearing on the motion, plaintiffs' counsel indicated that defense counsel would not have access to the File because defense counsel did not file a motion for access under § 827. Stephens replied, "Well

---

[1] L.X. and D.X. have different biological fathers, and D.X. was not separated from her biological father. For purposes of this motion, that distinction is not material, and the Court will simply refer to L.X. and D.X.'s "parents."

[2] The Complaint also alleges that the File contained some medical records of L.X. and that those records were protected from disclosure by HIPAA.

3

that's not how we read 827." As a result of the hearing, CSA produced copies of the File. However, the copies were so heavily redacted, a new motion to compel production had to be filed with the state court.

In connection with a May 17, 2018 hearing regarding the motion to compel, Stephens indicated to plaintiffs' counsel that attorneys from ASVG were provided complete and unredacted copies of the File without following the procedures of § 827. Stephens again indicated that the County did not read § 827 in the same way as plaintiff's counsel, i.e. requiring a court order before the County could itself access the File and disclose it to ASVG for review.

Plaintiffs contend that Defendants violated a constitutionally protected right to privacy in the File by reviewing it and disclosing it to ASVG without follow the requirements of § 827. Plaintiffs contend that the County had a custom of allowing County Counsel to access confidential files protected by § 827 without following the disclosure requirements of § 827, a custom of ignoring or foregoing the requirements of § 827, and a custom of failing to train employees regarding the requirements of § 827. Plaintiffs also allege that the County does not discipline its attorneys who violate § 827.

**DEFENDANTS MOTIONS**

*Defendants' Argument*

Defendants argue that there is no § 1983 claim stated because Plaintiffs are relying on a violation of state law, specifically § 827. Citing to *Gonzales v. Spearman*, 2018 U.S. Dist. LEXIS 132975 (E.D. Cal. Aug. 6, 2018), *Ismail v. County of Orange*, 2014 U.S. Dist. LEXIS 64498 (C.D. Cal. Mar. 28, 2014), and *Rigsby v. County of L.A.*, 2011 U.S. Dist. LEXIS 158501 (C.D. Cal. Aug. 2, 2011), Defendants argue that there is no federal constitutional right to privacy in juvenile records. Since § 1983 provides a civil action for violations of federal law, reliance on state law is improper. Further, to the extent that L.X. seeks redress for a violation of HIPAA, such a claim fails as there is no private right of action or § 1983 relief available as a matter of law.

With respect to the individuals, Defendants argue that any right of informational privacy was not clearly established with respect to juvenile court records. The mere violation of a state

4

law (§ 827) does not result in the loss of immunity. Also, the request for punitive damages should be stricken because no § 1983 claim is stated and there are no allegations of an evil motive or conduct done with callous or reckless indifference to a constitutional right.

With respect to the County, the first cause of action does not identify any policy or practice, rather it only identifies actions by individuals. Because no *Monell* theories are encompassed in the first cause of action, dismissal is appropriate. Further, while the second cause of action does purport to bring *Monell* claims, there is no plausible violation of § 1983 alleged because there is no constitutional right to privacy in juvenile records.

Finally, ASVG argues that it is not a "person" within the meaning of § 1983, and to the extent that *Monell* may apply to ASVG (which it does not), the *Monell* allegations are conclusory. Also, because the law was not clearly established in 2018 that there was a constitutional privacy right in juvenile records, qualified immunity is appropriate as to ASVG, Swingle, and Heitlinger.

*Plaintiffs' Opposition*

Plaintiffs argue that in *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), the Ninth Circuit recognized that accessing juvenile case files without complying with § 827 is a constitutional violation. Like this case, *Gonzalez* involved the use and access of a juvenile file by attorneys from a private law firm that had been hired by a governmental entity. Reliance on *Rigsby* is misplaced because it is not binding authority and was addressing an issue that is not present here, whether social workers could access juvenile files in one case for use in a different case. Further, reliance on *Spearman* is improper for the same reasons as *Rigsby*, it is not binding and involved a habeas corpus petition that examined the use of a juvenile file during a criminal prosecution.

Plaintiffs also explain that the first cause of action with respect to the County is meant to demonstrate a factual predicate for liability, but the second cause of action is how the County is liable under *Monell* theories. Plaintiffs state that they are not attempting to allege *respondeat superior* liability against the County.

Plaintiffs also argue that there is a liberty interest in confidential juvenile information that is created by § 827, and that liberty interest is protected by the Fourteenth Amendment. *Gonzalez*,

5

along with *Carlo v. City of Chino*, 105 F.3d 493 (9th Cir. 1997), support a Fourteenth Amendment claim in this case.

With respect to ASVG, Plaintiffs argue that the Ninth Circuit has held that in limited circumstances, § 1983 claims can be made against private entities under *Monell* principles. Although there are no direct *Monell* claims alleged against ASVG, the Complaint demonstrates that ASVG is an integral participant in adopting or following the policies of the County. To date, the only policy that Plaintiffs are aware of is the policy of cooperating with the County in violating individuals' rights under § 827.

With respect to qualified immunity, Plaintiffs acknowledge that qualified immunity is theoretically available to Stephens, Swingle, and Heitlinger. However, *Davis v. Shear*, 468 U.S. 183 (1984) acknowledges that defendants do not lose immunity for violating state law, "unless that statute or regulation provides the basis for the cause of action sued upon." Section 827 is clear and its requirements are not discretionary. A reasonable person in Stephens, Swingle, and Heitlinger's situation would know that their conduct was unlawful.

Finally, with respect to punitive damages, Plaintiffs argue that the allegations demonstrate either a willful violation of § 827 or conduct that is in reckless disregard of the rights conferred by § 827. Thus, the punitive damages allegation is properly pled.

*Discussion*

1. Constitutional Violation

The Complaint does not expressly identify which constitutional amendment was allegedly violated. Plaintiffs' opposition indicates that two amendments may be at issue, the Fourth and the Fourteenth. The Court will examine each amendment separately.

    a. Fourth Amendment

The basis for finding a constitutional violation in this case is through interpretation of § 827. Section 827 provides that a juvenile's "case file" is confidential and may only be inspected by people identified in the statute or through a court order. See Cal. Wel. & Inst. Code § 827; Smith v. Smith, 208 Cal.App.4th 1074, 1086 (2012); In re Christian P., 207 Cal.App.4th 1266, 1267 (2012). A "juvenile case file" includes not only records from a juvenile court, but also

agency files that are under the control of a county agency and that document contacts with the juvenile, even where no juvenile court proceedings have been instituted and the matters have been handled informally. In re Elijah S., 125 Cal.App.4th 1532, 1551-52 (2005); Lorenza P. v. Superior Ct., 197 Cal.App.3d 607, 610 (1988).

As Defendants correctly point out, § 827 is a state law. "Section 1983 requires [plaintiffs] to demonstrate a violation of federal law, not state law." Galen v. County of L.A., 477 F.3d 652, 662 (9th Cir. 2007). That is, § 1983 "only creates a cause of action for violations of the federal 'Constitution and laws.'" Sweaney v. Ada Cty., 119 F.3d 1385, 1391 (9th Cir. 1997). To the extent that state laws create protections beyond those guaranteed by federal law, § 1983 provides no relief for a violation of those state laws. See Roybal v. Toppenish Sch. Dist., 871 F.3d 927, 933 (9th Cir. 2017); Sweaney, 119 F.3d at 1391.

However, he Ninth Circuit has addressed § 827 as part of a § 1983 case. In *Gonzalez v. Spencer*, a private attorney (Spencer) accessed a plaintiff's (Gonzalez) juvenile case file without obtaining approval from the juvenile court as required by § 827 and used information from the juvenile case file in Gonzalez's deposition. See Gonzalez, 336 F.3d at 834. Spencer was defending Los Angeles County in a civil rights lawsuit by Gonzalez. See id. In the federal lawsuit, Gonzalez claimed that Spencer, her firm, and Los Angeles County violated the Fourth Amendment, the Fourteenth Amendment, and California law by accessing and using his juvenile case file without authorization. See id. In resolving the matter, the Ninth Circuit addressed whether Spencer was a state actor, whether her conduct violated Gonzalez's rights, and whether Spencer was entitled to qualified immunity. First, the Ninth Circuit held that, because she was representing Los Angeles County and its employees in litigation, and she had used her position to gain access to the juvenile case file, Spencer acted under color of state law. See id. at 834. Second, after examining § 827(a)(1) and California law, the Ninth Circuit held that Spencer was not "court personnel" and thus, was required to "get court permission before inspecting Gonzales's [juvenile case] file." Id. at 834-35. The failure to obtain court permission before inspection of juvenile case files resulted in a violation of Gonzales's rights. See id. at 835. The Ninth Circuit explained:

7

> State law required [Spencer] to petition the juvenile court. See Cal. Wel. & Inst. Code § 827(a)(1)(M); Cal. Rules of Court 1423(b). Although the district court could have ordered disclosure notwithstanding state law, the file was still presumptively protected until it did. See 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5428, at 817 (1980) ("Even in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court [files]."). Spencer could not inspect the file on her own initiative on the theory that she could have obtained permission, had she asked. Cf. United States v. Echegoyen, 799 F.2d 1271, 1280 n.7 (9th Cir. 1986) ("To excuse the failure to obtain a warrant merely because the officers had probable cause and could have . . . obtained a warrant would completely obviate the warrant requirement . . . ."). Nor could the district court authorize her search retroactively. If Spencer violated Gonzalez's constitutional rights, he is entitled at least to nominal damages, even if Spencer could have obtained the documents lawfully. See Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir. 1993).
>
> Because Spencer improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether Spencer's use of Gonzalez's file in depositions also violated his constitutional rights.

Id. Finally, the Ninth Circuit held that, as a private party, Spencer was not entitled to qualified immunity.[3] See id. The Ninth Circuit concluded by reversing the district court's dismissal of Gonzalez's "damages claims." See id. The dissenting justice in *Gonzalez* concluded that Spencer did not violate § 827 and "could not have violated any federal constitutional right of privacy based on a settled expectation arising out of state law." Id. at 839 (Fletcher, J., dissenting).

Defendants rely heavily on *Rigsby* to argue that *Gonzalez* does not aid Plaintiffs. In *Rigsby*, the district court concluded that "*Gonzalez* did not hold that Spencer's use of Gonzales's [juvenile case file] violated any of his rights under the United States Constitution," and also held, based on two Supreme Court opinions that pre-date *Gonzalez*, that there is no right of privacy in juvenile records that is expressly guarded by the Constitution. Rigsby, 2011 U.S. Dist. LEXIS 158501 at *7. As an unpublished district court opinion, *Rigsby* is persuasive authority only, it does not bind this Court. After reviewing the *Gonzalez* opinion, the Court respectfully cannot agree with *Rigsby*'s characterization and conclusion.

The structure and conclusions of *Gonzalez* are consistent with an analysis of a § 1983 claim. A § 1983 claim has two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights,

---

[3] The Court notes that this aspect of *Gonzalez* is no longer the law. In *Filarsky v. Delia*, the United States Supreme Court held that private individuals/non-full time public employees who are retained by a governmental entity to perform public business may receive qualified immunity. See Filarsky v. Delia, 566 U.S. 377 (2012).

8

privileges, or immunities secured by the Constitution or laws of the United States." Alford v. Haner, 333 F.3d 972, 975-76 (9th Cir. 2003). In "Section 2" of the majority opinion,[4] the first element of a § 1983 was addressed when the majority opinion held that Spencer acted under color of state law because she was defending Los Angeles County in civil litigation. See Gonzalez, 336 F.3d at 834. If the majority opinion were only addressing state law claims, there would be no need to discuss whether Spencer acted under color of state law – an issue that would only pertain to a § 1983 claim. The majority opinion next addressed Spencer's conduct. "[Spencer] inspected Gonzalez's file in the course of that representation, and used her status to gain access to the file." Id. Spencer gained access to and reviewed the juvenile case file without following the requirements of § 827. See id. at 834-35. After finding that Spencer failed to follow § 827, the majority concluded: "Because Spencer improperly obtained *access* to Gonzalez's juvenile court file, we need not reach the question whether Spencer's *use* of Gonzalez's file in deposition *also violated his constitutional rights*." Id. at 835 (emphasis added). Gonzalez had complained about the defendants' "accessing *and* using his juvenile court file without authorization." Id. at 834 (emphasis added). The Court reads the conclusion of Section 2 as meaning that because Spencer's *accessing* the juvenile case file violated a constitutional right, it was not necessary to determine whether Spencer's *use* of the juvenile case file also violated a constitutional right. That is, because one constitutional violation was found, it was not necessary to determine whether a second violation was also involved. This understanding of the majority opinion's conclusion is consistent with the theory of Gonzalez's Fourth Amendment claim: "Gonzalez bases his Fourth Amendment claim on California law, which, he contends, forbade Spencer from gaining access to and using his juvenile court case file without first seeking authorization from the California juvenile court." Id. at 836 (Fletcher, J., dissenting). Therefore, Spencer's accessing Gonzalez's juvenile case file without following § 827 satisfied the second element of § 1983. Finally, in "Section 3," the majority opinion addressed qualified immunity. See id. at 935. The majority concluded that Spencer was not entitled to qualified immunity because she was a private party. See Spencer, 336 F.3d at 835. If Section 2 did not pertain to a § 1983 claim, including the

---

[4] "Section 1" addressed mootness. See Gonzalez, 336 F.3d at 834.

9

discussion of Spencer's conduct that violated Gonzalez's rights, there would be no need to determine whether Spencer was entitled to qualified immunity. "Qualified immunity" is an immunity in § 1983 cases, it does not apply to state law claims. See Johnson v. Bay Area Rapid Transit Dist., 724 F.3d at 1159, 1170-71 (9th Cir. 2013).

From the above, the Court concludes that the Ninth Circuit found that Gonzalez had a plausible § 1983 claim against Spencer for violating the Fourth Amendment through her alleged violation of § 827. Cf. Smith v. County of L.A., 2015 U.S. Dist. LEXIS 38590, *22-*23 (C.D. Cal. Mar. 25, 2015) (characterizing *Gonzalez* as the Ninth Circuit allowing "a § 1983 claim to proceed that was grounded in a state statute protecting juvenile records from disclosure."). To be sure, the majority opinion does not explain why a violation of § 827 was sufficient to constitute a violation of the Fourth Amendment.[5] The unspoken analysis is likely reflected by the dissent, Spencer violated a federal constitutional right of privacy based on a settled expectation arising out of § 827. See Gonzalez, 336 F.3d at 839 (Fletcher, J., dissenting) ("I would hold that, in those circumstances, Spencer violated neither § 827 nor Rule 1423. Because Spencer violated neither § 827 nor Rule 1423, she could not have violated any federal constitutional right of privacy based on a settled expectation arising out of state law. I would therefore affirm the district court's dismissal of Gonzalez's § 1983 suit.").[6] However, the lack of in depth analysis does not change the Court's conclusion. The structure of the majority opinion and the issues decided, as well as specifics provided by the dissent, show that the majority opinion addressed both elements of a § 1983 claim and found a viable claim, which necessarily means a viable constitutional violation. Because *Rigsby* reaches a contrary conclusion, the Court declines to follow it.

Defendants also rely on *Ismail* and *Gonzales*, two other unpublished district court opinions that cite to *Rigsby*. The Court does not find either *Ismail* or *Gonzales* to be persuasive in this case. With respect to *Ismail*, that case involved the disclosure of a California Evidence Code § 703

---

[5] The truncated nature of the majority opinion is likely because *Gonzalez* was originally an unpublished memorandum decision. *Gonzalez* was later ordered published when two requests for publication were granted. See Ninth Circuit Case 00-55395 at Doc. Nos. 54, 55, 58.

[6] The majority opinion does not discuss or cite to California Rule of Court 1423. See Gonzalez, 336 F.3d at 834-35.

10

psychological evaluation without a court order. See Ismail, 2014 U.S. Dist. LEXIS 64498 at *11-*12. The plaintiff alleged that the disclosure violated her Fourteenth Amendment rights and attempted to analogize her case to *Gonzalez*. See id. at *2-*4, *28. The analogy was rejected based on distinguishable facts and on the conclusion that: "*Gonzalez* does not discuss, analyze, or cite any United States Supreme Court or Ninth Circuit precedent regarding the constitutional right to informational privacy or federal privacy rights in general. It does not hold that the attorney's violation of state law violated the plaintiff's federal privacy rights or even say so in dicta, but rather suggests or assumes that this is, or may be, true (again without citing any authority.")." *Ismail*'s criticism of a lack of citation to Supreme Court or Ninth Circuit authority is correct, the *Gonzalez* majority cites no such cases with respect to the existence of a constitutional violation. However, to say that *Gonzalez* did not find a viable constitutional violation goes too far. As the Court explained above, the Ninth Circuit was clearly conducting a § 1983 analysis when it addressed both Spencer's status as a state actor and her conduct against Gonzalez. "Section 2" of *Gonzalez* concluded by expressly finding one viable constitutional claim based on Spencer's accessing the file. See Gonzalez, 336 F.3d at 835. Although the *Gonzalez* majority opinion could have been more thorough in its analysis, the lack of an in depth analysis or the failure to use specific language or cite certain cases does not mean that no viable constitutional claims were found, nor does it make that published opinion any less binding on lower courts. Because *Ismail* reaches a contrary conclusion, the Court declines to follow it.

With respect to *Gonzales*, that case was a § 2254 habeas corpus petition. See Gonzales, 2018 U.S. Dist. LEXIS 132975 at *1. The *Gonzales* court cited *Rigsby* in support of the proposition that § 827 "establishes a right to confidentiality of juvenile records under state law, but there is no corresponding federal due process right." Id. at *28. Relief was not granted on the petitioner's claim of a violation of § 827 because there was "no clearly established Supreme Court precedent . . . ." Id. at *28-*29. The ultimate conclusion of *Gonzales* is correct, there was no United States Supreme Court precedent that has either found that § 827 creates constitutionally protected privacy rights or holds that a constitutionally protected confidentiality right to privacy in juvenile court records exists. The existence of clearly established Supreme Court authority is not

11

the issue in this case. Further, the Court reads the *Gonzalez* majority and dissent as indicating Gonzalez had a viable Fourth Amendment claim, not a viable due process claim. *Gonzales* only addressed a Fourteenth Amendment right, not a Fourth Amendment right. See id. at *28.

Finally, Defendants point to two quotes from *Gonzalez* to argue that it never reached the question of a cognizable constitutional right. Defendants emphasize that the Ninth Circuit explained that *if* Spencer violated Gonzalez's constitutional rights, Gonzalez could get at least nominal damages. Defendants then emphasize the next sentence in which the Ninth Circuit held that it "need not reach the question" of whether Spencer's use of the file violated constitutional rights. The Court does not agree with Defendants' analysis.

As discussed above, the Court reads the last sentence of "Section 2" as meaning that, because the majority opinion found a viable constitutional violation when Spencer accessed Gonzalez's juvenile file, the majority did not need to determine whether Spencer's use of the file represented a second viable constitutional violation. Thus, the Court agrees that no conclusions were reached regarding Spencer's use of the file at Gonzalez's deposition, but the same cannot be said of Spencer's access to the juvenile file.

With respect to the conditional sentence, "If Spencer violated Gonzalez's rights . . .", this appears to be a recognition that Gonzalez had a viable or plausible constitutional claim, but that it remained for Gonzalez to actually prove his case to a trier of fact. The appeal in *Gonzalez* happened because the district court "dismissed [Gonzalez's] claim for damages and for declaratory and injunctive relief." Gonzalez, 336 F.3d at 834. The *Gonzalez* opinion does not explain how the district court "dismissed" the claims, but it is likely that the dismissal occurred due to either a Rule 12(b)(6) motion or a Rule 56(a) motion. When resolving these motions, a non-moving party either needs to demonstrate that plausible claims have been pled, see Mollett, 795 F.3d at 1065 (discussing Rule 12(b)(6) motions), or that there are genuine disputed issues of material fact that require a trier of fact to resolve the dispute. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1103 (9th Cir. 2000) (discussing Rule 56(a) motions). A finding that a plausible claim has been pled or that genuine disputes of material fact exist generally does not entail a corresponding finding that the non-moving party has established his claim as a matter of law.

12

Rather, the denial of these motions usually leads to a trial or to further proceedings. To otherwise read the conditional "If Spencer violated Gonzalez's constitutional rights" sentence as meaning that the majority made no finding regarding any constitutional violation, creates tension with the structure of Section 2 and Section 3 (as those sections are consistent with a § 1983 analysis and a viable § 1983 claim requires the violation of a federally protected right) and is inconsistent with the theory that was actually pursued by Gonzalez before the Ninth Circuit. According to the dissent, Gonzalez's Fourth Amendment claim was based on a violation of § 827. See Gonzalez, 336 F.3d at 836 (Fletcher, J., dissenting). It would be strange for the majority opinion to find viable constitutional violations that were never argued or pursued by Gonzalez. Instead, the Court finds that the most reasonable reading of the conditional sentence at issue, and in light of the majority opinion and the dissenting opinion, is that a viable Fourth Amendment violation was pled, but that Gonzalez was still required to prove his claim to a trier of fact, and if successful would be entitled to at least nominal damages.

In sum, *Gonzalez* reads as a memorandum disposition. More analysis and details would certainly be helpful and would answer a number of questions. However, the Court finds that the theory actually pursued by Gonzalez, as well as the structure of the opinion, the analyses that were conducted, and the conclusions that were reached, all demonstrate that the majority opinion did find a viable constitutional violation based on conduct that violated § 827. This is why Gonzalez was permitted to pursue a § 1983 claim and the district court was reversed.

As applied to this case, Defendants do not argue that a plausible violation of § 827 has not been alleged, nor do they attempt to distinguish *Gonzalez* from this case (other than to argue that *Gonzalez* found no constitutional violations). Because the Court rejects Defendants' reading of *Gonzalez*, the Court will read the Complaint as plausibly alleging a Fourth Amendment violation. Therefore, dismissal on the basis of the absence of a constitutional violation is inappropriate.[7]

---

[7] Defendants also argue that dismissal of any § 1983 claim based on a violation of the HIPAA law is appropriate. However, Plaintiffs' opposition clarifies that the allegations regarding HIPAA are not meant to support a § 1983 claim, or any cause of action. Because Defendants are correct that HIPAA provides no private cause of action and cannot support a § 1983 claim, see Nickler v. County of Clark, 752 F.App'x 427, 429 n.1 (9th Cir. 2018); Huling v. City of los Banos, 869 F.Supp.2d 1139, 1154 (9th Cir. 2012), the Court accepts Plaintiffs' clarification and views the Complaint as containing no causes of action based on HIPAA.

### b. Fourteenth Amendment

In *Gonzalez*, the majority opinion explained that Gonzalez had brought claims under the Fourth and Fourteenth Amendment. However, neither the majority opinion nor the dissenting opinion addressed or explained the Fourteenth Amendment theory that Gonzalez was pursuing. It was the dissenting opinion's explanation of Gonzalez's Fourth Amendment claim that clarified what constitutional right was implicated through the violation of § 827. Without the type of clarification that was provided by the dissenting opinion, the Court cannot hold that *Gonzalez* found a viable Fourteenth Amendment claim. Thus, the Court does not read *Gonzalez* as clearly establishing any Fourteenth Amendment rights with respect to § 827.

Plaintiffs rely on *Carlo v. City of Chino* to argue that § 827 creates a liberty interest that is protected by the procedural due process clause of the Fourteenth Amendment. The Court will assume without deciding that § 827 meets the relevant test for procedural due process protection.[8] However, even with this assumption, the Court cannot find a plausible due process claim.

Courts have held that if a complaint's allegations invoke the protections of the Fourth Amendment, it is the Fourth Amendment that will govern, regardless of a plaintiff's invocation of either the Fourteenth Amendment's substantive or procedural due process protections. See Graham v. Connor, 490 U.S. 386, 395 (1989) (discussing substantive due process claim); Shimomura v. Carlson, 811 F.3d 349, 361 (10th Cir. 2015) (discussing procedural due process claim); Reynolds v. New Orleans City, 272 F. App'x 331, 338 (5th Cir. 2008) (discussing procedural due process claim); Becker v. Kroll, 494 F.3d 904, 919 (10th Cir. 2007) (discussing procedural due process claim). As discussed above, *Gonzalez* holds that the Fourth Amendment provides protection with respect to § 827. Further, the allegations in the complaint indicate that the same conduct by the individual defendants would be used to support a Fourth Amendment and a Fourteenth Amendment claim. Therefore, the Court concludes that the more specific protections of the Fourth Amendment govern this case and that no Fourteenth Amendment claim is available.

---

[8] To trigger the constitutional protections of the procedural due process, a state law must contain: (1) substantive predicates governing decision making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met. Marsh v. County of San Diego, 680 F.3d 1148, 1155 (9th Cir. 2012); Dix v. County of Shasta, 963 F.2d 1296, 1299 (9th Cir. 1992).

See Graham, 490 U.S. at 395; Shimomura, 811 F.3d at 361; Reynolds, 272 F. App'x at 338; Becker, 494 F.3d at 919. To the extent that Plaintiffs base their claims on the Fourteenth Amendment, such claims will be dismissed without leave to amend. See id.

### 2. Qualified Immunity

Qualified immunity applies when an official's conduct does not violate a clearly established federal statutory or constitutional rights, of which a reasonable person official would have known. White v. Pauly, 137 S.Ct. 548, 551 (2017). "Clearly established" means that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. District of Columbia v. Wesby, 128 S.Ct. 577, 589 (2018). To be "clearly established," a rule must be dictated by controlling authority or by a robust consensus of cases of persuasive authority. Id. Courts are to examine Supreme Court and Ninth Circuit authority that predate an alleged violation, but in the absence of such authority, may look to decisions from other circuits and from district courts. See Chappell v. Mandeville, 706 F.3d 1052, 1056 (9th Cir. 2013); Community House, Inc. v. City of Boise, 623 F.3d 945, 967 (9th Cir. 2010). "If the right is clearly established by decisional authority of the Supreme Court or [the Ninth Circuit], [the] inquiry should come to an end." Carrillo v. County of L.A., 798 F.3d 1210, 1223 (9th Cir. 2015); Hopkins v. Bonvincino, 573 F.3d 752, 772 (9th Cir. 2009).

*Gonzalez* found a viable Fourth Amendment claim when a privately employed attorney, who was defending a county in a civil rights lawsuit, gained access to a juvenile case file during the course of her defense of the county, but without following the requirements of § 827. Those circumstances appear to be very similar to the allegations in this case. Stephens, an attorney in the county counsel's office, provided private attorneys Swingle and Heitlinger with the juvenile case files of L.X. and D.X., and neither Stephens, Swingle, nor Heitlinger followed the requirements of § 827. See Complaint at ¶¶ 33, 36, 38, 40, 41, 48, 49, 63, 64.

Stephens, Swingle, and Heitlinger do not attempt to distinguish the allegations in the complaint from the facts in *Gonzalez*. Instead, they argue that *Gonzales*, *Rigsby*, and *Ismail* show that the law was not clearly established that individuals enjoyed a federally protected privacy interest in juvenile records. The problem with this position is that these three cases are

15

unpublished district court cases. The published Ninth Circuit opinion in *Gonzalez* is the controlling authority because it found a viable Fourth Amendment claim when Spencer accessed a juvenile case file without following § 827. Given the framework of a § 1983 claim, as well as the structure and substance of the analyses performed by both the majority and dissenting opinions, this Court respectfully discerns no reasonable reading of *Gonzalez* other than that a constitutional violation was found (even if the majority opinion could have been more thorough or explicit in its language). Because *Gonzalez* is on point and controls, and there is no contrary Supreme Court authority that has been identified, *Gonzalez* is the beginning and the end of the "clearly established" inquiry. See Carrillo, 798 F.3d at 1223; Hopkins, 573 F.3d at 772. *Rigsby*, *Ismail*, and *Gonzales* are not relevant. See id.

In light of *Gonzalez*, the Court concludes that Stephens, Swingle, and Heitlinger are not entitled to qualified immunity for a § 1983 Fourth Amendment claim that is grounded in a violation of § 827.

### 3. Punitive Damages[9]

The Ninth Circuit has recognized that "it is well established that a 'jury may award punitive damages under § 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (quoting Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 1992)). Conduct is in "reckless disregard" of a plaintiff's rights if, "under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that the its actions will violate the plaintiff's rights under federal law." Model Civ. Jury Instr. 9th Cir. 5.5 (2019); see Dang, 422 F.3d at 807.

Here, the Complaint alleges that Stephens was aware of § 827 and the confidential nature of the minors' juvenile case file, yet gained access to the file and gave the file to ASVG, Swingle, and Heitlinger without following the judicial procedures required by § 827. The Complaint further alleges that ASVG, Swingle, and Heitlinger received and reviewed the juvenile case files

---

[9] The Court notes that the Complaint seeks punitive damages under federal law and California law. However, the Complaint only alleges § 1983 violations. Because no state law claims are included within the Complaint, the Court will strike as "immaterial" all references to California Civil Code § 3294.

16

1 with knowledge that the requirements of § 827 had not been followed. The Complaint's
2 allegations that defendants knew of and did not follow the requirements of § 827, when combined
3 with *Gonzalez*, plausibly show at least that the Defendants acted with a reckless disregard for the
4 Plaintiff's Fourth Amendment rights in the juvenile case files. Thus, dismissal of the punitive
5 damages request is inappropriate at this time.[10]

6     4. *Monell* Liability

7         a. The County

8     With respect to the first cause of action, the County is correct that there are no allegations
9 directed against it. Plaintiffs have indicated that the first cause of action is meant to show the
10 factual predicate of the County's liability, but the second cause of action is meant to allege actual
11 liability against the County through *Monell*. See Doc. No. 23 at 8:3-9. However, because the first
12 cause of action does not actually allege liability against the County, it is not appropriate to include
13 the County as a defendant under that cause of action. The factual basis for *Monell* liability against
14 the County should be found within the allegations of the second cause of action only. This could
15 be accomplished through incorporation of specific prior paragraphs by reference or expressly
16 alleging relevant information under the second cause of action. Because the Court takes Plaintiffs
17 to concede that liability is not sought against the County under the first cause of action, the Court
18 for the sake of clarity will dismiss that cause of action against the County.

19     With respect to the second cause of action, which is entitled "*Monell* Related Claims . . .",
20 the County essentially argues that there was no constitutional violation committed by Stevens. If a
21 governmental entity's employee did not violate a plaintiff's federal rights, then the governmental
22 entity will not be liable under § 1983/*Monell*. See Los Angeles v. Heller, 475 U.S. 796, 799
23 (1986); Yousefian v. City of Glendale, 779 F.3d 1010, 1016 (9th Cir. 2015); Jackson v. City of
24 Bremerton, 268 F.3d 646, 653 (9th Cir. 2001). Here, however, the Court has determined that the
25 Complaint plausibly alleges a violation of Plaintiffs' Fourth Amendment rights by Stephens.
26 Therefore, dismissal of the second cause of action for *Monell* liability against the County is
27 inappropriate.

28
---
[10] The Court notes that punitive damages are not being sought against the County.

b. <u>ASVG</u>

ASVG argues that, as a private entity, it is not a person under § 1983. However, assuming a sufficient link to "state action," a private entity may be held liable through *Monell* principles in a § 1983 cause of action. <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1139 (9th Cir. 2012). That is, if ASVG acted under color of state law, and its official policies or customs caused a violation of Plaintiffs' federal rights, then ASVG may be held liable under § 1983. <u>Id.</u> Therefore, dismissal because ASVG is not a "person" under § 1983 is not appropriate.

Nevertheless, to properly allege *Monell* liability, a plaintiff must: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur. <u>McFarland v. City of Clovis</u>, 163 F.Supp.3d 798, 802 (E.D. Cal. 2016); <u>Young v. City of Visalia</u>, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009). Here, the Complaint does not allege a policy or custom by ASVG. Plaintiffs concede that they are aware of no policy or custom of ASVG other than a policy of cooperation with the County to violate Plaintiffs' rights. <u>See</u> Doc. No. 22 at 12:20-22. However, the Complaint does not actually contain such an allegation. Instead, the allegations against ASVG read as if they are describing ASVG's participation in the particular incident involving the access of L.X. and D.X.'s juvenile case files, an isolated incident. Cf. <u>Picray v. Sealock</u>, 138 F.3d 767, 772 (9th Cir. 1998) ("Proof of random acts or isolated events does not . . . establish a custom or policy."). The allegations do not actually support the existence of a "policy," <u>see</u> <u>Long v. County of L.A.</u>, 442 F.3d 1179, 1185 (9th Cir. 2006) (defining the term "policy"), or a "custom," <u>see</u> <u>Los Angeles Police Protective League v. Gates</u>, 907 F.2d 879, 890 (9th Cir. 1990) (discussing the term "custom"), by ASVG. Because the allegations against ASVG do not plausibly allege *Monell* liability, dismissal is appropriate.

5. <u>Conclusion</u>

The central issue raised by this motion is whether the Ninth Circuit found a viable constitutional violation in *Gonzalez* based on a violation of § 827. The conclusion and analyses of *Gonzalez* squarely point to a finding that a viable Fourth Amendment claim was found. The Court

18

understands that other district courts do not share this view, but this Court is bound by the Ninth Circuit. It is possible that the Ninth Circuit may interpret *Gonzalez* differently from this Court or *Rigsby*, or it may conclude that there is too much ambiguity within *Gonzalez* to constitute clearly established law. Without further guidance from the Ninth Circuit regarding such matters, the Court is compelled to follow what it believes *Gonzalez* necessarily holds. Since the Court reads *Gonzalez* as finding a viable Fourth Amendment claim through a violation of § 827, Defendants' motions to dismiss will be largely denied.[11] Additionally, the Court has found that no plausible claim is stated against ASVG because no policy or custom is identified. Because it is not clear that amendment would be futile, dismissal of ASVG will be with leave to amend.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss (Doc. Nos. 15, 16) are GRANTED in that:
   a. Plaintiffs' claims based on the Fourteenth Amendment are DISMISSED without leave to amend;
   b. The first cause of action is DISMISSED as to the County without leave to amend;
   c. Defendant ASVG is DISMISSED with leave to amend;
2. Defendants' motions to dismiss (Doc. Nos. 15, 16) are otherwise DENIED;
3. All references to California Civil Code § 3294 in the Complaint are STRICKEN;
4. Within fourteen (14) days of service of this order, Plaintiffs may file an amended complaint, consistent with this order; and
5. If Plaintiffs do not file a timely amended complaint, then within twenty-one (21) days of service of this order, Defendants shall file an answer.

IT IS SO ORDERED.

Dated: August 22, 2019

_____
SENIOR DISTRICT JUDGE

---

[11] The Court notes that a denial of qualified immunity as part of a Rule 12(b)(6) order constitutes a "final decision" for purposes of 28 U.S.C. § 1291 and is immediately appealable. See Behrens v. Pelletier, 516 U.S. 299, 307 (1996).

19