# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELINA NUNES, individually and as guardian ad litem for minor children D.X. and L.X., et al.,**<br><br>Plaintiffs<br><br>v.<br><br>**CARRIE STEPHENS, et. al,**<br><br>**Defendants** | CASE NO. 1:19-CV-0204 AWI BAM<br><br>**ORDER FOLLOWING NINTH CIRCUIT REMAND AND DISMISSING DEFENDANTS**<br><br>(Doc. No. 49) |

This 42 U.S.C. § 1983 case stems from the allegedly unauthorized and unconstitutional access of Plaintiffs' confidential juvenile records by Defendants.

On August 22, 2019, the Court granted in part and denied in part two Rule 12(b)(6) motions to dismiss. See Doc. No. 27. In pertinent part, the Court denied the individual Defendants qualified immunity for claims based on the Fourth Amendment in light of the Ninth Circuit case of *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003). See id. The Court concluded that *Gonzalez* was not thoroughly reasoned but appeared to have engaged in a § 1983 analysis and to have found the Fourth Amendment. See id. The Court also noted that other district courts had found that *Gonzalez* did not form a sufficient basis to be considered clearly established law. See id. The Court explained that it was possible that the Ninth Circuit may read *Gonzalez* differently from the Court or differently from other district courts, that the Court was bound to follow *Gonzalez* as the Court interpreted the case, and that the denial of qualified immunity was immediately appealable. See id. Defendants appealed the denial of qualified immunity.

On December 29, 2020, the Ninth Circuit issued an opinion that reversed this Court's denial of qualified immunity. See Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC), 983 F.3d 1108, 1110 (9th Cir. 2020). The Ninth Circuit held that *Gonzalez* did not clearly establish a constitutional privacy right in the juvenile records at issue.[1]  See id. at 1114. The Ninth Circuit remanded the matter to this Court for further proceedings consistent with its opinion. See id. Following the denial of a petition for *en banc* review, the Ninth Circuit's mandate issued on May 12, 2021. See Doc. No. 63.

Consistent with the Ninth Circuit's opinion, the Court grants qualified immunity to individual Defendants Carrie Stephens, Brad Swingle, and Amanda Heitlinger on Plaintiffs' Fourth Amendment claim. See Nunes, 983 F.3d at 1114. Defendants Carrie Stephens, Brad Swingle, and Amanda Heitlinger will be dismissed from this case. Additionally, prior to Defendants' appeal, Plaintiffs filed a First Amended Complaint. Following the appeal and grant of qualified immunity, numerous parties and allegations in the First Amended Complaint are now superfluous. Under these circumstances, the Court finds that it is appropriate for the Plaintiffs to file a second amended complaint that eliminate parties and claims that have been finally dismissed, and to remove allegations that are no longer relevant.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to the Ninth Circuit's opinion (Doc. No. 49), Defendants Carrie Stephens, Brad Swingle, and Amanda Heitlinger are granted qualified immunity and DISMISSED from this case;

---

[1] The Court notes that the Ninth Circuit did not address this Court's conclusion that *Gonzalez* conducted a § 1983 analysis or, more importantly, what *Gonzalez* actually holds or what constitutional principles the case actually stands for. A concurrence argued that *en banc* review was appropriate in order to address *Gonzalez* and whether constitutionally protected privacy rights exist as to the juvenile rights at issue. See Nunes, 983 F.3d at 1114-15. Regrettably, the Ninth Circuit declined to grant *en banc* review. Accordingly, the Court reads *Nunes* to mean simply that *Gonzalez* was and continues to remain too opaque and vague to be considered clearly established law for purposes of the Fourth Amendment or constitutionally protected privacy interests in juvenile records. Cf. Apodaca v. Raemisch, 864 F.3d 1071, 1078-79 (10th Cir. 2017) (holding that a prior published opinion could be read narrowly or expansively and was too ambiguous to constitute "clearly established law" for purposes of qualified immunity).

2.   Within fourteen (14) days of service of this order, Plaintiffs shall file a second amended complaint consistent with this order; and

3.   Any response to the second amended complaint shall be filed within twenty-one (21) days of service of the second amended complaint.

IT IS SO ORDERED.

Dated: __May 14, 2021__            _____
                                    SENIOR DISTRICT JUDGE