# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, individually and as guardian ad litem for minor children D.X. and L.X., et al.,<br><br>**Plaintiffs**<br><br>v.<br><br>CARRIE STEPHENS, et. al,<br><br>**Defendants** | CASE NO. 1:19-CV-0204 AWI BAM<br><br>ORDER ADMINISTRATIVELY DENYING DEFENDANTS' MOTIONS TO DISMISS AND ORDER STAYING CASE<br><br>(Doc. Nos. 66 and 67) |

    This 42 U.S.C. § 1983 case stems from the allegedly unauthorized and unconstitutional access of Plaintiffs' confidential juvenile records by the two remaining Defendants, Stanislaus County ("the County") and the law firm of Arata, Swingle, Van Egmond & Goodwin, PLC ("ASVG"). The active complaint is the Second Amended Complaint, which contains two *Monell* claims against Defendants. Currently pending before the Court are Defendants' respective Rule 12(b)(6) motions to dismiss.

    Procedurally, the Ninth Circuit reversed this Court's denial of qualified immunity to three individual Defendants. See Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC), 983 F.3d 1108, 1110 (9th Cir. 2020). The reversal was based on the conclusion that *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) did not constitute clearly established law. See Nunes, 983 F.3d at 1114. The Ninth Circuit did not explain what constitutional principles or rights *Gonzalez* may have set, or what legal propositions that case stands for. *Nunes* confined its analysis to whether a constitutional right was clearly established and did not address whether a constitutional violation occurred. See id. at 1112 & n.5.

ASVG notes that an analogous case to the case at bar, *A.C. v. Cortez*, 398 F.Supp.3d 748 (S.D. Cal. 2019), is pending on appeal at the Ninth Circuit. A review of the opening brief before the Ninth Circuit in *A.C.* indicates that one issue that is expressly raised is the viability of a *Monell* claim in light of an alleged Fourth Amendment violation based on the improper disclosure of juvenile records. See Doc. No. 10 in Ninth Cir. Case No. 19-55895. The appeal is set to be taken under submission for a decision without oral argument as of October 5, 2021. See id. at Doc. No. 53. Given the *Monell* issue raised in the *A.C.* appeal, it is likely that the Ninth Circuit will decide whether juvenile records enjoy constitutional protection.

In Defendants' second motions to dismiss, they argue *inter alia* that there was no constitutional violation, despite the disclosure of the juvenile records to ASVG. If no constitutional violation occurred, there can be no *Monell* liability. See Yousefian v. City of Glendale, 779 F.3d 1010, 1016 (9th Cir. 2015); Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Courts may sua sponte issue a stay in appropriate circumstances. See Short v. Sierra Nev. Corp., 2021 U.S. Dist. LEXIS 34968, *4 (D. Nev. Feb. 24, 2021); Flowrider Surf Ltd. v. Pacific Surf Designs, 2018 U.S. Dist. LEXIS 216341, *5 (S.D. Cal. Dec. 21, 2018); Ali v. Trump, 241 F.Supp.3d 1147, 1151-52 (W.D. Wash. 2017); Crown Cent. Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98 (D. Md. 1984). In this case, it is reasonably likely that the Ninth Circuit's resolution of *A.C.* will dictate the result of the Defendants' motions and the ultimate viability of Plaintiffs' claims. If this Court rules now and reaches a decision that is contrary to *A.C.*, this Court's decision will be in error and any further actions in this case done in reliance on the contrary order will be undone. Further, the Eastern District of California has an unduly impacted case load that has been aggravated by unfilled judicial vacancies and Covid 19 restrictions; its resources are scarce and strained. Moreover, since *A.C.* will be taken under consideration on October 5, 2021, the Court does not foresee an indefinite or unreasonably lengthy delay from waiting for the Ninth Circuit's decision.

Finally, it is unclear how the parties will be damaged by waiting for the *A.C.* decision, particularly given the potential dispositive resolution that *A.C.* may have. Therefore, given these considerations, the Court finds that it is appropriate to stay this case pending the Ninth Circuit's resolution of *A.C.* See id.

In connection with the stay, the Court will administratively deny the two pending motions to dismiss. However, the denial is purely a matter of administrative convenience and in no way reflects on the merits of the motions. The Court will order the parties to file a joint notice of decision with the Court within ten (10) days of the Ninth Circuit issuing a decision in *A.C.* Upon the filing of the notice of decision, the Court will re-notice the Defendants' two Rule 12(b)(6) motions and set an additional briefing schedule to brief the effects of the *A.C.* decision on the pending motions (the motions are otherwise fully briefed).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' respective Rule 12(b)(6) motions (Doc. Nos. 66 and 67) are ADMINISTRATIVELY DENIED;

2. This case is STAYED pending resolution by the Ninth Circuit case of *A.C. v. Cortez*, Ninth Cir. Case No. 19-55895; and

3. Within ten (10) days of the Ninth Circuit issuing its decision in *A.C.*, the parties shall file a joint notice of decision with the Court; and

4. Following submission of the parties' joint notice of decision, the Court will issue further appropriate orders as discussed above to resolve the issues raised by Defendants' respective motions to dismiss.

IT IS SO ORDERED.

Dated:   August 27, 2021                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                                                SENIOR DISTRICT JUDGE