# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA NUNES, et al., | Case No. 1:19-cv-00204-DAD-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' PETITION FOR MINOR'S COMPROMISE |
| v. | |
| COUNTY OF STANISLAUS, et al., | (ECF Nos. 78, 81, 86, 87) |
| Defendants. | |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiffs Angelina Nunes, Emanuel Alves, and minors D.X. and L.X.'s (collectively "Plaintiffs") unopposed petition for minor's compromise, filed by and through counsel, and minor Plaintiffs D.X. and L.X.'s guardian ad litem, Angelina Nunes. (ECF No. 78.)[1] The matter was referred to the Magistrate Judge for the issuance of findings and

---

[1] The Court notes a substantially identical petition was filed in the matter of Nunes v. County of Stanislaus (Nunes I), No. 17-cv-00633-DAD-SAB, the same day as the instant petition. Both petitions indicate a settlement amount was agreed to in exchange for a global dismissal of both the instant case and Nunes I. The only differences between the two petitions (and their attached exhibits) exist in the first paragraph on page one of each petition, which sets out the distinct factual allegations specific to each case, and the case citations wherein Nunes I and this case refer to each other to indicate the global nature of the proposed settlement. (See Pls.' Ex-Parte Pet. for Minor's Compromise, Nunes I, ECF No. 91.) Consequently, the District Judge related the two Nunes cases and assigned both petitions to

recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court, having reviewed the unopposed petition, the supplemental briefing, and the Court's record, shall recommend the petition for minor's compromise be granted.

## II.

## BACKGROUND

Plaintiffs initiated the instant litigation against Defendants Arata, Swingle, Van Egmond & Goodwin (PLC) and the County of Stanislaus[2] on February 12, 2019. (ECF No. 1.) This case stems from the allegedly unauthorized and unconstitutional access and distribution of Plaintiffs' confidential juvenile casefile records by Defendants. The operative second amended complaint asserts one cause of action for multiple Monell claims. (ECF No. 65.)

On June 21, 2021, Defendants filed two motions to dismiss. (ECF Nos. 66, 67.) On August 31, 2021, the Court administratively denied Defendants' motions to dismiss and stayed the action pending resolution of the related Ninth Circuit case A.C. v. Cortez, No. 19-55895, which expressly includes the issue of whether a Monell claim is viable in light of an alleged Fourth Amendment violation based on the improper disclosure of juvenile records. (ECF No. 74.) The parties were directed to file a joint notice of decision within ten days of resolution of the Ninth Circuit case.

Though litigation remained stayed, Plaintiffs filed a petition for minor's compromise on March 21, 2022. (ECF No. 78.) The petition seeks to globally dismiss both the instant action and Plaintiffs' related case, No. 17-cv-00633-DAD-SAB (Nunes I) (filed May 5, 2017), under the proposed settlement terms. Plaintiffs did not set the petition for hearing in this matter.

On April 13, 2022, finding the actions related pursuant to Local Rule 123(a), District Judge Dale A. Drozd issued an order relating this action to Nunes I and reassigning the action to himself and Magistrate Judge Stanley A. Boone. (ECF No. 79.) Thereafter, the Court set a hearing on the petition for June 1, 2022, and set a briefing schedule in order to provide

---

this Court for issuance of findings and recommendations. (ECF No. 79.) Importantly, while related, the cases are not consolidated. Accordingly, the instant order pertains to Plaintiffs' petition in this case, Nunes II, whereas the order filed concurrently in Nunes I shall address the petition filed in that matter.

[2] Former Defendants Carrie Stephens, Brad Swinger, and Amanda Heitlinger have been dismissed from that action.

1   Defendants an opportunity to file a response to Plaintiffs' petition. (ECF No. 80.)

2   On May 11, 2022, Plaintiffs filed an ex parte request to submit supplemental briefing on their petition for minor's compromise. (ECF No. 81.) The Court issued an order permitting a shortened-time briefing schedule to file any opposition to Plaintiffs' proposed supplemental briefing. No opposition was filed.

Meanwhile, on May 18, 2022, Defendants unilaterally filed a notice of decision, alerting the Court of the resolution of the Ninth Circuit case, A.C. v. Cortez. (ECF No. 83.) On May 20, 2022, the District Judge, noting the parties were previously ordered to file a *joint* notice of decision, ordered the parties to meet and confer regarding the status of the case in light of the Ninth Circuit's decision and discuss proposed dates for the filing of supplemental briefing on the impact of the decision on Defendants' prior motions to dismiss. (ECF No. 84.) The parties were directed to file a joint status report on this matter no later than June 13, 2022. In light of the status report filing deadline being set to occur after the hearing on Plaintiffs' petition for minor's compromise, this Court indicated it would proceed on the petition unless the parties filed a notice with the Court that they intended to withdraw, continue, or otherwise alter the petition in light of the Ninth Circuit's decision.

On May 24, 2022, Defendants filed statements of non-opposition to the petition, its supplemental briefing, and the Court's intention to proceed on the petition set for hearing on June 1, 2022. (ECF Nos. 86, 87.) On May 27, 2022, the Court vacated the June 1, 2022 hearing, finding that the motion was suitable for decision without oral argument. (ECF No. 88.)

## III.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." E.D. Cal. L.R. 202(b). "In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." E.D. Cal. L.R. 202(b)(1). In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

E.D. Cal. L.R. 202(b)(2).

"When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). "Upon the hearing of the application, the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shown, the Court excuses their personal attendance." E.D. Cal. L.R. 202(d).

In Robidoux, the Ninth Circuit cautioned that the typical practice of applying state law

and local rules governing the award of attorneys' fees "places undue emphasis on the amount of attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." Robidoux, 638 F.3d at 1181.  District courts should thus "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181–82.  "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." Id.; but see A.G.A. v. Cnty. of Riverside, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019) ("Some courts have read Robidoux to suggest it is improper to evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims . . . The Court declines to adopt this approach.").[3]

The holding of Robidoux was expressly "limited to cases involving the settlement of a minor's federal claims," and the Circuit did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." 638 F.3d at 1179 n.2.  Some district courts have extended the application to state law claims. See Calderon v. United States, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. Jun. 18, 2020) (noting that although Robidoux "expressly limited its holding to cases

---

[3] In A.G.A., the court noted the action had "a key distinguishing feature from the facts presented in Robidoux [where] the district court had denied in part the parties' motion to approve the proposed settlement, which included as a material term that plaintiffs' counsel would recover approximately 56% of the settlement amount as attorneys' fees . . . The Ninth Circuit found the district court abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed 'undue emphasis on the amount of attorneys' fees provided for in [the] settlement.' " 2019 WL 2871160, at *3 (quoting Robidoux, 638 F.3d at 1181).  The A.G.A. court found that in contrast, the attorneys' fees at issue were not a material term of the settlement agreement, there was no express provision for attorneys' fees, and in approving the settlement, the court thus only considered whether the net amount distributed to each plaintiff was fair and reasonable in light of the facts of the case, the minors' specific claims, and recover in similar cases, as required by Robidoux. 2019 WL 2871160, at *3.  The court found the "amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and their counsel," and would evaluate the request in light of the special duty to safeguard the interests of the minor litigants, as well as the local rule requiring the court to fix the amount of attorneys' fees in an action involving a minor. Id.  The court applied California law to evaluate the request for attorneys' fees pursuant to the local rule, and in line with other district courts throughout California. Id. (citations omitted).  The court reduced the attorneys' fees from 33% to 25% of the settlement fund. Id. at *4.

5

involving settlement of a minor's federal claims . . . district courts also have applied this rule in the context of a minor's state law claims.") (citations omitted); A.G.A., 2019 WL 2871160, at *2 n.1 ("The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims . . . however, the Court has federal question jurisdiction and is exercising supplemental jurisdiction over Plaintiffs' state law claims . . . as the case 'involves' the settlement of Plaintiffs' federal claims, the Court applies the Robidoux standard to the entire settlement.").

## IV.

## DISCUSSION

Plaintiffs D.X. and L.X. are bringing federal claims (under Monell). Thus, the Court will apply the Robidoux standard when reviewing the settlement. See A.G.A., 2019 WL 2871160, at *2 n.1; Lobaton v. City of San Diego, No. 15-cv-1416 GPC (DHB), 2017 WL 2298474, at *2 (S.D. Cal. May 26, 2017).

Here, the information required under the Local Rules was discerned from the motion and the operative second amended complaint (ECF No. 65), which is incorporated into the petition and this Court's order by reference.[4] At the times relevant to this action (July 2016), Plaintiffs Emanuel Alves and Angelina Nunes's biological son, minor Plaintiff L.X., was not yet one year old. (See ECF No. 65 at 5; Pet. Ex. A, ECF No. 78-1 at 9 (showing L.X.'s birthdate was in 2016); see also first am. Compl., Nunes I, ECF No. 37 ¶ 6 (identifying age and gender of minor Plaintiffs).) Minor plaintiff D.X., Ms. Nunes's biological daughter from a prior relationship, was approximately seven years old. (See ECF No. 65 at 5; Pet. Ex. B, ECF No. 78-1 at 11 (showing

---

[4] The Court was required to reference multiple documents in this casefile, as well as the operative complaint in the related litigation Nunes I, in order to make reasonable inferences regarding the minor Plaintiffs' ages and sex because Plaintiffs failed to comply with the procedural requirements set forth under Local Rule 202 by expressly identifying each of the requirements listed there, such as "the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, [and] the facts and circumstances out of which the causes of action arose, including the time, place and persons involved . . . ." E.D. Cal. L.R. 202(b)(2). In light of Plaintiffs' counsel's purported 23 years of experience specializing in this niche area of law that, whenever settlement is involved, requires the filing of a petition for minor's compromise, the fact that the petition on file fails to comply with basic procedural requirements set forth in the Local Rules is not well taken. In furtherance of the Court's interest in managing its docket, the Court shall construe the instant petition as substantially compliant and proceed to evaluating the remainder of the proposed settlement on its merits. However, counsel is advised that future petitions for minor's compromise that may come before this Court bearing the same procedural defects may be promptly denied without prejudice to the refiling of a procedurally compliant petition.

1  D.X.'s birthdate was in 2008); see also first am. Compl., Nunes I, ECF No. 37 ¶ 6 (identifying
2  age and gender of minor Plaintiffs).)

3   As set forth in the operative second amended complaint, Plaintiffs' claims arise from the
4  allegedly unauthorized and unconstitutional access and distribution of the minor Plaintiffs'
5  confidential juvenile casefile records by Defendants during an investigation conducted by child
6  protective services related to the temporary removal of the minor Plaintiffs from their parents'
7  custody. (See ECF No. 65 at 4–13; see also Nunes I, ECF No. 37 at 7–73.) As previously set
8  forth in the Background section of this order, Plaintiffs assert a cause of action pursuant to Monell
9  liability. As a result of Defendants' actions, Plaintiffs suffered extreme emotional distress and
10 related physical manifestations of pain and seek damages accordingly.

11  As previously ordered by the Court, Angelina Nunes, as appointed guardian ad litem for
12 minor Plaintiffs D.X. and L.X. in this matter, is fully competent to understand and protect the
13 rights of the minor Plaintiffs. (See ECF Nos. 12, 14; see also Pet. 2.) The petition states that
14 Plaintiffs have reached a global settlement of this matter with Defendants in the amount of
15 $500,000.00 total. (Pet. 1.) This settlement amount pertains to all claims with all Plaintiffs,
16 which includes appeal rights of Plaintiffs and attorney fee claims, as to both Nunes I and the
17 instant action. (Id. at 1–2.) The settlement, after payment of attorney's fees and reimbursement
18 of costs advanced by counsel (in the total amount of $13,602.28), shall be apportioned as follows:
19 minor Plaintiffs D.X. and L.X. will each receive $50,000, and adult Plaintiffs Angelina Nunes
20 and Emanuel Alves each receive $68,198.86. (Id. at 2.) Plaintiffs approved the apportionment of
21 the settlement and agreed that attorneys' fees in the amount of fifty percent (50%) shall be taken
22 out of the entire settlement amount. (Id. at 3.)

23  Counsel proffers the reasons the adult Plaintiffs receive slightly higher settlement amounts
24 than the minor Plaintiffs include: (1) if the minor Plaintiffs should require any further therapy or
25 treatment as a result of the damages suffered as a result of the conduct complained of in the
26 complaints, the adult Plaintiffs will be responsible for that treatment without any claim of
27 reimbursement from the minor Plaintiffs' proceeds; (2) giving the adult Plaintiffs, who are the
28 sole legal custodians of the minor Plaintiffs, a greater amount of funds serves the minor's bests

interests because the adults will continue to provide support for their children, both of whom are still very young and dependent upon their parents; and (3) the adult Plaintiffs will have to pay more taxes on their disbursement, whereas "the tax hit [of the minor Plaintiffs] will be inconsequential as compared to the parents." (Powell Decl. ¶¶ 6, 18, 33, 34.)  Further, Plaintiffs contend the settlement is fair and reasonable, particularly given the results obtained, which spared the minor Plaintiffs from being subjected to depositions and other discovery that would have been emotionally challenging and memory invoking. (Powell Decl. ¶ 11.)

As to the settlement proceeds allocated to minor Plaintiffs D.X. and L.X., the minors' proceeds will be placed into a structured settlement annuity, to be held until at least the minors' achieving the age of eighteen.  (Pet. 2, 3; Exs. A, B.)  Periodic payments to L.X. (referred to by his legal initials "L.A." in the annuity document attached to the petition (Ex. A)) will be made payable beginning when L.X. turns 18, 21, and 25 years old.  (Pet. 2; Powell Decl. ¶¶ 3, 4, 6, 9; Ex. A.)  Periodic payments will similarly be made to D.X. (referred to in the annuity document attached to the petition (Ex. B) by her legal initials, "D.N.H.") when she reaches the ages of 18, 21, and 25.  (Pet. 2; Powell Decl. ¶¶ 3, 4, 6, 10; Ex. B.)  These settlement apportionment details were approved amongst all Plaintiffs and Defendants, and in consultation with Marjorie Smith of Sage Settlement Consulting of San Diego, California, a certified financial planner and structured settlement consultant.  (Pet. 2; Powell Decl. ¶ 3.)

The petition was prepared by lead counsel for Plaintiffs, Robert R. Powell, of Powell & Associates.  (See Pet. 8.)  In compliance with the California Rules of Court, Rule 7.951, counsel represents his firm was not hired by any Defendant or insurance carrier and does not represent any; Plaintiffs Angelina Nunes and Emanuel Alves entered into an arm's length retainer agreement with Powell & Associates; and the firm has not received any fees or other compensation for services provided in connection with this action, other than those anticipated to be paid by the named Defendants pursuant to the aforementioned settlement.  (Powell Decl. ¶¶ 23–28.)

Finally, the Court notes the retainer agreement provides for a contingency fee of 50% and Plaintiffs' attorneys have advanced all costs in connection with these two actions.  This includes

filing fees, mileage fees, parking fees, copying and reproduction fees, and deposition costs from both Nunes I and the instant case. (Id. at ¶¶ 29–30.) The hours worked also contemplates both litigations, the first of which was initiated in 2017, multiple interlocutory appeals, and extensive settlement negotiations and collaborations with the Sage Consulting Group to structure the minor Plaintiffs' annuities. (Id. at ¶¶ 31–32.) Counsel proffers the instant cases involve a "very specialized niche of civil rights law" for which only a small number of attorneys within California are qualified to handle. In this niche practice, a contingency fee of 50% is customary. (Id. at ¶ 17.) Moreover, it is associated with significant risk, such as the risk a law firm will not be paid on a case due to the "elusive, shifting, and case-specific nature of immunity analysis and a myriad of other potential pitfalls such as client illness, infirmity, or even death," the possibility of having a case dismissed after thousands of dollars and many attorney hours are expended on experts and discovery, and even the possibility that the plaintiffs prevail at trial but only for nominal damages, or they refuse to accept a settlement. (Id. at ¶¶ 11–14.)

Having considered the unopposed petition, the Court finds that the total settlement amount of $500,000 and the distribution of $50,000 to each minor Plaintiff and $68,198.86 to each adult Plaintiff to be fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases. (Supp. Brief, ECF No. 81 (providing settlement details for following cases)); Mann v. Cnty. of San Diego, 907 F.3d 1154 (9th Cir. 2018) (in § 1983 Monell claims alleging county's custom and practice of subjecting children to invasive medical examinations after removing them from family home under suspicion of child abuse, case settled after 9 years, with over 1,000 hours of attorney work and 22 depositions for $1.8 million, which included $50,000 for each of four minor plaintiffs, placed in structured annuities); Swartwood v. Cnty. of San Diego, 84 F. Supp. 3d 1093 (S.D. Cal. 2015) (§ 1983 claims that child protective services removed children without warrant, failed to release them, and abused the children during medical exams resulted — after multiple sets of written discovery, third party subpoenas, 16 depositions and 2 motions for summary judgment — in an approved minor's compromise of $81,000 for the child subject to abuse allegations and $68,000 for the younger sibling, to be placed in annuities); N.L. by and through Arce v. Child.'s Hosp. L.A., No. 2:15-cv-7200-AB-SK (C.D. Cal. 2009)

(claims that children underwent invasive physical exams without parents' knowledge or consent settled after 6 years with approved minor's compromise of $50,000 for minor plaintiff, which was placed in a blocked account); Rodoni v. Cnty. of Santa Clara, No. 5:18-cv-04325-BLF (N.D. Cal.) (claims that children were wrongfully removed without a warrant on allegations of physical abuse, later wholly refuted, resulted in approved minor's compromise of $15,000 for each child as against defendant county, and $10,000 for each child as to defendant city).

Accordingly, the Court finds the instant petition sufficiently complies with the procedural requirements set forth under the Local Rules.  Further, the Court finds the proposed net amounts of $50,000 to be distributed to each minor Plaintiff to be fair and reasonable, and will therefore recommend approval of the petition for minor's compromise.  See Robidoux, 638 F.3d at 1181–82.

## V.

## FINDINGS AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for minor's compromise as to Plaintiffs D.X. and L.X.'s claims (ECF No. 78) be GRANTED and the settlement be APPROVED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///
///
///
///
///

1   The parties are advised that failure to file objections within the specified time may result
2   in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v.</u>
3   <u>Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th
4   Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 31, 2022**

UNITED STATES MAGISTRATE JUDGE